UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KAREN NOVICK,

                                    Plaintiff,

            -against-

METROPOLITAN LIFE INSURANCE COMPANY AND
METLIFE OPTIONS AND CHOICES PLAN NO. 512,

                                  Defendants.
-----------------------------------------------------------------X

Civil Action No.:
09 Civ. 6865 (RJH)

DOCUMENT
ELECTRONICALLY FILED

---

**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND
METLIFE OPTIONS AND CHOICES PLAN NO. 512'S
MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR CERTIFICATION OF QUESTIONS FOR
INTERLOCUTORY APPEAL**

---

SEDGWICK, DETERT, MORAN & ARNOLD LLP
**Attorneys for Defendants**
*Metropolitan Life Insurance Company and
MetLife Options And Choices Plan No. 512*
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
(SDMA File No. 00584-007613)

Michael H. Bernstein
John T. Seybert
    *Of counsel*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT .................................................................................. 1

SUMMARY OF THE PERTINENT ALLEGATIONS IN PLAINTIFF'S COMPLAINT ............. 3

PERTINENT PLAN TERMS ...................................................................................... 4

    A.    Pertinent Terms Of The STD Plan. ................................................ 4

    B.    Pertinent Terms Of The LTD Plan. ................................................ 5

PROCEDURAL HISTORY .......................................................................................... 6

STANDARD FOR AN INTERLOCUTORY APPEAL .................................................... 7

ARGUMENT ............................................................................................................. 8

POINT I

THIS COURT'S RULING THAT AN ERISA PLAN'S LIMITATION OF ACTIONS
PROVISION IS UNENFORCEABLE UNLESS NOTICE OF IT IS INCLUDED IN THE
LETTER ADVISING A PARTICIPANT OF THE INITIAL ADVERSE BENEFIT
DETERMINATION SHOULD BE CERTIFIED TO THE  U.S. COURT OF APPEALS
FOR IMMEDIATE CONSIDERATION ....................................................................... 8

    A.    The Issue Decided By The Court, Which Is A Question Of First Impression In This
        Circuit, Is A Controlling Question Of Law ................................................ 8

    B.    There Are Substantial Grounds For A Difference Of Opinion .................................... 11

    C.    An Immediate Appeal Will Materially Advance The Ultimate Resolution Of This
        Litigation ................................................................................................ 14

POINT II

THIS COURT'S RULING THAT THE LTD PLAN'S CONDITION  PRECEDENT
REQUIRING RECEIPT OF ALL AVAILABLE STD BENEFITS UNDER THE PLAN IS
AMBIGUOUS SHOULD BE CERTIFIED TO THE  U.S. COURT OF APPEALS FOR
IMMEDIATE CONSIDERATION ................................................................................ 15

    A.    The Issue Decided By The Court Is A Controlling Question Of Law ....................... 15

    B.    There Are Substantial Grounds For Difference Of Opinion ...................................... 16

**TABLE OF CONTENTS**
**(Continued)**

Page

C.  An Immediate Appeal Will Materially Advance The Ultimate Resolution Of This Litigation ....................................................................................................................16

CONCLUSION.............................................................................................................................17

CERTIFICATE OF SERVICE ............................................................................... ATTACHED

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Abena* v. *Metropolitan Life Ins. Co.,*
    544 F.3d 880 (7th Cir. 2008) ........................................................................................ 11

*Boggs* v. *Boggs,*
    520 U.S. 833 (1997) ...................................................................................................... 10

*Burke* v. *PricewaterhouseCoopers LLP, Long Term Disability Plan,*
    572 F.3d 76 (2d Cir. 2009) ...................................................................................... 11, 12

*Carpenter* v. *Aetna Life Ins. Co.,*
    638 F. Supp. 2d 325 (N.D.N.Y. 2009) .......................................................................... 12

*Chemical Bank* v. *Arthur Anderson & Co.,*
    726 F.2d 930 (2d Cir. 1984) .......................................................................................... 14

*Credit Suisse First Boston, LLC* v. *Intershop Commuc. AG,*
    No. 04-cv-6854 (RJH), 2006 WL 2734233 (S.D.N.Y. Sept. 25, 2006) ........................ 10

*Doe* v. *Blue Cross & Blue Shield United Of Wisconsin,*
    112 F.3d 869 (7th Cir. 1997) ........................................................................................ 12

*Dye* v. *Associates First Capital Corp. Ltd. Plan 504,*
    243 Fed. Appx. 808 (5th Cir. 2007) .............................................................................. 12

*In re Dynex Capital, Inc. Sec. Litig.,*
    No. 05-1897, 2006 WL 1517580 (S.D.N.Y. Jun. 2, 2006) ............................................ 17

*Egelhoff* v. *Egelhoff,*
    532 U.S. 141 (2001) ...................................................................................................... 10

*Epstein* v. *Hartford Life & Acc. Ins. Co.,*
    No. 09 Civ. 5608 (WHP), 2010 WL 3359480 (S.D.N.Y. Aug. 25, 2010) ..................... 12

*Gassiot* v. *Prudential Ins. Co. of Am.,*
    No. 08 Civ. 7358 (JFK), 2009 WL 3188428 (S.D.N.Y. Oct. 6, 2009) .......................... 12

*In re Cross Media Mktg. Corp.,*
    No. 03-13901, 2007 WL 274 3577 (S.D.N.Y. Sept. 19, 2007) ...................................... 15

*In re Enron Creditors Recovery Corp.,*
    No. 01-163034(AJG), 2009 WL 3349471 (S.D.N.Y. Oct. 16, 2009) ....................... 11, 14

## TABLE OF AUTHORITIES

Page(s)

*In re Poseidon Pool & Spa Recreational, Inc.,*
  __ B.R. __, 2010 WL 4986339 (E.D.N.Y. Dec. 8, 2010) ................................................9

*Kennedy* v.*Blue Cross And Blue Shield,*
  989 F.2d 588 (2d Cir. 1993) ................................................................................13

*Klinghoffer* v.*S.N.C. Achille Lauro,*
  921 F.2d 21 (2d Cir. 1990) ..........................................................................7, 9, 11

*Mazzaferro* v.*RLI Ins. Co.,*
  50 F.3d 137 (2d Cir. 1995) ...............................................................................9, 15

*McMahon* v.*Wherehouse Enter., Inc.,*
  65 F.3d 1044 (2d Cir. 1995) ...............................................................................9

*Mohawk Indus., Inc.* v.*Carpenter,*
  130 S.Ct. 599 (2009) .......................................................................................11

*Myers* v.*Bethlehem Shipbuilding Corp.,*
  303 U.S. 41 (1938) ..........................................................................................13

*Northlake Reg'l Med. Ctr.* v.*Waffle House Sys. Employee Benefit Plan,*
  160 F.3d 1301 (11th Cir. 1998) .........................................................................12

*Pearson Educ., Inc.* v.*Liu,*
  No. 08-cv-06152(RJH), 2010 WL 623470 (E.D.N.Y. Feb 22, 2010)........................9, 16

*Rotondi* v.*Hartford Life & Acc. Ins. Co.,*
  No. 09 Civ. 6865 (PGG), 2010 WL 3720830 (S.D.N.Y. Sep. 22, 2010) ..................12

*Salisbury* v.*Hartford Life & Acc. Ins. Co.*
  583 F.3d 1245 (10th Cir. 2009)..........................................................................11

*Scharff* v.*Raytheon Company Short Term Disability Plan,*
  581 F.3d 899 (9th Cir. 2009) ....................................................................10, 12, 13

*Solien* v.*Raytheon Long Term Disability Plan #590,*
  No. CV 07-456 (TUC)(DCB), 2008 WL 2323915 (D. Ariz. Jun. 2, 2008)..................10

*World Trade Ctr. Props., LLC* v.*Hartford Fire Ins. Co.,*
  345 F.3d 154 (2d Cir. 2003) ..............................................................................15

## STATUTES

17 U.S.C. §109(a)...............................................................................................16

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

28 U.S.C. §1292(b) ....................................................................................................1, 7, 8, 15

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*......................1

ERISA §502, 29 U.S.C. §1132.................................................................................... 13, 14

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) ...........................................8, 11, 13

ERISA §503, 29 U.S.C. §1133...................................................................................... 13, 14

ERISA §505, 29 U.S.C. §1135 ...........................................................................................14

Fed. R. Civ. P. 12(b)(6) .........................................................................................................1

## <u>REGULATIONS</u>

29 C.F.R. §2560.503-1(a)......................................................................................................14

29 C.F.R. §2560.503-1(g)(1).................................................................................................8

## PRELIMINARY STATEMENT

Defendants, Metropolitan Life Insurance Company ("MetLife") and MetLife Options And Choices Plan No. 512 (the "Plan"), submit this Memorandum of Law in support of their motion for an order pursuant to 28 U.S.C. §1292(b) certifying for immediate appeal the Court's February 10, 2011 Memorandum Opinion And Order ("Order") denying Defendants' motion pursuant to FED. R. CIV. P. 12(b)(6) for an order dismissing plaintiff Karen Novick's ("Novick") Complaint.  This Court has discretion to certify an interlocutory appeal, if: (i) the order involves an issue of controlling law; (ii) substantial grounds for difference of opinion exist; and (iii) an immediate appeal will materially advance the ultimate resolution of this litigation.

Novick commenced this action on August 4, 2009 by filing a Complaint alleging entitlement to short term disability ("STD") and long term disability ("LTD") benefits under the MetLife Options And Choices Plan No. 512 (the "Plan") — an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*  MetLife sought dismissal of Novick's Complaint because the action seeking STD benefits was time-barred by the Plan's six-month limitation of actions provision and Novick was not entitled LTD benefits under the Plan without first exhausting and receiving STD benefits as a condition, which she did not do (and can no longer do).  This Court denied Defendants' motion on both grounds.

This Court ruled that Defendants were estopped from asserting that the Plan's six-month limitation of action provision barred Novick's action seeking an award of STD benefits because they failed to comply with ERISA's requirement to disclose in its *initial* denial letter "time limits applicable" to administrative procedures, including those applicable to bringing a civil action under ERISA.  This ruling involves an issue of controlling law because this Court has interpreted both the applicable ERISA regulations and statutes to impose an additional obligation on claims administrators to notify a

1

participant of an otherwise reasonable and unambiguous Plan limitation of actions provision in order for it to be enforceable.

This ruling also is one in which a substantial difference of opinion exists because no other court has ever reached a similar conclusion.  To the contrary, the Second Circuit has held that a plan's limitation provision is enforceable as written if it is reasonable.

Allowing an immediate appeal to proceed will also materially advance the ultimate resolution of this action because a ruling in Defendants' favor is dispositive of Novick's claim for STD benefits. Importantly, this Court has imposed a requirement under the ERISA regulations that has never been previously found to exist by any other court, and therefore, an immediate appeal will resolve this issue so that claims administrators can adjust their claims adjudication procedures to comply with this new ruling.

With respect to the second ground for an immediate interlocutory appeal, this Court ruled that the LTD Plan is ambiguous as to whether a participant must exhaust STD benefits before being eligible to receive LTD benefits.  The Plan provides that "[i]f you remain Disabled after 26 (or 27) weeks after receiving all of your [STD benefits], LTD benefits may commence."  The Court's Opinion finding that this phrase and the other similar phrases in the Plan are ambiguous is an issue of controlling law because the issue is dispositive of Novick's claim for LTD benefits since she did not exhaust her STD benefits under the Plan.  Moreover, substantial grounds for difference of opinion exist because this Court found that the phrases may plausibly be found to require exhaustion of STD benefits prior to receipt of LTD benefits or the converse.  Allowing Defendants to pursue an interlocutory appeal of this issue may result in Novick's claim for LTD benefits being dismissed if Defendants prevail on their argument, thus reducing the potential waste of judicial resources in litigating the merits of her claim.

Accordingly, this Court should certify an immediate appeal of these issues.[1]

## SUMMARY OF THE PERTINENT ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Novick , who was employed by MetLife, was a participant in the Plan providing STD and LTD benefits.  (Declaration of Michael H. Bernstein dated May 3, 2010, Doc. No. 16, Ex. "D," ¶¶7-8, 10 (the "Complaint")).  MetLife funds the Plan and is also the Plan's claims fiduciary vested with discretionary authority to determine a participant's eligibility for benefits and to interpret the terms of the Plan.[2] (Complaint, ¶8).

On or about February 6, 2007, Novick filed a claim for STD benefits, claiming that she was disabled by Lyme Disease as a result of a tick bite she suffered in January 2007.  (Complaint, ¶¶9-10).  MetLife approved Novick's claim for STD benefits through June 8, 2007.  (*Id.*, ¶15).  By letter dated July 23, 2007, MetLife advised Novick that her claim for continuing STD benefits was denied effective June 11, 2007 because she failed to submit objective medical proof that correlated with her subjective complaints of disabling fatigue.  (*Id.*, ¶17, Ex. "1").  The July 23, 2007 letter did not advise Novick of the Plan's limitation of action provision.  (Complaint, Ex. "1").  Novick sought an administrative appeal and MetLife reviewed all of the records submitted and obtained an independent medical record peer review to assess Novick's functional limitations.  By letter dated February 12, 2008, MetLife informed Novick of its decision upholding the original determination terminating STD benefits.  (Complaint, Ex. 6).  MetLife also advised Novick that she had the right to bring a civil action for judicial review of this determination.  (*Id.*).

---

[1] The Second Circuit now provides that appeals from rulings on motions to dismiss will be placed on the "expedited track" requiring that the opening appellate brief be filed within 35 days from the date of the letter from Clerk of the Court acknowledging the appeal.  Local Rule of Second Circuit 31.2(b).  Accordingly, a resolution of this matter on appeal is expected to be more expeditious than would have been the case in the past.

[2] The Court is respectfully referred to Defendants' motion papers for a more full explanation of the factual allegations, as only those allegations pertinent to this motion are set forth herein.  (Memorandum of Law dated May 3, 2010, Doc. No. 17).

Although represented by counsel at the time she exhausted her administrative appeal with respect to her claim for continuing STD benefits, Novick failed to commence a timely lawsuit challenging MetLife's denial of STD benefits.  Instead, Novick made a number of requests to apply for LTD benefits.  (Complaint, ¶31).  On July 31, 2008, MetLife provided her with all LTD application forms, but expressly advised her that she is not entitled to LTD benefits until she exhausts STD benefits.  (*Id.*).  On May 26, 2009, Novick filed a claim for LTD benefits, despite the fact that she was ineligible to receive them without first exhausting STD benefits.  (Complaint, ¶33).  Novick then filed this action on August 4, 2009, alleging that she is entitled to both STD and LTD benefits because MetLife failed to timely respond to her improperly filed claim for LTD benefits.  (Complaint, ¶38).

## PERTINENT PLAN TERMS

The STD and LTD Plans are designed and written to provide a seamless stream of disability income benefits.  The STD Plan provides a maximum of 26 weeks of benefits from the origination of a disabling condition and the LTD Plan immediately provides benefits thereafter.  In fact, the STD Plan's Summary Plan Description ("SPD") states that "[i]f your disability is expected to continue beyond 26 weeks, procedures and eligibility for long term disability will be communicated to you by [the Claims Administrator]."  (Declaration of Matthew Hallford, dated April 29, 2010 ("Hallford Dec."), Ex. "A," p. 25).  The LTD Plan's SPD states that "[y]ou will be provided a Long Term Disability packet[ ], which will include a claim form and will describe all the documentation needed to file your claim.  You should file the claim after four months of disability."  (Hallford Dec., Ex. "B," p. 19).

**A.**    **Pertinent Terms Of The STD Plan.**

At the end of the **"Claim Review And Appeal Procedures"** Section, the STD Plan's SPD states:

> All decisions are final and are not open to further administrative appeal. All claims must be submitted in accordance with these procedures in order to be considered for payment. No civil action can be brought challenging the denial of

the claim on appeal more than 6 months following the issuance of the final written decision on appeal.

(Hallford Dec., Ex. "A," p. 30).

The STD Plan's SPD also states:

**If Your Disability Extends Beyond 26 Weeks**

You may be eligible for long term disability benefits if your Disability is approved and continues beyond 26 weeks.  (See Long Term Disability SPD for further details).

(Hallford Dec., Ex. "A," pp. 10, 13, 17, 20 (states 27 weeks for a particular class of employee), 23).

## B.    Pertinent Terms Of The LTD Plan.

LTD Plan benefits are explicitly premised on exhustion of STD benefits.  The LTD Plan's SPD

defines disability as follows:

*"Disabled" or "Disability"* means that due to sickness, pregnancy or accidental injury:

• You are receiving appropriate care and treatment from a doctor on a continuing basis;

• As of January 1, 2007 during the first 18 months of disability (increased from 12 months)*, including the period of short term disability,* you are unable to earn more than 80% of your pre-disability earnings at your own occupation for any employer in your local economy; and

• As of January 1, 2007, after the first 18 months of disability (increased from 12 months)*, including the period of short term disability,* you are unable to earn more than 80% of your indexed pre-disability earnings from any employer in your local economy, at any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and pre-disability earnings.

(Hallford Dec., Ex. "C," p. 10) (italics supplied).  Notably, Novick acknowledges in her Complaint that

the definition of disability in the LTD Plan requires that a participant be continuously disabled

throughout the period of STD.[3]  (Bernstein Dec., Ex. "D," ¶12).

---

[3] Novick does not acknowledge the material modification in the LTD Plan's definition of disability. The material change increased the time under which LTD benefits are payable under the "own occupation"

The LTD Plan's SPD further provides:

### HOW THE PLAN WORKS

If you meet all the requirements of the LTD Plan, the Plan pays monthly benefits if you have a serious illness or injury and *continue to be Disabled beyond the expiration of STD benefits*. The amount you receive from the Plan depends on your Pay, the option you chose and the amount of disability benefits available to you through other sources.

For the first 26 (or 27) weeks of an illness or injury (depending on your employee classification), you may receive compensation continuance and/or temporary disability benefits. *If you remain Disabled after 26 (or 27) weeks after receiving all of your compensation continuance and/or temporary disability benefits* [i.e., your STD benefits],[4] LTD benefits may commence being paid on a monthly basis if you meet all requirements of the LTD Plan.

(Hallford Dec., Ex. "B," p. 10) (italics supplied).  Thus, the LTD Plan's SPD unambiguously requires that participants exhaust STD benefits before they are eligible to receive any LTD benefits.

The LTD Plan's SPD further provides:

### Pay

* * *

Your LTD benefit is always based on your Pay immediately preceding your date of Disability, *even though LTD payments do not begin until you have received STD benefits for 26 weeks*.

(Hallford Dec., Ex. "B," p. 27) (italics supplied).

### PROCEDURAL HISTORY

On August 4, 2009, Novick commenced this action by filing a Complaint in the United States District Court for the Southern District of New York.  (Bernstein Dec., Ex. "D").  On September 22, 2009, Defendants requested a pre-motion conference with the Court requesting leave to file a motion to

---

standard from 12 to 18 months, but the change did not remove the condition precedent to coverage requiring participants to first exhaust and receive all of the available STD benefits before being eligible to receive LTD benefits.

[4] The STD Plan's SPD provides "Short Term Disability (STD) arrangements for MetLife Employees consist of Compensation Continuance and/or Temporary Disability Benefits." (Hallford Dec., Ex. "A," p. 5).

dismiss the Complaint.  (Bernstein Dec., Ex. "E").  By letter dated September 25, 2009, Novick set forth her position in response to Defendants' proposed motion to dismiss.  (Bernstein Dec., Ex. "F").

On May 3, 2010, Defendants timely filed their motion to dismiss Novick's Complaint.  The motion was fully-briefed.  By Memorandum Opinion and Order dated February 10, 2011, this Court denied Defendants' motion in its entirety.  The Order was entered by the Court Clerk and filed on February 14, 2011.  Defendants timely move for leave to appeal the issues raised in their motion to the U.S. Court of Appeals for the Second Circuit.

## STANDARD FOR AN INTERLOCUTORY APPEAL

This Court may certify an interlocutory appeal pursuant to 28 U.S.C. §1292(b), which provides in pertinent part:

> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

For the reasons set forth below, Defendants respectfully request that this Court issue an Order providing the Defendants permission to appeal this interlocutory order because: (1) the order involves a controlling issue of law; (2) there is substantial ground for a difference of opinion; and (3) an immediate appeal from the Order may materially advance the ultimate termination of the litigation.  *See Klinghoffer* v. *S.N.C. Achille Lauro*, 921 F.2d 21, 23 (2d Cir. 1990).

7

## ARGUMENT

POINT I

### THIS COURT'S RULING THAT AN ERISA PLAN'S LIMITATION OF ACTIONS PROVISION IS UNENFORCEABLE UNLESS NOTICE OF IT IS INCLUDED IN THE LETTER ADVISING A PARTICIPANT OF THE INITIAL ADVERSE BENEFIT DETERMINATION SHOULD BE CERTIFIED TO THE U.S. COURT OF APPEALS FOR IMMEDIATE CONSIDERATION

In denying Defendants' motion to dismiss, this Court ruled that "MetLife's *initial* benefits termination letter violated ERISA regulations by failing to include the applicable time limit for bringing a civil action pursuant to Section 1132(a) after an adverse benefits decision on appeal[, and b]ecause of that violation, New York's six-year statute of limitations governed the action and Novick's claim to STD benefits is timely." (Order, p. 9).   This Court should certify its ruling on this issue to the U.S. Court of Appeals for interlocutory appeal because it meets all three of the requirements set forth in 28 U.S.C. §1292(b).

### A.      The Issue Decided By The Court, Which Is A Question Of First Impression In This Circuit, Is A Controlling Question Of Law

The question presented to the Court on Defendants' motion to dismiss was whether the Plan's six-month limitation of actions provision running from the date of MetLife's final determination of Novick's claim for STD benefits on appeal barred her action seeking to challenge that determination, which was commenced nearly 18 months after it was rendered.  (Order, pp. 8-9).  This Court found that Novick's claim would be time-barred if the Plan's limitation provision was enforced as written.   (*Id.*). The Court ruled, however, that the Plan's limitation of actions provision was unenforceable because the Department of Labor ("DOL") Regulation 29 C.F.R. §2560.503-1(g)(1), promulgated under ERISA, required that MetLife notify Novick of the limitation of action provision in its July 23, 2007 initial denial letter to her and that MetLife therefore violated this regulation by failing to so advise her of this limitation.  As a result, the Court treated the limitation of action provision in the Plan as a nullity and

found that New York State's six-year statute of limitations for breach of contract applied in the absence of an enforceable Plan provision.  (Order, p. 9).

The issue to be certified to the Second Circuit is whether the DOL Regulations require that the Plan's limitation of actions provision be set forth in the Plan's initial  letter notifying a participant of its adverse benefits determination in order for that provision to be enforceable.  The Court's ruling acknowledges that Novick's claim seeking STD benefits should have been dismissed if the Plan's limitation of action provision was enforceable "because Novick filed her complaint [ ]close to eighteen months after MetLife's denial of her appeal [and] the claim is facially time-barred."  (Order, pp. 8-9). "Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling' . . .it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer*, 921 F.2d at 24.  Here, a determination by the Second Circuit that the Plan's limitation of actions provision is enforceable would terminate Novick's claim for STD benefits as time-barred.  Thus, the question is a controlling issue of law. *See McMahon* v. *Wherehouse Enter., Inc.*, 65 F.3d 1044, 1047 (2d Cir. 1995); *Mazzaferro* v. *RLI Ins. Co.*, 50 F.3d 137, 138 (2d Cir. 1995).

Although there are other issues alleged by Novick, including an alleged entitlement to LTD benefits under the LTD Plan, the enforceability of the STD Plan's limitation of actions provision is "the primary issue in this litigation and therefore, would materially affect the outcome of the adversary proceeding." *In re Poseidon Pool & Spa Recreational, Inc.*, __ B.R. __, 2010 WL 4986339, *8 (E.D.N.Y. Dec. 8, 2010).  Furthermore, as this Court noted in *Pearson Educ., Inc.* v. *Liu*, No. 08-cv-06152(RJH), 2010 WL 623470, *2 (E.D.N.Y. Feb 22, 2010), if Defendants "prevail on appeal, it will proportionately reduce[] the potential that future proceedings in this case will have been a waste."  Indeed, there will be no need to consider the merits of Novick's claim for STD if it is time-barred.  Accordingly, this issue concerns a controlling point of law in this case.

Moreover, the Court should certify an interlocutory appeal in this case because the issue has "precedential value for a large number of cases." *Credit Suisse First Boston, LLC* v. *Intershop Commc. AG*, No. 04-cv-6854 (RJH), 2006 WL 2734233, *3 (S.D.N.Y. Sept. 25, 2006) (quoting *Primavera Familienstifung* v. *Askin*, 139 F. Supp.2d 567, 570 (S.D.N.Y. 2001)).   The Court's ruling in this case will have a significant impact on how ERISA claim administrators communicate with participants in order to ensure that plan terms remain enforceable.  This Court has ruled that even when clearly set forth in the SPD, notice of an ERISA Plan's limitation of actions provision must also be placed in the Plan's initial denial letter in order for it to be enforceable.  (Opp., p. 9).  While the U.S. District Court in Arizona has held that notice of an ERISA Plan limitation of actions provision must be set forth in the Plan's final determination letter following appeal in order for it to be enforceable, this Court's ruling did not reach that issue.  (*Compare Solien* v. *Raytheon Long Term Disability Plan #590*, No. CV 07-456 (TUC)(DCB), 2008 WL 2323915 (D. Ariz. Jun. 2, 2008) *with* Order, p. 9, n. 4).  The U.S. Court of Appeals for the Ninth Circuit, however, has since ruled on that issue and held that an ERISA plan administrator *does not* have to disclose the Plan's limitations period in either the Plan's initial denial letter or the final adverse determination letter following appeal if the limitation of actions provision is set forth in the Plan's SPD.[5] *See  Scharff* v. *Raytheon Company Short Term Disability Plan*, 581 F.3d 899, 908 (9th Cir. 2009).  Given these two rulings, which appear to be the only cases addressing the point raised here, there is certainly some dissonance on this point.  But ERISA Plan administrators and claim administrators need uniformity so that there is not a patchwork of varying obligations depending on the jurisdiction, which would defeat one of the main goals of ERISA.  *See Egelhoff* v. *Egelhoff*, 532 U.S. 141 (2001); *Boggs* v. *Boggs*, 520 U.S. 833 (1997).  Accordingly, an immediate appeal is necessary so that the U.S. Court of Appeals can provide guidance to ERISA claim administrators as to whether DOL Regulations require that they include notice

---

[5] It appears that the Ninth Circuit decision in *Scharff* overruled the ruling in *Solien.*

to participants of Plan limitation of actions provisions in initial adverse claim determinations in order for them to be enforceable.

**B.    There Are Substantial Grounds For A Difference Of Opinion**

In reaching its ruling on the issue of whether ERISA plan limitation of actions provisions are enforceable where the initial adverse determination letter does not notify the participant of this Plan provision, the Court repeatedly recognized that it was addressing an issue of first impression.  As part of its decision, the Court found that a lawsuit pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) is actually part of the *administrative remedies* afforded under an ERISA-governed plan.  (Order, p. 11).  In reaching this conclusion, the Court expressly noted that it "can find no case squarely addressing the question [of] whether a civil action under 29 U.S.C. §1132(a) is specifically part of the 'plan's review procedures.'" (Order, p. 11)  Decisions that involve a question of first impression, such as this matter, are appropriate for certification for interlocutory appeal.  *See Klinghoffer*, 921 F.2d at 25; *In re Enron Creditors Recovery Corp.*, No. 01-163034(AJG), 2009 WL 3349471, *6-*7 (S.D.N.Y. Oct. 16, 2009).  Indeed, the U.S. Supreme Court recently recognized that a party "confronted with a particularly injurious or novel [ ]ruling" should have the ability to seek certification for interlocutory appeal.  *See Mohawk Indus., Inc.* v. *Carpenter*, 130 S.Ct. 599, 607 (2009).  Accordingly, the issue of first impression presented by this Court's ruling should be certified for interlocutory appeal.

There are also substantial grounds for a difference of opinion on the issue raised by this ruling.  First, since the DOL Regulations took effect in 2002, no U.S. Court of Appeals' decision addressing the enforceability of an ERISA plan limitation of actions provision as enforceable under ERISA has ever ruled that notice of the Plan provision must also be set forth in the initial adverse benefit determination letter in order for it to be enforceable.  *Cf. Burke* v. *PricewaterhouseCoopers LLP, Long Term Disability Plan*, 572 F.3d 76 (2d Cir. 2009); *Salisbury* v. *Hartford Life & Acc. Ins. Co.*, 583 F.3d 1245 (10th Cir. 2009); *Abena* v. *Metropolitan Life Ins. Co.*, 544 F.3d 880, 884 (7th Cir. 2008); *Doe* v. *Blue Cross & Blue Shield United Of*

*Wisconsin*, 112 F.3d 869 (7th Cir. 1997).  In fact, the Fifth and Eleventh Circuits have found that plan limitation of actions provisions similar to the one involved here are enforceable without requiring the claim administrator to specifically notify the participant of the limitation period in the initial denial letter. *Dye* v. *Associates First Capital Corp. Ltd. Plan 504*, 243 Fed. Appx. 808 (5th Cir. 2007) (finding 120-day limitations period from the date of exhaustion of the administrative appeal to be reasonable); *Northlake Reg'l Med. Ctr.* v. *Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301 (11th Cir. 1998) (finding 90-day limitations period from the date of exhaustion of the administrative appeal to be a sufficient limitations period).  In addition, since the U.S. Court of Appeals for the Second Circuit decided *Burke*, at least four U.S. District Courts in this Circuit have similarly found plan limitation of actions provisions enforceable without requiring that the initial denial letter advise the participant of the limitation of action period.  *See Rotondi* v. *Hartford Life & Acc. Ins. Co.*, No. 09 Civ. 6865 (PGG), 2010 WL 3720830 (S.D.N.Y. Sep. 22, 2010); *Epstein* v. *Hartford Life & Acc. Ins. Co.*, No. 09 Civ. 5608 (WHP), 2010 WL 3359480 (S.D.N.Y. Aug. 25, 2010); *Gassiot* v. *Prudential Ins. Co. of Am.*, No. 08 Civ. 7358 (JFK), 2009 WL 3188428 (S.D.N.Y. Oct. 6, 2009); *Carpenter* v. *Aetna Life Ins. Co.*, 638 F. Supp. 2d 325 (N.D.N.Y. 2009).

   Indeed, the only U.S. Court of Appeals decision that even came narrowly close to addressing this issue was the Ninth Circuit's ruling in *Scharff* v. *Raytheon Company Short Term Disability Plan*, 581 F.3d 899, 906-07 (9th Cir. 2009), where the plaintiff argued that the claim administrator had an obligation under California state law to notify the plaintiff of the plan's limitation period in its final adverse determination letter following an administrative appeal.  The Ninth Circuit disagreed, finding that California state law was preempted by ERISA, which does not include this requirement.  *Id.* at 906.  Indeed, in finding California law preempted, the Ninth Circuit stated that "[t]o require plan administrators within the Ninth Circuit to inform participants separately of time limits already contained in the SPD, when other circuits have rejected a similar rule, would place the Ninth Circuit out of line with current federal

12

common law and would inject a lack of uniformity into ERISA law." *Id.* at 908. Given that observation, this Court's ruling would similarly appear to be "out of line with current federal common law."

Furthermore, in reaching its decision, this Court ruled that "the right to bring a civil action [is] part of the procedures involved in processing and reviewing claims to benefits." (Order, p. 11). There is substantial ground for a difference of opinion on this point because it has long been the rule that a party may not seek judicial review of a claim decision until *all administrative remedies have been exhausted.* In *Kennedy* v. *Blue Cross And Blue Shield*, 989 F.2d 588 (2d Cir. 1993), the U.S. Court of Appeals for the Second Circuit ruled that a participant must exhaust *all administrative remedies* before commencing an action challenging a denial of benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). Specifically, the Second Circuit ruled that "[t]he doctrine of exhaustion of administrative remedies provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Id.* at 592 (quoting *Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). Accordingly, the Second Circuit's holding that administrative remedies must be exhausted before commencing an ERISA §502(a)(1)(B) action for benefits provides substantial grounds for a difference of opinion about whether a civil lawsuit itself is actually part of the administrative proceedings.

Indeed, consistent with the Second Circuit's holding in *Kennedy*, Congress passed ERISA §503, 29 U.S.C. §1133, which addresses the requirement that ERISA Plans provide an administrative mechanism to perform a full and fair review, under the title "Claims Procedures." Congress also passed ERISA §502, 29 U.S.C. §1132, which sets forth the "civil enforcement" framework under ERISA. Consequently, there is a substantial basis for difference of opinion about whether Congress intended the right to bring a civil action to be part of an ERISA Plan's administrative procedures when it passed a statute setting forth the civil remedies available under ERISA, which are separate from those contained in ERISA §503 entitled "Claims Procedures."

Also, the DOL Regulations promulgated under ERISA §503, 29 U.S.C. §1133, do not provide regulations addressing a civil action under its regulation entitled "Claims procedure."   29 C.F.R. §2560.503-1(a) (referencing ERISA §503 and §505—not ERISA §502).  The lack of any reference to the procedures for bringing a civil action as part of a full and fair review process under the DOL Regulations in question provides a substantial ground for difference of opinion about whether a civil action is a part of the administrative procedures to be afforded under an ERISA-governed welfare benefit plan.

Accordingly, Defendants respectfully submit that this novel issue of law should be immediately considered by the Second Circuit so that this substantial difference of opinion may be resolved by a Court of Appeals and claims administrators will thereby have a better understanding of their obligations under ERISA in order to enforce the plan terms as written.

**C.**      **An Immediate Appeal Will Materially Advance The Ultimate Resolution Of This Litigation**

The third and final requirement for an interlocutory appeal is that it will materially advance the resolution of the case.  This factor is closely linked to whether there is a controlling question of law.  *See Chemical Bank* v. *Arthur Anderson & Co.*, 726 F.2d 930, 935 (2d Cir. 1984).  Here, if Defendants are successful on appeal, it will result in dismissal of Novick's claim for STD benefits as time-barred.  Accordingly, resolution of the issue presented on appeal would be dispositive of Novick's claim and therefore, certification should be granted for leave to appeal this issue to the Second Circuit.  *See In re Enron Creditors Recovery Corp.,* 2009 WL 3349471, at *7-*8.

POINT II

**THIS COURT'S RULING THAT THE LTD PLAN'S CONDITION PRECEDENT REQUIRING RECEIPT OF ALL AVAILABLE STD BENEFITS UNDER THE PLAN IS AMBIGUOUS SHOULD BE CERTIFIED TO THE U.S. COURT OF APPEALS FOR IMMEDIATE CONSIDERATION**

The Plan provides that "[i]f you remain Disabled after 26 (or 27) weeks after receiving all of your [STD benefits], LTD benefits may commence." (Hallford Dec., Ex. "B," p. 10). The Plan reiterates this similar requirement throughout the Plan. Defendants moved to dismiss Novick's claim for LTD benefits on the ground that she did not receive all of her STD benefits, which was a condition precedent to being eligible to receive any benefits under the LTD Plan. The Court denied Defendants' motion on the ground that all of the phrases were ambiguous and therefore could not be read as a condition precedent to eligibility for LTD benefits.

A.      **The Issue Decided By The Court Is A Controlling Question Of Law**

Whether or not a phrase in an ERISA plan is ambiguous is an issue that can be decided as a matter of law, solely by review of the plan language in question. (Order, p. 21). This Court found that the condition precedent in the LTD Plan requiring participants to exhaust STD benefits before being eligible for LTD benefits was ambiguous because it found a reasonable difference of opinion as to whether the terms clearly set forth a requirement that Novick must receive all 26 weeks of STD benefits before she is eligible to receive LTD benefits. (Order, p. 23). This is a finding on a controlling issue of law that is proper for certification to the Court of Appeals. *See World Trade Ctr. Props., LLC* v. *Hartford Fire Ins. Co.*, 345 F.3d 154 (2d Cir. 2003) (deciding interlocutory appeal under 28 U.S.C. §1292(b) addressing whether the term "occurrence" was ambiguous); *Mazzafero*, 50 F.3d at 141; *cf., In re Cross Media Mktg. Corp.*, No. 03-13901, 2007 WL 274 3577, *2 (S.D.N.Y. Sept. 19, 2007) (determining that the issue to be appealed from requires more than a "review of the plain language of the Plan" and therefore it is not a pure legal question).

**B.** **There Are Substantial Grounds For Difference Of Opinion**

There are also substantial grounds for a difference of opinion as to whether the condition precedent in the Plan is clear and unambiguous.  First, it is respectfully submitted that the LTD Plan establishes that all STD benefits must be exhausted before a participant is entitled to receive LTD benefits.  The LTD Plan's SPD provides "[y]our LTD benefit is always based on your Pay immediately preceding your date of Disability, *even though LTD payments do not begin until you have received STD benefits for 26 weeks.*"  (Hallford Dec., Ex. "B," p. 27) (italics supplied).  *See also* Hallford Dec., Ex. "B," p. 10 (The STD Plan's SPD states "[y]ou may be eligible for LTD benefits *if your disability is approved and continues beyond 26 weeks*") (italics supplied).  Indeed, this Court's decision acknowledges that "there exists a plausible reading of the LTD SPD that would not require receipt of twenty-six weeks of STD benefits before becoming eligible for LTD benefits."  (Order, p. 26)  It is respectfully submitted that at least by implication, this Court's decision establishes that there is also a plausible reading of the Plan that is clear and unambiguous.  *See Pearson Educ., Inc.*, 2010 WL 623470, at *2 (noting that the Court of Appeals may have a difference of opinion as to the interpretation of 17 U.S.C. §109(a)).

**C.** **An Immediate Appeal Will Materially Advance The Ultimate Resolution Of This Litigation**

If Defendants prevail on this point of controlling law, Novick's claim for benefits under the LTD Plan is subject to dismissal because she did not receive all of the STD benefits and the LTD Plan requires that she exhaust STD benefits before she is eligible to receive LTD benefits.  Since her lawsuit challenging MetLife's determination denying her claim for STD benefits was untimely under the STD Plan's six-month limitations provision, (*see* POINT I, *supra*), if Defendants prevail on appeal, Novick will not be entitled to apply for LTD benefits as a matter of law because she did not receive all available STD benefits and will be time-barred from challenging that decision.

Substantial resources will be saved if Defendants are allowed to proceed with their proposed appeal on this issue because it is dispositive of Novick's claim for LTD benefits.  *See In re Dynex Capital,*

16

*Inc. Sec. Litig.*, No. 05-1897, 2006 WL 1517580 (S.D.N.Y. Jun. 2, 2006).  In fact, Novick's claim for LTD

benefits will require the production of the administrative record and this Court's review of that record to

determine whether MetLife's decision-making was arbitrary and capricious.  Accordingly, by allowing

Defendants to pursue their appeal at this time, these costs and expenses may be avoided.

## **CONCLUSION**

For the foregoing reasons, this Court should enter an Order amending its Order to grant

certification of the issues raised in Defendants' motion to dismiss and any other and further relief it

deems just and appropriate.

Dated:  New York, New York
        March 11, 2011

<div style="margin-left: 40%;">

Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP


s/
_____
MICHAEL H. BERNSTEIN
JOHN T. SEYBERT
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 898-4028
*Attorneys for Defendants*
*Metropolitan Life Insurance Company and*
*MetLife Options And Choices Plan No. 512*

</div>

17

## <u>CERTIFICATE OF SERVICE</u>

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached

**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND METLIFE**

**OPTIONS AND CHOICES PLAN NO. 512'S MEMORANDUM OF LAW IN SUPPORT OF**

**THEIR MOTION TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL** was served via

ECF on this 11th day of March, 2011, upon the following:

Scott M. Riemer, Esq.             Alan H. Casper, Esq.
Riemer & Associates               121 S. Broad Street, 20th Floor
60 East 42nd Street, Suite 1750   Philadelphia, PA 19107
New York, NY 10165

s/ _____
JOHN T. SEYBERT (JS 5014)

Dated:    New York, New York
          March 11, 2011