UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAREN NOVICK,                                             09-civ-6865 (RJH)

                Plaintiff,

                                                     **ANSWER TO COMPLAINT**

      -against-

METROPOLITAN LIFE INSURANCE COMPANY        DOCUMENT
and METLIFE OPTIONS AND CHOICES PLAN         ELECTRONICALLY FILED
NO. 512,

                Defendants.
------------------------------------------------------------X

      Defendants METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "MetLife") and METLIFE OPTIONS AND CHOICES PLAN NO. 512 (hereinafter "the Plan"), by their attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for their Answer to plaintiff's Complaint, respectfully set forth the following upon information and belief:

      FIRST.      The allegations of paragraph "1" of the Complaint relate to questions of law to which no response is required. To the extent a response is required, defendants admit that plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") § 1132(a)(1)(B).

      SECOND.    Admit the truth of each and every allegation contained in paragraph "2" of plaintiff's Complaint.

      THIRD.      Deny each and every allegation contained in paragraph "3" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit venue is proper in this judicial district.

      FOURTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of plaintiff's Complaint.

NY/662220v1

FIFTH.   Deny each and every allegation contained in paragraph "5" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit the Plan is an Employee Welfare Benefit Plan established pursuant to ERISA, 29 U.S.C. §1002(1) and designed to provide, *inter alia*, disability coverage to eligible employees of MetLife.

SIXTH.   Deny each and every allegation contained in paragraph "6" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit MetLife is a corporation incorporated under the laws of New York with its principal place of business located at 1095 Avenue of the Americas, New York, NY 10036 and that MetLife was, at all relevant times, the Plan Administrator of the Plan, and as such, was a Plan fiduciary under ERISA.

SEVENTH.   Deny each and every allegation contained in paragraph "7" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that plaintiff was a "participant" in the Plan as that term is defined by ERISA, 29 U.S.C. §1002(7).

EIGHTH.   Deny each and every allegation contained in paragraph "8" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the contents thereof, for the terms, conditions, limitations and exclusions set forth therein, except admit that the Plan is self-funded and provides participants with both Short Term Disability (hereinafter "STD") coverage and Long Term Disability (hereinafter "LTD") coverage.

NINTH.   Deny each and every allegation contained in paragraph "9" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and

respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TENTH.	Deny each and every allegation contained in paragraph "10" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff's last date of work was February 6, 2007.

ELEVENTH.	Deny each and every allegation contained in paragraph "11" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the contents thereof, for the terms, conditions, limitations and exclusions set forth therein, except admit plaintiff accurately quotes from a portion of the Plan.

TWELFTH.	Deny each and every allegation contained in paragraph "12" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the contents thereof, for the terms, conditions, limitations and exclusions set forth therein, except admit plaintiff accurately quotes from a portion of the Plan.

THIRTEENTH.	Deny each and every allegation contained in paragraph "13" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the contents thereof, for the terms, conditions,

limitations and exclusions set forth therein, except admit plaintiff accurately quotes from a portion of the Plan.

FOURTEENTH.   Admit the truth of each and every allegation contained in paragraph "14" of plaintiff's Complaint.

FIFTEENTH.   Admit the truth of each and every allegation contained in paragraph "15" of plaintiff's Complaint.

SIXTEENTH.   There is no paragraph "16" in plaintiff's Complaint.

SEVENTEENTH.   Deny each and every allegation contained in paragraph "17" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff accurately quotes from a portion of the July 23, 2007 letter.

EIGHTEENTH.   Deny each and every allegation contained in paragraph "18" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

NINETEENTH.   Deny each and every allegation contained in paragraph "19" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTIETH.            The allegations of paragraph "20" relate to questions of law to which no response is required.  Defendants further state that in *Fortune v. Group Long Term Disability Plan for Employees of Keyspan Corp.*, ___ Fed. App. ___, 2010 WL 3393758 (2d. Cir. Aug. 30, 2010), the U.S. Court of Appeals for the Second Circuit specifically found that the Ninth Circuit's findings in the *Nolan v. Heald College* decision were "not binding on this Court." Id. at *3, fn 2.

TWENTY-FIRST.            Admit the truth of each and every allegation contained in paragraph "21" of plaintiff's Complaint.

TWENTY-SECOND.            Deny each and every allegation contained in paragraph "22" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that NMR retained the services of D. Dennis Payne, Jr., M.D. to review all of plaintiff's medical records and to provide his medical opinion concerning plaintiff's restrictions and limitations.

TWENTY-THIRD.            Deny each and every allegation contained in paragraph "23" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff accurately quotes from a portion of Dr. Payne's report.

TWENTY-FOURTH.            Deny each and every allegation contained in paragraph "24" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable

Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that plaintiff accurately quotes from the portion of Dr. Horowitz's letter dated November 17, 2007.

  TWENTY-FIFTH.  Deny each and every allegation contained in paragraph "25" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

  TWENTY-SIXTH.  Deny each and every allegation contained in paragraph "26" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff accurately quotes from a portion of Dr. Payne's February 8, 2008 letter.

  TWENTY-SEVENTH.  Deny each and every allegation contained in paragraph "27" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff accurately quotes from a portion of MetLife's letter dated February 12, 2008.

  TWENTY-EIGHTH.  Deny each and every allegation contained in paragraph "28" of plaintiff's Complaint.

TWENTY-NINTH. Deny each and every allegation contained in paragraph "29" of plaintiff's Complaint.

THIRTIETH. Deny each and every allegation contained in paragraph "30", including all bullet-point subheadings in paragraph "30" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

THIRTY-FIRST. Deny each and every allegation contained in paragraph "31" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that plaintiff was advised on several occasions that the Plan specifically and unambiguously provides that she must receive all available STD benefits before she will be eligible to receive LTD benefits.

THIRTY-SECOND. Deny each and every allegation contained in paragraph "32" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the contents thereof, for the terms, conditions, limitations and exclusions set forth therein.

THIRTY-THIRD. Deny each and every allegation contained in paragraph "33" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FOURTH. Deny each and every allegation contained in paragraph "34" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable

Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FIFTH.   Deny each and every allegation contained in paragraph "35" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SIXTH.   Deny each and every allegation contained in paragraph "36" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SEVENTH.   Deny each and every allegation contained in paragraph "37" of plaintiff's Complaint, respectfully refer all questions of law to the Honorable Court.

THIRTY-EIGHTH.   Deny each and every allegation contained in paragraph "38" of plaintiff's Complaint, respectfully refer all questions of law to the Honorable Court.

THIRTY-NINTH.   Deny each and every allegation contained in paragraph "39" of plaintiff's Complaint, respectfully refer all questions of law to the Honorable Court.

FORTIETH.   Deny each and every allegation contained in paragraph "40" of plaintiff's Complaint, and respectfully refer all questions of law to the Honorable Court.

FORTY-FIRST.   Deny each and every allegation contained in paragraph "41" of plaintiff's Complaint, and respectfully refer all questions of law to the Honorable Court.

FORTY-SECOND.       Deny each and every allegation contained in paragraph "42" of plaintiff's Complaint.

FORTY-THIRD.         Deny each and every allegation contained in paragraph "43" of plaintiff's Complaint.

## COUNT I
### VIOLATION OF ERISA PURSUANT TO 29 U.S.C. §1132(A)(1)(B)

FORTY-FOURTH.       In response to paragraph "44" of plaintiff's Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "43," inclusive, with the same force and effect as if more fully set forth at length herein.

FORTY-FIFTH.         Deny each and every allegation contained in paragraph "45" of plaintiff's Complaint.

FORTY-SIXTH.         Deny each and every allegation contained in paragraph "46" of plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FORTY-SEVENTH.     This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against the defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FORTY-EIGHTH.       Plaintiff is not eligible for Plan LTD benefits because she failed to satisfy the Plan's condition precedent requiring exhaustion of all available STD benefits prior to becoming eligible to receive LTD benefits.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FORTY-NINTH.  Plaintiff's claim seeking an award of STD benefits under the Plan is time-barred by the Plan's limitation of actions clause.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FIFTIETH.  Plaintiff was not eligible to receive LTD benefits under the Plan because she did not receive all STD benefits under the Plan.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FIFTY-FIRST.  The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FIFTY-SECOND.  MetLife acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan.  Accordingly, plaintiff is barred from recovery for his claims in this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FIFTY-THIRD.  All actions about which plaintiff complains were either required or permitted by applicable law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

FIFTY-FOURTH.  MetLife's decision making was not arbitrary or capricious and, therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FIFTY-FIFTH.            Defendant MetLife, as claim fiduciary for the governing welfare benefit Plan is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine whether and to what extent participants are entitled to benefits, and to construe the terms of the Plan, and MetLife is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  MetLife's decision making was not arbitrary or capricious and, therefore, the Court cannot disturb its determination concerning plaintiff's claims.

## AS AND AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FIFTY-SIXTH.         Plaintiff's action is subject to dismissal because she has failed to exhaust all available administrative remedies under the Plan.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

FIFTY-SEVENTH.           To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date MetLife determined he was not entitled to receive further benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions, and/or limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FIFTY-EIGHTH.          The Court's review of plaintiff's claim against defendants is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by MetLife in the regular course of its business.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FIFTY-NINTH.        Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

SIXTIETH.        To the extent necessary, defendants deny all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

SIXTY-FIRST.        Any findings by the Social Security Administration with respect to plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect to MetLife's evaluation of plaintiff's claim for benefits under the applicable Plan documents.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

SIXTY-SECOND.        Plaintiff's claim for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) is premature because she has not achieved any success on the merits of this action.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

SIXTY-THIRD.        If plaintiff is entitled to any payment of benefits, which defendants deny, such payment must be reduced and offset by any other income benefits or set-offs, as defined in the applicable Plan documents and instruments, that were or may be payable to her.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

SIXTY-FOURTH.	Plaintiff's Complaint must be dismissed because she failed to exhaust administrative remedies prior to filing suit with respect to this claim.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

SIXTY-FIFTH.	In the event the Court determines plaintiff to be eligible to receive LTD benefits notwithstanding the Plan's requirement that she receive all available STD benefits in order to become eligible for LTD benefits, the claim must be remanded to MetLife for its review in accordance with the terms and conditions of the Plan.

**WHEREFORE**, defendants MetLife and the Plan pray:

1. That the action be dismissed, or that judgment be entered in favor of defendants MetLife and the Plan and against plaintiff;
2. That defendants MetLife and the Plan be awarded costs of suit incurred herein;
3. That defendants MetLife and the Plan be awarded reasonable attorney's fees; and
4. That defendants MetLife and the Plan be awarded such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	March 15, 2011

Respectfully submitted,

s/ _____
MICHAEL H. BERNSTEIN (MB-0579)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004
T: (212) 422-0202
F: (212) 422-0925
michael.berstein@sdma.com
*Attorneys for Defendants*

TO:  RIEMER & ASSOCIATES LLC
Scott M. Riemer, Esq. (SR5005)
60 East 42nd Street, Suite 2430
New York, NY 10165
T: (212) 297-0700
F: (212) 297-0730
sriemer@riemerlawfirm.com
*Attorneys for Plaintiff*

Alan H. Casper, Esq.
PA Attorney I.D. #47081
121 S. Broad Street – 20th Floor
Philadelphia, PA 19107
T: (215) 546-1124
F: (215) 546-1159
acasper@alanhcasperesq.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** (on behalf of MetLife and the Plan) was served **ECF and Regular Mail** on March 15, 2011, upon the following:

TO:  RIEMER & ASSOCIATES LLC
Scott M. Riemer, Esq. (SR5005)
60 East 42nd Street, Suite 2430
New York, NY 10165
T: (212) 297-0700
F: (212) 297-0730
sriemer@riemerlawfirm.com
*Attorneys for Plaintiff*

Alan H. Casper, Esq.
PA Attorney I.D. #47081
121 S. Broad Street – 20th Floor
Philadelphia, PA 19107
T: (215) 546-1124
F: (215) 546-1159
acasper@alanhcasperesq.com
*Attorneys for Plaintiff*

s/ _____
MICHAEL H. BERNSTEIN (MB-0579)