UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

BIOMED PHARMACEUTICALS, INC.,

                Plaintiff,                Civil Action No.: 10-cv-07427(JSR)

      – against –

OXFORD HEALTH PLANS (NY), INC.,

                                      DOCUMENT
              Defendant.                ELECTRONICALLY FILED

----------------------------------------------------------------------X


# DEFENDANT OXFORD HEALTH PLANS (NY), INC.'S
# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
# ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

                                      SEDGWICK, DETERT, MORAN & ARNOLD, LLP
                                      **Attorneys for Defendant**
                                      OXFORD HEALTH PLANS (NY), INC.
                                      125 Broad Street, 39th Floor
                                      New York, New York 10004
                                      Telephone: (212) 422-0202
                                      Facsimile: (212) 422-0925
                                      [SDMA File No. 03246-000097]

Michael H. Bernstein
John T. Seybert
Daniel M. Meier
    *Of counsel*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................iii

PRELIMINARY STATEMENT ...........................................................................................................1

ARGUMENT ........................................................................................................................................1

    POINT I:

    BIOMED'S SECOND AND THIRD COUNTS, SEEKING RELIEF
    FOR ALLEGED VIOLATIONS OF DEPARTMENT OF LABOR
    REGULATIONS, MUST BE DISMISSED .....................................................................1

        A.    There Is No Private Right Of Action Under 29 C.F.R. §2560.503-1. .................1

        B.    Biomed Is Not Entitled To Relief Under ERISA §502(a)(3)
            For Alleged Violations of 29 C.F.R. §2560.503-1. ..............................................2

        C.    Biomed Is Not Entitled To Any Relief For Alleged Violations
            Under 29 C.F.R. §2560.503-1 Because It Is Not A Recognized
            Party Under The Regulation. ...............................................................................3

        D.    Biomed Is Not Entitled To Pursue Relief Under ERISA §502(a)(3)
            Based On The Assignments Of Benefits. ............................................................4

    POINT II:

    BIOMED'S FOURTH COUNT FAILS TO STATE A CLAIM FOR RELIEF .................4

        A.    Biomed's Count Four Is Duplicative Of Its ERISA §502(a)(1)(B) Claim
            And Therefore, Does Not Seek "Other Appropriate Equitable Relief." ..............4

        B.    Biomed's Fourth Count Is An Improper Attempt To Recover Money
            Damages Not Available Under ERISA §502(a)(3). ............................................6

    POINT III:

    BIOMED'S COUNT FIVE FOR DEFAMATION/SLANDER *PER SE*
    FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................7

        A.    Biomed's Count Five For Defamation And Slander *Per Se* Is Completely
            Preempted By ERISA. .........................................................................................7

        B.    Biomed Failed To Plead Defamation/Slander *Per Se* With The Required
            Specificity. ............................................................................................................8

        C.    Oxford's Purported Defamatory Statements Are Protected Under
            Qualified Privilege. ..............................................................................................9

NY/603559v1

    D.    Biomed's Count Five For Defamation And Slander *Per Se* Is Time-Barred. ...................................................................................................................10

CONCLUSION ................................................................................................................................10

CERTIFICATE OF SERVICE ......................................................................................................11

## **TABLE OF AUTHORITIES**

Page(s)

### Cases

*Ahmed* v. *Bank of Am.*,
  09-CV-2550, 2010 WL 3824168 (E.D.N.Y. Sept. 24, 2010)................................................................9

*Albert* v. *Loksen*,
  239 F.3d 256 (2d Cir. 2001) ................................................................9

*Berry* v. *MVP Health Plan, Inc.*,
  No. 1:06-CV-120, 2006 WL 4401478 (N.D.N.Y. Sept. 30, 2006) ................................................................8

*Biomed Pharm., Inc.* v. *Oxford Health Plans (NY), Inc.*,
  10-cv-07427(JSR), 2011 WL 803097 (S.D.N.Y. Feb. 18, 2011) ................................................................1, 4

*Connecticut* v. *Physicians Health Servs. Of Connecticut, Inc.*,
  287 F.3d 110, 116 (2d Cir. 2002) ................................................................6

*Dunnigan* v. *Metropolitan Life Ins. Co.*,
  277 F.3d 223 (2d Cir. 2002)................................................................1

*Frommert* v. *Conkright*,
  433, F.3d 254 (2d Cir. 2006) *rev'd on other grounds* 130 S.Ct. 1640 (2010)................................................................2

*Gondal* v. *New York City Dep't of Educ.*,
  19 A.D.3d 141, 796 N.Y.S.2d 594 (1st Dep't 2005) ................................................................10

*Grand Park Surgical Center, Inc.* v. *Inland Steel Co.*,
  930 F. Supp. 1214 (N.D. Ill. 1996)................................................................8

*Great West Life & Ann. Ins. Co.* v. *Knudson*,
  534 U.S. 204 (2002) ................................................................3, 7

*Hassan* v. *Spicer*,
  No. 05-CV-1526(FB), 2006 WL 228958 (E.D.N.Y. Jan 31, 2006)................................................................10

*Ives* v. *Guilford Mills*,
  3 F. Supp. 2d 191 (N.D.N.Y. 1998)................................................................9

*Jackson* v. *Kroch's & Brentano's, Inc.*,
  No. 93-C-1333, 1993 WL 243295 (N.D. Ill. Jun. 30, 1993)................................................................8

*Kendall* v. *Employees Retirement Plan of Avon Products*,
  561 F.3d 112 (2d Cir. 2009)................................................................7

*Kennedy* v. *Plan Adm'r For DuPont Sav. & Inv. Plan*,
  129 S.Ct. 865 (2009)................................................................3

*Klecher* v. *Metropolitan Life Ins. Co.*,
   331 F. Supp. 2d 279 (S.D.N.Y. 2004) ................................................................................ 2, 6

*Korotynska* v. *Metropolitan Life Ins. Co.*,
   474 F.3d 101 (4th Cir. 2006) .................................................................................................2

*Krauss* v. *Oxford Health Plans (NY), Inc.*,
   517 F.3d 614 (2d Cir. 2008) ..................................................................................................2

*Massachusetts Life Ins. Co.* v. *Russell*,
   473 U.S. 134 (1985) ..............................................................................................................1

*Mead* v. *Arthur Andersen LLP*,
   309 F. Supp.2d 596 (S.D.N.Y. 2004) ....................................................................................6

*Meyer* v. *Zubak*,
   No. 97 Civ. 1393, 2000 WL 145754 (S.D.N.Y. Feb. 8, 2000) ..............................................9

*Miele* v. *Pension Plan of N.Y. Teamsters Conference Pension & Retirement Fund*,
   72 F. Supp. 2d 88 (E.D.N.Y. 1999) .......................................................................................2

*Ogbon* v. *Beneficial Credit Services, Inc.*,
   No. 10 CV 03760(GBD), 2011 WL 347222 (S.D.N.Y. 2011) ..............................................9

*Orenstein* v. *Figel*,
   677 F. Supp. 2d 706 (S.D.N.Y. 2009) ...................................................................................9

*Pelosi* v. *Schwab Capital Markets, L.P.*,
   462 F. Supp.2d 503 (S.D.N.Y. 2006) ....................................................................................6

*Reeves* v. *Continental Equities Corp.*,
   767 F. Supp. 469 (S.D.N.Y. 1991) ................................................................................. 8, 10

*Reilly* v. *Natwest Markets Group Inc.*,
   181 F.3d 253 (2d Cir. 1999) ..................................................................................................8

*Rubio* v. *Chock Full O'Nuts Corp.*,
   254 F. Supp. 2d 413 (S.D.N.Y. 2003) ...................................................................................6

*Schlenger* v. *Fidelity Employer Servs. Co.*,
   No. 09-cv-3896(CS), 2011 WL 1236156 (S.D.N.Y. Mar. 31, 2011) ....................................6

*Silver* v. *Kuehbeck*,
   No. 05 Civ. 35, 2005 WL 2990642 (S.D.N.Y. Nov. 7, 2005) ...............................................9

*Smith* v. *Champion Int'l Corp.*,
   220 F. Supp. 2d 124 (D. Conn. 2002) ...................................................................................2

*Strehl* v. *Case Corp.*,
   No. 97 C 1816, 1997 WL 695729 (N.D. Ill. Nov. 4, 1997) ..................................................7

*Thomas* v. *Telemecanique, Inc.*,
   768 F. Supp. 503 (D. Md. 1991) ...........................................................................................8

*Varity* [v. *Howe*,
    516 U.S. 489 (1996)] ............................................................................................................. 2, 5

*Vaughn* v. *American Multi Cinema, Inc.*,
    2010 WL 3835191 (S.D.N.Y. 2010) ..........................................................................................9

*Wanamaker* v. *Columbian Rop Co.*,
    713 F. Supp. 533 (N.D.N.Y. 1989) ............................................................................................9

*Weisshaus* v. *Fagan*,
    No. 08 Civ. 4053, 2010 WL 2813490 (S.D.N.Y. July 15, 2010) ...............................................9

*Wilczynski* v. *Lumbermens Mut. Cas. Co.*,
    93 F.3d 397 (7th Cir. 1996) .......................................................................................................1

*Wilkins* v. *Mason Tenders Dist. Council Pension Fund*,
    445 F.3d 572 (2d Cir. 2006) ......................................................................................................5

*Zarycki* v. *Mount Sinai/NYU Health*,
    No. 02 Civ. 6236(LAP)(HBP), 2005 WL 2977568 (S.D.N.Y. Nov. 4, 2005) ...........................6

## Statutes

ERISA §3 (16)(A), 29 U.S.C.§1002(16)(A) ......................................................................................2

ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) ........................................................................ 2, 3, 4, 5, 6, 7

ERISA §503(2), 29 U.S.C. §1133(2) .................................................................................................1

ERISA §514(a), 29 U.S.C. §1144(a) ..................................................................................................7

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................1

Fed. R. Civ. P. 8(a)(3) .................................................................................................................. 3, 8

N.Y. C.P.L.R. §215(3) .................................................................................................................... 10

## Regulation

29 C.F.R. §2560.503-1 ............................................................................................................ 1, 2, 3

NY/603559v1

**PRELIMINARY STATEMENT**

Defendant, Oxford Health Plans (NY), Inc. ("Oxford"), respectfully submits this Reply Memorandum of Law in further support of its motion pursuant to Rule 12(b)(6), FED. R. CIV. P., for an order dismissing all Counts except Count One of plaintiff Biomed Pharmaceuticals, Inc.'s ("Biomed") Second Amended Complaint for failure to state a claim for which relief can be granted.

**ARGUMENT**

**POINT I**

**BIOMED'S SECOND AND THIRD COUNTS, SEEKING RELIEF FOR ALLEGED VIOLATIONS OF DEPARTMENT OF LABOR REGULATIONS, MUST BE DISMISSED**

A.   THERE IS NO PRIVATE RIGHT OF ACTION UNDER 29 C.F.R. §2560.503-1.

As discussed in Oxford's initial motion papers, it is well-settled that there is no private right of action for an alleged violation of the Employee Retirement Income Security Act ("ERISA") regulations regarding a full and fair review. (MOL, pp. 9-11).[1]  *See Massachusetts Life Ins. Co.* v. *Russell*, 473 U.S. 134, 144 (1985); *Dunnigan* v. *Metropolitan Life Ins. Co.*, 277 F.3d 223, 231 n.5 (2d Cir. 2002).  Biomed's opposition fails to cite any case that overrules *Russell* or *Dunnigan.*  Instead, Biomed argues that its Second Amended Complaint really meant to allege a violation under ERISA §503(2), 29 U.S.C. §1133(2), although it does not refer to this statute in its pleadings.  (Opp., pp. 9-10).  Biomed's belated attempt to recast its Counts Two and Three as a claim that Oxford violated ERISA §503(2), 29 U.S.C. §1133(2)  is nothing more than an effort to amend the complaint once again under the guise of opposition.  But since the Second Amended Complaint is Biomed's "final bite at the apple," it cannot do by opposition what it is prohibited to do by pleading.  *Biomed Pharm., Inc.* v. *Oxford Health Plans (NY), Inc.*, 10-cv-07427(JSR), 2011 WL 803097, *5 (S.D.N.Y. Feb. 18, 2011).  Accordingly, Counts Two and Three should be dismissed on this basis.

Furthermore, Biomed's new claim is not even feasible because it has not sued the Plan itself for any alleged violations of its review procedures.  *See Wilczynski* v. *Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 406 (7th Cir. 1996).  In this regard, Biomed's argument that Oxford is the Plan Administrator is incorrect as a matter of law because the Certificates of Coverage attached to the Second Amended Complaint explicitly state that "Oxford is not the Plan

---

[1] "MOL" refers to Oxford's Memorandum of Law in Support of Motion To Dismiss Plaintiff's Second Amended Complaint dated March 21, 2011, Doc. No. 28.  "Opp." refers to Biomed's Memorandum of Law In Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint dated April 4, 2011, Doc. No. 29.

1

Administrator. . ." (Complaint Ex. "A," Biomed 000043; Ex. "B," Biomed 0001999); *see* ERISA §3 (16)(A), 29 U.S.C.§1002(16)(A); (stating).

Accordingly, Biomed's Counts Two and Three should be dismissed because 29 C.F.R. §2560.503-1 does not provide for a private right of action.

**B.     BIOMED IS NOT ENTITLED TO RELIEF UNDER ERISA §502(a)(3) FOR ALLEGED VIOLATIONS OF 29 C.F.R. §2560.503-1.**

ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) does not provide for "other appropriate equitable relief" to address Biomed's claims of Oxford's alleged violations of 29 C.F.R. §2560.503-1.  In *Korotynska* v. *Metropolitan Life Ins. Co.*, 474 F.3d 101, 104-05 (4th Cir. 2006), the Fourth Circuit held that even "[a]ssuming that [plaintiff's] previous denial of benefits and alleged subjection to improper claims procedures qualify her to bring a claim under §1132(a)(3), that statutory provision is only available for claims of breach of fiduciary duty in the circumstances outlined by the Supreme Court in *Varity* [v. *Howe,* 516 U.S. 489, 507-15 (1996)]."  Here, Biomed has not alleged any facts to support a claim that the circumstances of this matter are similar to those discussed in *Varity.  See Klecher* v. *Metropolitan Life Ins. Co.*, 331 F. Supp. 2d 279, 286-87 (S.D.N.Y. 2004) (dismissing ERISA §502(a)(3) claim for relief) *aff'd* 2006 WL 374122 (2d Cir. 2006).  Even the case that Biomed cites to support its purported right to seek relief under ERISA §502(a)(3) establishes that where ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(B)(1) relief is available, "there is no need [ ] to also allow equitable relief under §502(a)(3)."  *Frommert* v. *Conkright*, 433, F.3d 254, 270 (2d Cir. 2006) *rev'd on other grounds* 130 S.Ct. 1640 (2010).  In any event, the appropriate relief for a violation of 29 C.F.R. §2560.503-1 (which Oxford disputes actually occurred) is a remand of the claim to the claims administrator for further consideration.  *See Krauss* v. *Oxford Health Plans (NY), Inc.*, 517 F.3d 614, 630 (2d Cir. 2008); *Smith* v. *Champion Int'l Corp.*, 220 F. Supp. 2d 124, 18-29 (D. Conn. 2002).

Biomed relies on *Miele* v. *Pension Plan of N.Y. Teamsters Conference Pension & Retirement Fund*, 72 F. Supp. 2d 88, 205 (E.D.N.Y. 1999), for the proposition that the relief it seeks is not barred by the Supreme Court's holding in *Varity.*  But Biomed's reliance on *Miele* highlights the fundamental deficiency of its Second Amended Complaint.  In *Miele,* the plaintiff alleged that it was entitled to a declaratory judgment or injunction finding that the defendant's calculation of his pension benefits violated ERISA.  *Id.* at 105.  For this reason, the court in *Miele* was able to

2

evaluate the plaintiff's claim and conclude that the "relief [requested] is significantly different from the relief available under §1132(a)(1)(B) or any other of ERISA's enforcement provisions available to plaintiff." *Id.* at 105; *see Great West Life & Ann. Ins. Co.* v. *Knudson*, 534 U.S. 204, 215 (2002) (noting that the viability of an ERISA §502(a)(3) claim "remains dependent on the nature of the relief sought.").

Biomed's Counts Two and Three do not identify the specific declaratory judgment or injunctive relief it seeks, which is different than the right to benefits sought in its First Count. For this reason alone, Biomed's claims should be found deficient under Rule 8(a)(3), FED. R. CIV. P., which requires that "a demand for relief" be stated in the complaint. Instead, Biomed quotes ERISA §502(a)(3), and asks the Court, apparently on its own initiative, to craft some sort of unspecified "declaratory judgment" or "injunction." This is not a request for relief in compliance with FED. R. CIV. P. Rule 8. Clearly, since it has not even attempted to identify the relief it is seeking in these Counts, Biomed cannot show that the relief it seeks is distinct from that available under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). In other words, Biomed's failure to specify the relief it is seeking in these two Counts prevents this Court from determining if it is "other" (than relief available under ERISA §502(a)(1)(B)); "appropriate" or even "equitable." ERISA §502(a)(3), 29 U.S.C. §1132(a)(3). Since Biomed has failed to allege (or identify) any "other appropriate equitable relief" it is seeking, Counts Two and Three should be dismissed.

**C.   BIOMED IS NOT ENTITLED TO ANY RELIEF FOR ALLEGED VIOLATIONS UNDER 29 C.F.R. §2560.503-1 BECAUSE IT IS NOT A RECOGNIZED PARTY UNDER THE REGULATION.**

Oxford moved to dismiss Biomed's claims alleging violations of 29 C.F.R. §2560.503-1 because it was not an authorized appeal designee entitled to a full and fair review under the Plan. (MOL, pp. 11-15). In order to be a proper appeal designee under the Plan, Biomed was required to present a signed, written designation form, which Oxford makes available to its members on its website. (MOL., p. 13). The Plan procedure for designating an appeal designee is consistent with ERISA requirements, the Department of Labor's Opinion and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and those implementing regulations promulgated thereunder. This is a Plan term that must be enforced as written. (Complaint, Ex. "A," Biomed 000032; Ex. "B," Biomed 000188). *See Kennedy* v. *Plan Adm'r For DuPont Sav. & Inv. Plan*, 129 S.Ct. 865, 877 (2009).

Biomed argues that the assignment of benefits form that it annexed to the Second Amended Complaint is

3

the antidote to all of the deficiencies outlined in Oxford's motion because the Beneficiary assigned his right to pursue his claim for benefits to Biomed. (Opp., pp. 15-16). But it is well-settled that Biomed does not become a plan participant, nor an appeal designee with the authority to pursue an ERISA administrative appeal on the Beneficiary's behalf, as a result of its receipt of a basic assignment of benefits. (MOL, pp. 11-15). Since Biomed failed to comply with the terms of the governing Plan, which clearly explain how a beneficiary can designate an appeal designee, it does not have that status under the Plan and therefore, has no entitlement to a full and fair review under the Plan.

### D. BIOMED IS NOT ENTITLED TO PURSUE RELIEF UNDER ERISA §502(a)(3) BASED ON THE ASSIGNMENTS OF BENEFITS.

Oxford also moved to dismiss Counts Two and Three because the assignment of benefits that Biomed attaches to its Second Amended Complaint is limited "to recover[y of] charges for services rendered by Biomed Pharm Inc." (Complaint, Ex. "C"). In these Counts, Biomed purportedly seeks "equitable relief" that is separate and apart from its ERISA §502(a)(1)(B) claim for benefits. But according to the clear terms of Biomed's assignment, the Beneficiary did not assign his right to seek relief other than for benefits under the Plan. (Complaint, Ex. "C"). In other words, the Beneficiary only assigned to Biomed the right to recover the benefits allegedly due under the Plan — i.e., to recover money for the services rendered. (*See* POINT II, B, *infra*).

Biomed argues that this Court already ruled that it could pursue a claim for equitable relief under ERISA §502(a)(3) in its Memorandum Order dated February 18, 2011 because it found that Biomed could "seek to enforce *all* of the Beneficiary's rights under the Plan." (Opp., p. 17) (emphasis in original). But a review of that Order reflects that this purported holding was not made or even implied by the Court. Indeed, the Court expressly declined to rule on whether Biomed had alleged a sufficient claim for relief under ERISA. *Biomed Pharm., Inc.*, 2011 WL 803097, at *1. Thus, Biomed's law of the case argument is without merit.

Accordingly, this Court should grant Oxford's motion and dismiss Biomed's Counts Two and Three for failure to state a claim for relief.

### POINT II
### BIOMED'S FOURTH COUNT FAILS TO STATE A CLAIM FOR RELIEF

### A. BIOMED'S COUNT FOUR IS DUPLICATIVE OF ITS ERISA §502(a)(1)(B) CLAIM AND THEREFORE, DOES NOT SEEK "OTHER APPROPRIATE EQUITABLE RELIEF."

4

Oxford moved to dismiss Biomed's Count Four because it seeks relief that is available under ERISA §502(a)(1)(B) and is, therefore, not "other appropriate equitable relief" under ERISA §502(a)(3).  (MOL, pp. 15-18). In response, Biomed argues that: (i) the relief it seeks in its Count Four is different from its ERISA §502(a)(1)(B) claim; and (ii) Biomed could concurrently maintain two separate counts seeking the same relief under ERISA §502(a)(3) and ERISA §502(a)(1)(B).  Both arguments are baseless.

First, Biomed fails to allege with any specificity the relief it actually seeks under ERISA §502(a)(3). Biomed's Count Four seeks "declaratory and/or injunctive relief for such violation under ERISA, 29 U.S.C. §1132(a)(3)."  (Complaint, ¶140).  Biomed argues that the relief it seeks from Oxford under ERISA §502(a)(3) is "significantly different" from the relief sought under its First Count, but fails to provide any explanation of this purported difference.  (Opp., p. 11).  Notably, declaratory and injunctive relief are available under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) for a participant "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Biomed does not provide any reason that ERISA §502(a)(1)(B) does not provide an adequate remedy or explain what other relief it seeks that is not redressable under this section.

In *Varity*, 516 U.S. at 512, the Supreme Court ruled that "ERISA specifically provides a remedy for breaches of fiduciary duty with respect to interpretation of plan documents and the payment of claims[, including] . . .one that runs directly to the injured beneficiary. §502(a)(1)(B)."  The Supreme Court in *Varity*, 516 U.S. at 515, further ruled "that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"  *See Wilkins* v. *Mason Tenders Dist. Council Pension Fund*, 445 F.3d 572, 583 (2d Cir. 2006) (finding that plaintiff's breach of ERISA fiduciary duty claim "may be understood not as a claim for equitable relief under §502(a)(3), but as claim to recover plan benefits under §502(a)(1)(B).").  Therefore, if Biomed seeks relief for Oxford's purported breach of ERISA fiduciary duties under ERISA 502(a)(3), 29 U.S.C. §1132(a)(3), it must identify the relief it seeks under this section that is not available under ERISA §502(a)(1)(B).  Biomed's conclusory statements in opposition to the motion to dismiss that simply assure the Court of these differences, without actually explaining what they are, utterly fail to identify any such "other appropriate equitable relief."  *See Schlenger* v. *Fidelity Employer Servs. Co.*, No. 09-cv-3896(CS), 2011 WL

5

1236156, *15 (S.D.N.Y. Mar. 31, 2011) (finding that plaintiff's ERISA §502(a)(3) claim failed due to her failure to identify "the nature of the 'equitable' relief" sought and also because her claim for relief under ERISA §502(a)(3) did not seek "appropriate" equitable relief).

Second, Biomed's argument that it is entitled to seek relief under ERISA §502(a)(3) that is duplicative of the relief it seeks under its ERISA §502(a)(1)(B) claim is simply incorrect as a matter of law. *See Zarycki* v. *Mount Sinai/NYU Health*, No. 02 Civ. 6236(LAP)(HBP), 2005 WL 2977568, *11 (S.D.N.Y. Nov. 4, 2005) (dismissing plaintiff's claim for relief under ERISA §502(a)(3) as duplicative of her ERISA §502(a)(1)(B) claim); *Mead* v. *Arthur Andersen LLP*, 309 F. Supp.2d 596, 598 (S.D.N.Y. 2004) (same);[2] *Rubio* v. *Chock Full O'Nuts Corp.*, 254 F. Supp.2d 413, 432 (S.D.N.Y. 2003); *see also Pelosi* v. *Schwab Capital Markets, L.P.*, 462 F. Supp.2d 503, 515 (S.D.N.Y. 2006); *Klecher*, 331 F. Supp. 2d at 287.

Accordingly, the Court should dismiss Biomed's Fourth Count because it seeks duplicative relief under ERISA §502(a)(3) that is already available under its First Count pursuant to ERISA §502(a)(1)(B).

### B.   BIOMED'S FOURTH COUNT IS AN IMPROPER ATTEMPT TO RECOVER MONEY DAMAGES NOT AVAILABLE UNDER ERISA §502(a)(3).

Biomed's Count Four also suffers from a more fundamental and incurable problem. Biomed's statutory standing to bring its Count Four is premised on the scope of its assignment of benefits from the Beneficiary, which does not assign to Biomed the right to seek an injunction or declaratory relief. The assignment of benefits, by its own terms, limits Biomed to only seeking recovery of available benefits. (Complaint, Ex. "C"). Similar to the assignment of benefits in *Connecticut* v. *Physicians Health Servs. Of Connecticut, Inc.*, 287 F.3d 110, 116, n. 6 (2d Cir. 2002), the Beneficiary's assignment to Biomed in this matter starts broadly but then circumscribes the kinds of relief that Biomed can seek. While Biomed focuses on the broad language in the assignment of benefits, it is indisputable that the assignment itself limits the kind of relief that Biomed, as the Beneficiary's assignee, can seek on his behalf, which is limited to the right "to recover charges for services rendered." (Complaint, Ex. "C").

Since the assignment of benefits did not confer any rights to Biomed beyond the ability to "recover charges

---

[2] Biomed's counsel, McDermott, Will & Emery represented the defendant in *Mead* and notably argued in that case that the state of the law on this point is exactly the opposite of its interpretation of the law in opposition to Oxford's motion to dismiss in the instant case.

for services rendered," Biomed may not pursue a claim for "other appropriate equitable relief," regardless of whether it is a declaratory judgment or an injunction because Biomed's ability to pursue a claim on the Beneficiary's behalf does not extend beyond recovering money allegedly owed for services rendered. (Complaint, Ex. "C"). Under controlling case law, claims for such money damages are not available under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3). *See Knudson*, 534 U.S. at 210; *Kendall* v. *Employees Retirement Plan of Avon Products*, 561 F.3d 112, 119 (2d Cir. 2009). Accordingly, Biomed's Count Four seeking relief under ERISA §502(a)(3) should be dismissed.

## POINT III
## BIOMED'S COUNT FIVE FOR DEFAMATION/SLANDER *PER SE* FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.     BIOMED'S COUNT FIVE FOR DEFAMATION AND SLANDER *PER SE* IS COMPLETELY PREEMPTED BY ERISA.**

ERISA §514(a), 29 U.S.C. §1144(a) preempts any and all state law claims that "relate to" the administration of an employee welfare benefit plan. Biomed cites to *Strehl* v. *Case Corp.*, No. 97 C 1816, 1997 WL 695729 (N.D. Ill. Nov. 4, 1997) in support of its argument that its defamation claim is not preempted by ERISA. Although *Strehl* did involve a communication relating to the denial of an ERISA benefit claim, the district court pointed out that there was an "absence of a direct effect upon the plan or need to refer to the plan in order to resolve the defamation claim." *Strehl*, 1997 WL 695729, at *5. On that basis, the court found that the claim was not preempted. *Id.* In contrast, Biomed and Oxford have no relationship, other than when Biomed acts as an assignee of a plan participant or beneficiary's benefits. Here, Oxford's communications at issue are plainly related to its administration of claims for benefits under ERISA plans as they allegedly concern its decision not to pay Biomed those benefits because of its licensure and billing practices. Accordingly, these communications directly "relate to" Oxford's administration of the Plan. (Complaint, ¶¶105-106).

Moreover, Biomed has failed to provide any detailed allegations about the alleged defamatory communications, other than one conversation with the Beneficiary's mother. Significantly, this inquiry admittedly concerned a discussion of deductibles and coinsurance under the governing the Plan, which obviously relates to plan administration. (Complaint, ¶¶102-103). Biomed attempts to circumvent ERISA preemption of defamation claims related to Oxford's plan administration activities by failing to plead the remaining allegedly defamatory statements

7

with any specificity. But these other communications also "relate to" plan administration because Oxford has no other relationship with Biomed, as mentioned above. Biomed's claims of defamatory communications between Oxford and the patients, providers and the State Departments of Insurance are clearly of the sort that courts have found to be completely preempted by ERISA because they are the type that "present a challenge to the plan's processing of benefits." (Opp. at 19-20) (citing *Grand Park Surgical Center, Inc.* v. *Inland Steel Co.*, 930 F. Supp. 1214 (N.D. Ill. 1996)); *see also Berry* v. *MVP Health Plan, Inc.*, No. 1:06-CV-120, 2006 WL 4401478, at *7 (N.D.N.Y. Sept. 30, 2006). Accordingly, Biomed's defamation claim should be dismissed because it is completely preempted by ERISA. *See also Jackson* v. *Kroch's & Brentano's, Inc.*, No. 93-C-1333, 1993 WL 243295, at *6 (N.D. Ill. Jun. 30, 1993); *Thomas* v. *Telemecanique, Inc.*, 768 F. Supp. 503, 506 (D. Md. 1991).

### B. BIOMED FAILED TO PLEAD DEFAMATION/SLANDER *PER SE* WITH THE REQUIRED SPECIFICITY.

Biomed asserts that it met the minimum pleading standard under Rule 8(a), FED. R. CIV. P., because a defamation claim need only give "'sufficient notice [to the defendant] of the communications complained of to enable it to defend itself.'" *See Reilly* v. *Natwest Markets Group Inc.*, 181 F.3d 253, 271 (2d Cir. 1999) (citations omitted). But even this minimal pleading standard requires an adequate identification of the communication, as well as an indication of who made the communications in question, when it was made, and to whom it was communicated. *Reeves* v. *Continental Equities Corp.*, 767 F. Supp. 469, 473 (S.D.N.Y. 1991). Biomed's Second Amended Complaint fails to meet even these minimal pleading requirements.

Notably, Biomed fails to point to any actual underlying facts to provide the requisite notice to Oxford about the substance of its claim. For example, (i) Biomed specifies only one date on which an alleged defamatory statement was made (Complaint, ¶ 102), and then confuses even this detail by explaining that the statement may (or may not) have been made following this date;[3] (ii) the only Oxford employee identified by Biomed as having made a statement to a member is Jacqueline Rivera, yet no allegations of any false or defamatory statements in this communication are specified; (iii) recipients of Oxford's allegedly defamatory statements are not adequately

---

[3] As detailed below, the one date Biomed references in its complaint to demonstrate that it has alleged a sufficient claim for defamation is actually outside of the statute of limitations governing defamation claims. (*See* POINT III, D, *infra*.).

8

identified, other than grouping them as anonymous Biomed patients, anonymous physicians and the New Jersey Department of Banking and Insurance (Complaint, ¶¶ 144, 146, 148, 149). In no way do these general allegations provide sufficient notice to Oxford of Biomed's claim and as such, Biomed has not sufficiently pleaded it. *See, e.g., Meyer* v. *Zubak*, No. 97 Civ. 1393, 2000 WL 145754, at *2-3 (S.D.N.Y. Feb. 8, 2000); *Ahmed* v. *Bank of Am.*, 09-CV-2550, 2010 WL 3824168, at *4 (E.D.N.Y. Sept. 24, 2010); *Ives* v. *Guilford Mills*, 3 F. Supp. 2d 191, 199 (N.D.N.Y. 1998); *Wanamaker* v. *Columbian Rop Co.*, 713 F. Supp. 533, 545 (N.D.N.Y. 1989). Accordingly, Biomed's defamation/slander *per se* Count should be dismissed.

### C.     OXFORD'S PURPORTED DEFAMATORY STATEMENTS ARE PROTECTED UNDER QUALIFIED PRIVILEGE.

Biomed maintains that according to the New York State Appellate Division, First Department, a qualified privilege is an affirmative defense, and therefore, it is premature to be asserted on a motion to dismiss. (Opp., p. 23). However, Biomed ignores the fact that the lack of a privilege is a required element of its defamation claim against Oxford that must be affirmatively pleaded. *See Ogbon* v. *Beneficial Credit Services, Inc.*, No. 10 CV 03760(GBD), 2011 WL 347222, at *5 (S.D.N.Y. 2011) ("The elements [of defamation] are a false statement, published **without privilege** or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and, it must either cause special harm or constitute defamation per se.") (emphasis added); *Vaughn* v. *American Multi Cinema, Inc.*, 2010 WL 3835191, *3-*4 (S.D.N.Y. 2010); *Silver* v. *Kuehbeck*, No. 05 Civ. 35, 2005 WL 2990642, at *12-13 (S.D.N.Y. Nov. 7, 2005); *see also Albert* v. *Loksen*, 239 F.3d 256, 265-66 (2d Cir. 2001). Accordingly, Oxford is entitled to dismissal of Biomed's alleged defamatory statements because the statements are protected under a qualified privilege. *See Orenstein* v. *Figel*, 677 F. Supp. 2d 706, 711 (S.D.N.Y. 2009); *see also Weisshaus* v. *Fagan*, No. 08 Civ. 4053, 2010 WL 2813490 (S.D.N.Y. July 15, 2010). Since Biomed's defamation Count ignores this element, it is deficient and should be dismissed on this ground alone.

Moreover, Biomed has not alleged any facts from which Oxford's awareness of falsity could be deduced to support a claim of malice in order to avoid the application of the qualified privilege. In fact, where the basis for a qualified privilege is clear, New York's requirement of specificity applies to the pleading of defamation in a complaint and not merely to plaintiff's ultimate evidentiary burden. *See Gondal* v. *New York City Dep't of Educ.*, 19

9

A.D.3d 141, 142, 796 N.Y.S.2d 594, 595 (1st Dep't 2005) ("conclusory allegations of malice" are, as a matter of law, "insufficient to overcome the privilege"); *Hassan* v. *Spicer*, No. 05-CV-1526(FB), 2006 WL 228958, *2 (E.D.N.Y. Jan 31, 2006).  Accordingly, the application of the qualified immunity privilege is a proper basis for dismissal of Biomed's Count Five.

### D.  BIOMED'S COUNT FIVE FOR DEFAMATION AND SLANDER *PER SE* IS TIME-BARRED.

Biomed once again attempts to exploit its own inadequate pleadings to overcome the one-year statute of limitations applicable to defamation claims.  *See* N.Y. C.P.L.R. §215(3).  Even though Biomed did not commence this action until August 19, 2010, and Biomed's Count Five identifies only one date—August 16, 2009—on which Oxford allegedly made defamatory statements, Biomed now argues in its opposition that the relevant defamatory statements were made on ***or following*** August 16, 2009 in order to overcome the one-year statute of limitations hurdle.  (Opp., p. 24).  This argument epitomizes Biomed's pattern of asking the Court to excuse its deficient pleadings, and in the same breath, argue that the very vagueness of its pleading prevents the Court from ruling on a valid basis for dismissal.  This argument is nonsensical, especially in light of the fact that this is Biomed's third (and final) attempt at drafting a complaint and any error in pleading should certainly have been cured by this point in the proceedings.  Since the only date alleged with any specificity demonstrates that Biomed's claim is time-barred, Biomed's remaining factual allegations that fail to set forth any specificity as to time are insufficient as a matter of law to avoid dismissal.  *See Reeves*, 767 F. Supp. at 473.

### CONCLUSION

For the reasons set forth in Oxford's initial Memorandum of Law and for the foregoing reasons, this Court should grant Oxford's motion to dismiss Biomed's Counts Two through Five of its Second Amended Complaint for failure to state a claim for which relief can be granted.

Dated:  New York, New York
April 11, 2011

Respectfully Submitted,
s/
_____
MICHAEL H. BERNSTEIN (MB 0579)
JOHN T. SEYBERT (JS 5014)
DANIEL M. MEIER (DM 2833)
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
Attorneys for Defendant
125 Broad Street, 39th Floor
New York, NY 10004

10

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS BIOMED'S SECOND AMENDED COMPLAINT** was served via ECF and Regular Mail on April 11, 2011, upon the following:

| | |
|---|---|
| Michael Dillon, Esq. | Steven Siff, Esq. |
| McDermott Will & Emery LLP | McDermott Will & Emery LLP |
| 340 Madison Ave. | 201 South Biscayne Boulevard |
| New York, NY 10173 | Suite 2200 |
| | Miami FL 33131-4336 |

Dated: New York, New York
April 11, 2011

s/_____
JOHN T. SEYBERT (JS 5014)

11