UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KAREN NOVICK,

|                                          |                              |
|------------------------------------------|------------------------------|
|                            Plaintiff,    | Civil Action No.:            |
|                                          | 09 Civ. 6865 (RJH)           |
|              -against-                   |                              |
| METROPOLITAN LIFE INSURANCE COMPANY      | DOCUMENT                     |
| and METLIFE OPTIONS AND CHOICES PLAN     | ELECTRONICALLY FILED         |
| NO. 512,                                 |                              |
|                            Defendants.   |                              |

------------------------------------------------------------------X


## DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND METLIFE OPTIONS AND CHOICES PLAN NO. 512'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR CERTIFICATION OF QUESTIONS FOR INTERLOCUTORY APPEAL

SEDGWICK, DETERT, MORAN & ARNOLD LLP
**Attorneys for Defendants**
Metropolitan Life Insurance Company and
MetLife Options And Choices Plan No. 512
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
(SDMA File No. 00584-007613)

Michael H. Bernstein
John T. Seybert
    Of counsel

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES................................................................................................ii

PRELIMINARY STATEMENT ..........................................................................................1

ARGUMENT.........................................................................................................................1

POINT I:

THIS COURT'S RULING THAT AN ERISA PLAN'S LIMITATION OF ACTIONS
PROVISION IS UNENFORCEABLE UNLESS NOTICE OF IT IS INCLUDED IN
THE INITIAL ADVERSE BENEFIT DETERMINATION LETTER SHOULD BE
CERTIFIED TO THE  U.S. COURT OF APPEALS FOR IMMEDIATE CONSIDERATION ..............1

    A.    The Issue Decided By The Court, Which Is A Question Of First Impression In
This Circuit, Concerns A Controlling Question Of Law.................................................1

    B.    There Are Substantial Grounds For A Difference Of Opinion On This Issue.............................2

    C.    An Immediate Appeal Will Materially Advance The Ultimate Resolution Of
This Litigation ......................................................................................................5

    D.    The Issue Of "Exceptional Circumstances" Is Premature, And In Any Event,
It Is Manifest From Defendants' Showing In The Motion................................................5

POINT II:

THIS COURT'S RULING THAT THE LTD PLAN'S CONDITION PRECEDENT
REQUIRING RECEIPT OF ALL AVAILABLE STD BENEFITS UNDER THE PLAN
IS AMBIGUOUS SHOULD BE CERTIFIED TO THE U.S. COURT OF APPEALS FOR
IMMEDIATE CONSIDERATION........................................................................................7

    A.    The Issue Decided By The Court Concerns A Controlling Question Of Law.............................7

    B.    There Are Substantial Grounds For A Difference Of Opinion On This Issue.............................8

    C.    An Immediate Appeal Will Materially Advance The Ultimate Resolution Of
This Litigation ....................................................................................................10

    D.    A Showing Of "Exceptional Circumstances" Is Not Necessary At This Time .............................10

CONCLUSION....................................................................................................................10

CERTIFICATE OF SERVICE .............................................................................................11

NY/693430v1

## TABLE OF AUTHORITIES

Page(s)

### *CASES*

*Boggs v. Boggs,*
    520 U.S. 833 (1997) ...........................................................................................................6

*Burke v. PricewaterhouseCoopers LLP, Long Term Disability Plan,*
    572 F.3d 76 (2d Cir. 2009)...............................................................................................8

*Conkright v. Frommert,*
    130 S.Ct. 1640 (2010) ......................................................................................................9

*Coopers & Lybrand v. Livesay,*
    437 U.S. 463 (1978) ..........................................................................................................5

*Credit Suisse First Boston, LLC v. Intershop Commuc. AG,*
    No. 04-cv-6854 (RJH), 2006 WL 2734233 (S.D.N.Y. Sept. 25, 2006)............................6

*Eastman Kodak Co. v. STWB, Inc.,*
    452 F.3d 215 (2d Cir. 2006)..............................................................................................3

*Egelhoff v. Egelhoff,*
    532 U.S. 141 (2001) ..........................................................................................................6

*Hooven v. Exxon Mobil Corp.,*
    465 F.3d 566 (3d Cir. 2006)..............................................................................................6

*Kennedy v. Blue Cross And Blue Shield,*
    989 F.2d 588 (2d Cir. 1993)..............................................................................................3

*Mazzaferro v. RLI Ins. Co.,*
    50 F.3d 137 (2d Cir. 1995) ................................................................................................2

*McMahon v. Wherehouse Enter., Inc.,*
    65 F.3d 1044 (2d Cir. 1995)..............................................................................................2

*Primavera Familienstifung v. Askin,*
    139 F. Supp.2d 567 (S.D.N.Y. 2001) ...............................................................................6

*Quigley v. Citigroup Supplemental Plan For Shearson Transfers,*
    No. 09 Civ. 8944(PGG), 2011 WL 1213218 (S.D.N.Y. Mar. 29, 2011) ..........................3

*Scharff v. Raytheon Company Short Term Disability Plan,*
    No. EDCV 07-134, 2007 WL 2947566 (C.D. Cal. Jun. 22, 2007), aff'd, 581 F.3d 899 (9th Cir. 2009),
    cert denied, 130 S.Ct. 3508 (2010)...........................................................................4, 6, 7

*Solien v. Raytheon Long Term Disability Plan #590,*
    No. CV 07-456 (TUC)(DCB), 2008 WL 2323915 (D. Ariz. Jun. 2, 2008).................3, 4, 6, 7

# TABLE OF AUTHORITIES

Page(s)

*Veltri v. Building Serv. 32B-J Pension Fund,*
   393 F.3d 318 (2d Cir. 2004)..................................................................................5

*World Trade Ctr. Props., LLC v. Hartford Fire Ins. Co.,*
   345 F.3d 154 (2d Cir. 2003)..................................................................................8

*Young v. United Parcel Services, Inc. Employees' Short Term Disability Plan,*
   No. 10-4156, 2011 WL 984734 (10th Cir., Mar. 22, 2011) ................................2, 3, 4, 5, 7

## STATUTES

28 U.S.C. §1292(b) ..................................................................................................1

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq....................................1

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) .................................................1, 2, 3, 7

Fᴇᴅ. R. Cɪᴠ. P. 12(b)(6) .............................................................................................1

## REGULATION

29 C.F.R. §2560.503-1(g)(1)....................................................................................2, 3, 4, 5

NY/693430v1

## PRELIMINARY STATEMENT

Defendants, Metropolitan Life Insurance Company ("MetLife") and MetLife Options And Choices Plan No. 512 (the "Plan"), submit this Reply Memorandum of Law in further support of their motion for an order pursuant to 28 U.S.C. §1292(b) certifying for immediate appeal the Court's February 10, 2011 Memorandum Opinion And Order ("Order") denying Defendants' motion pursuant to FED. R. CIV. P. 12(b)(6) for an order dismissing plaintiff Karen Novick's ("Novick") Complaint.

In its Order, this Court ruled that Defendants were estopped from enforcing the six-month limitation of action period set forth in the MetLife Options And Choices Plan No. 512 (the "Plan") — an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.* — because MetLife did not advise Novick of this provision in its initial adverse claim determination letter. The Court also found that the Plan terms requiring exhaustion of short term disability ("STD") benefits before a participant is eligible for long term disability ("LTD") benefits were ambiguous and thus not enforceable. For the reasons discussed in the initial moving papers and as further discussed below, this Court should grant Defendants' motion for an immediate appeal of these issues because they involve pure questions of law and important issues of first impression in this Circuit. Moreover, nothing in Novick's opposition provides a legitimate basis for denial of Defendants' motion.

## ARGUMENT

### POINT I

**THIS COURT'S RULING THAT AN ERISA PLAN'S LIMITATION OF ACTIONS PROVISION IS UNENFORCEABLE UNLESS NOTICE OF IT IS INCLUDED IN THE INITIAL ADVERSE BENEFIT DETERMINATION LETTER SHOULD BE CERTIFIED TO THE U.S. COURT OF APPEALS FOR IMMEDIATE CONSIDERATION**

**A.    The Issue Decided By The Court, Which Is A Question Of First Impression In This Circuit, Concerns A Controlling Question Of Law**

Defendants' motion to dismiss argues that the Plan's six-month limitation of actions provision running from the date of MetLife's final determination of Novick's claim for STD benefits on appeal barred her ERISA §502(a)(1)(B) lawsuit challenging that determination. (Memorandum Opinion and Order dated February 14, 2011, Doc. No. 22 ("Order"), pp. 8-9). This Court ruled that if the Plan's six-month limitation of action provision is enforceable, Novick's ERISA §502(a)(1)(B) lawsuit challenging MetLife's adverse determination of her STD claim

would be time-barred as a matter of law. (Order, pp. 8-9). But this Court held that Department of Labor ("DOL") Regulation 29 C.F.R. §2560.503-1(g)(1) required MetLife to notify Novick of the Plan's limitation of actions provision in its initial adverse benefit determination letter and that MetLife failed to so notify Novick. (Order, p. 9). Thus, the Court held, the provision was unenforceable. (*Id.*). It is not disputed that this ruling, which Defendants seek to have reviewed by the Court of Appeals, concerns a controlling and dispositive issue of law. *See McMahon* v. *Wherehouse Enter., Inc.*, 65 F.3d 1044, 1047 (2d Cir. 1995); *Mazzaferro* v. *RLI Ins. Co.*, 50 F.3d 137, 138 (2d Cir. 1995).

## B.   There Are Substantial Grounds For A Difference Of Opinion On This Issue

In order to find the Plan's limitation of actions provision unenforceable, this Court concluded that a lawsuit pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) is part of the administrative remedies afforded under the ERISA-governed welfare benefit plan. (Order, p. 11). In its Motion For Certification Of Questions For Interlocutory Appeal (the "Motion"), Defendants demonstrated that there are substantial grounds for a difference of opinion concerning this holding because: (1) Congressional intent demonstrates that an ERISA civil action for benefits is not part of the in-plan administrative remedies; (2) the DOL similarly treats the in-plan administrative process and a civil action under ERISA §502(a)(1)(B) as separate proceedings; and (3) controlling case law from the Second Circuit confirms that these are separate proceedings. (Defendants' Memorandum Of Law In Support Of Their Motion For Certification Of Questions For Interlocutory Appeal dated March 11, 2011, Doc. No. 25 ("MOL"), pp. 11-14).

Recently, in *Young* v. *United Parcel Services, Inc. Employees' Short Term Disability Plan*, No. 10-4156, 2011 WL 984734 (10th Cir., Mar. 22, 2011), the Tenth Circuit ruled that an ERISA §502(a)(1)(B) claim is *not* part of a plan's administrative remedies. In *Young*, the plaintiff similarly argued that the ERISA Plan's claim administrator was required to notify her about the Plan's limitation of action period because the summary plan description stated that "the notice of denial will contain 'a description of the Plan's appeal procedures, including a statement of your right

to bring a civil action following a denial of your appeal.'" *Id.*, at *4.[1]  The Tenth Circuit rejected this argument, holding that "this argument conflates the internal appeals process, and its associated deadlines, with the filing of a legal action after that process has been fully exhausted." *Id.*

The Tenth Circuit's ruling in *Young* indisputably demonstrates that there are substantial grounds for disagreement with the reasoning of this Court.  In reaching its ruling, this Court expressly noted that "[t]he Court can find no case squarely addressing the question whether a civil action under 29 U.S.C. §1132(a) is specifically part of the 'plan's review procedures.'" (Order, p. 11).  The Tenth Circuit's opinion in *Young*, issued six weeks after this Court's decision, squarely addressed this issue and reached the opposite conclusion.

Moreover, the Tenth Circuit's ruling is consistent with Congressional intent, the DOL's interpretation of the regulation under consideration here, and controlling Second Circuit case law.  (MOL, pp. 11-14).  *See Kennedy* v. *Blue Cross And Blue Shield*, 989 F.2d 588 (2d Cir. 1993); *Quigley* v. *Citigroup Supplemental Plan For Shearson Transfers*, No. 09 Civ. 8944(PGG), 2011 WL 1213218, *6 (S.D.N.Y. Mar. 29, 2011) ("'ERISA requires both that employee benefit plans have reasonable claims procedures in place, and that plan participants avail themselves of these procedures *before turning to litigation*.'") (emphasis supplied) (quoting *Eastman Kodak Co.* v. *STWB, Inc.*, 452 F.3d 215, 219 (2d Cir. 2006)).

Novick argues that there are no "substantial grounds for disagreement" on this issue because MetLife did not appeal the decision from the U.S. District Court for the District of Arizona in *Solien* v. *Raytheon Long Term Disability Plan #590*, No. CV 07-456 (TUC)(DCB), 2008 WL 2323915 (D. Ariz. Jun. 2, 2008).  Not only is this point irrelevant, but it is a total *non sequitor*.  Initially, Novick's argument is completely off point because this Court did not follow *Solien* in reaching its decision. (Order, p. 9, n. 4).  Instead, this Court distinguished its holding from the holding in *Solien* and therefore, anything that MetLife did with respect to *Solien*,  including its decision not to appeal that ruling, does not demonstrate its agreement with this Court's holding in the matter *sub judice*. Furthermore, Novick's argument is also baseless because MetLife's decision not to appeal a decision in an

---

[1] The quoted language in the plan is materially the same as that contained in 29 C.F.R. §2560.503-1(g)(1)(iv), which requires "[a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act."

3

unrelated case is not probative of whether there are substantial grounds for disagreement concerning this Court's ruling in this case because other factors affect such a decision, including costs, the merits of the substantive issues in the case and potential for settlement.  In fact, MetLife successfully appealed the U.S. District Court for the Central District of California's decision in *Scharff* v. *Raytheon Company Short Term Disability Plan*, No. EDCV 07-134, 2007 WL 2947566 (C.D. Cal. Jun. 22, 2007), *aff'd*, 581 F.3d 899, 906-07 (9th Cir. 2009), *cert denied*, 130 S.Ct. 3508 (2010).  Notably, in *Scharff*, 581 F.3d at 910, n.2, the Ninth Circuit reached the opposite legal conclusion than the District Court of Arizona reached in *Solien*, thus overruling it by implication.

Novick also suggests that substantial grounds for a difference of opinion do not exist because Defendants have purportedly retreated from their original interpretation that *Scharff* overruled *Solien* as argued in the motion to dismiss.  Novick asserts that in the motion to certify questions for interlocutory appeal, Defendants argued that *Scharff* "came narrowly close to addressing this issue."  (Novick's Memorandum of Law In Opposition To Defendants' Motion For Certification Of Questions For Interlocutory Appeal, dated April 6, 2011, Doc. No. 30 ("Opp."), p.6).  But, Novick misstates Defendants' arguments, which have not changed.  There can be no dispute that in *Scharff*, the Ninth Circuit impliedly overruled the district court's holding in *Solien*.  581 F.3d at 910, n. 2.  In *Scharff*, the Ninth Circuit held that ERISA does not require a plan administrator to restate the Plan's limitation of actions period in a final appeal determination letter.  581 F.3d at 908.  The Ninth Circuit further ruled that a California law requiring additional notice of the Plan's limitation of actions period was preempted because it related to the administration of the plan and conflicted with ERISA's disclosure requirements.  581 F.3d at 908.  Since Novick never argued that 29 C.F.R. §2560.503-1(g)(1)(iv) required Defendants to advise her of the Plan's limitation of actions provision in an initial adverse benefit determination letter, Defendants did not address that issue in its reply in support of their motion to dismiss.

Nevertheless, since this Court found, on its own initiative, that this regulation required Defendants to advise Novick of the Plan's limitation of actions provision in the initial adverse benefit determination letter, Defendants addressed that issue in the Motion.  But this issue is irrelevant at this point, since the Tenth Circuit's decision in *Young* demonstrates that there are substantial grounds for a difference of opinion as to whether an

4

ERISA civil action is part of the Plan's administrative review procedures, which is the basis for the Motion.  2011 WL 984734, at *4.

Novick also argues that this Court's holding is consistent with the Second Circuit's decision in *Veltri* v. *Building Serv. 32B-J Pension Fund*, 393 F.3d 318 (2d Cir. 2004).  (Opp., p. 8).  This is a complete misstatement of the Second Circuit's holding in that case.  In *Veltri*, the defendant plan administrator failed to advise the participant of his right to seek an administrative appeal or to file a lawsuit.  The Second Circuit held "that failure to comply with the regulatory obligation to disclose the existence of a cause of action to the plan participant whose benefits have been denied is the type of concealment that entitles plaintiff to equitable tolling of the statute of limitations." *Id.* at 324.  Therefore, the Second Circuit's holding in *Veltri* does not support Novick's contention because Defendants did not conceal from her the right to bring a lawsuit.  Indeed, MetLife explicitly advised Novick of that right in both its initial and final adverse benefit determination letters.  (*See* Complaint, Exs. "1" & "6").

## C.   An Immediate Appeal Will Materially Advance The Ultimate Resolution Of This Litigation

As demonstrated in Defendants' MOL, the third and final requirement for an interlocutory appeal is that it will materially advance the resolution of the case.  This point is closely linked to whether there is a controlling question of law.  Novick does not dispute this issue at all, and thus, concedes the point.

## D.   The Issue Of "Exceptional Circumstances" Is Premature, And In Any Event, It Is Manifest From Defendants' Showing In The Motion

Novick argues that the Court should deny the Motion because Defendants have not proven "exceptional circumstances" to justify an interlocutory appeal.  This argument is premature.  In *Coopers & Lybrand* v. *Livesay*, 437 U.S. 463, 474-75 (1978), the U.S. Supreme Court held that "if the district judge certifies the order under §1292(b), the appellant still 'has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"  Thus, the issue of whether "exceptional circumstances" exist is for the Circuit Court to decide in the event this Court certifies the Order for interlocutory appeal.

In any event, "exceptional circumstances" do exist in this matter.  This Court recognized that it is the first Court in the nation to find that 29 C.F.R. §2560.503-1(g)(1)(iv) requires the claim administrator to restate the Plan's

written limitation of actions provision in the initial adverse benefit determination letter in order for the written Plan term to be enforceable.

In *Scharff*, 581 F.3d at 908, the Ninth Circuit rejected similar arguments and enforced the plan's limitation of actions provision despite the fact that the claim administrator did not notify the claimant about the Plan's limitation of actions provision in either the initial or final adverse determination letters because: (1) "ERISA and its implementing regulations contain broad and detailed disclosure rules to protect plan beneficiaries. . . [and w]e see no need to supplement the comprehensive scheme already in place for regulating plan administrators' disclosures to participants;" and (2) "[t]o require plan administrators within the Ninth Circuit to inform participants separately of time limits already contained in the SPD, when other circuits have rejected a similar rule, would place the Ninth Circuit out of line with current federal common law and would inject a lack of uniformity into ERISA law." This Court's decision creates a requirement that ERISA Plan claim administrators provide notice in their initial adverse benefit determination letters that has never previously been found to exist. *See Hooven* v. *Exxon Mobil Corp.*, 465 F.3d 566, 573, n.5 (3d Cir. 2006). As a result, claims administrators will be left unsure about whether they are required to restate plan limitation of actions provisions in initial adverse benefit determination letters in order for the Plan terms to be enforceable. If an interlocutory appeal is not allowed, this uncertainty will remain until this matter is fully and finally resolved by this Court, at which point an appeal can be taken, which may take years.[2] *See Credit Suisse First Boston, LLC* v. *Intershop Commnc. AG*, No. 04-cv-6854 (RJH), 2006 WL 2734233, *3 (S.D.N.Y. Sept. 25, 2006) (noting "the issue has 'precedential value for a large number of cases.'") (quoting *Primavera Familienstifung* v. *Askin*, 139 F. Supp.2d 567, 570 (S.D.N.Y. 2001)). Until that issue can be determined by the Court of Appeals, this Court's opinion will not be controlling but will create a patchwork of disclosure obligations. *See Egelhoff* v. *Egelhoff*, 532 U.S. 141 (2001); *Boggs* v. *Boggs*, 520 U.S. 833 (1997).

Novick argues that Defendants purportedly waived any ability to pursue an interlocutory appeal of this Court's ruling in this case because MetLife did not appeal the district court's decision in *Solien*. (Opp., p. 10). First,

---

[2] It is also possible that Defendants will prevail on the merits of Novick's claim and that Novick may decide not to appeal that ruling. In that situation, Defendants will be left without the ability to pursue an appeal on this issue once a final order is issued.

Novick's novel collateral estoppel theory is meritless as a matter of law and she cites no law supporting such an untenable argument. Second, Novick fails to acknowledge that the appeal in *Scharff*[3] had already been taken by the time the district court in *Solien* issued its opinion, and was fully briefed thereafter. 581 F.3d at 899. So, there was no immediate need for MetLife to seek an interlocutory appeal of the district court decision in *Solien* because the issues in controversy in that case were already raised in the Court of Appeals in *Scharff*, 581 F.3d at 910, n.2. In this case, there is no other case pending in the Second Circuit that addresses the question of whether an ERISA claim administrator is required to restate the Plan's limitation of actions provision in its initial adverse benefit determination letter.

Moreover, as demonstrated previously, in order to reach the ruling in question, this Court held that Novick's ERISA §502(a)(1)(B) civil action is actually part of the Plan's administrative remedies. The Tenth Circuit has expressly rejected this conclusion. *See Young*, 2011 WL 9874734, at *4. Thus, "exceptional circumstances" exist because the Second Circuit should address whether this Court's interpretation of the ERISA regulations, which stands in conflict with the ruling of the Tenth Circuit, is correct.

Accordingly, an immediate appeal is necessary so that the Court of Appeals can provide guidance to ERISA claim administrators as to whether DOL Regulations require that they include notice to participants of Plan limitation of actions provisions in initial adverse claim determination letters in order for such provisions to be enforceable.

**POINT II**
**THIS COURT'S RULING THAT THE LTD PLAN'S CONDITION
PRECEDENT REQUIRING RECEIPT OF ALL AVAILABLE STD
BENEFITS UNDER THE PLAN IS AMBIGUOUS SHOULD BE CERTIFIED
TO THE U.S. COURT OF APPEALS FOR IMMEDIATE CONSIDERATION**

**A.      The Issue Decided By The Court Concerns A Controlling Question Of Law**

This Court found that the Plan's terms providing that "[i]f you remain Disabled after 26 (or 27) weeks after receiving all of your [STD benefits], LTD benefits may commence," was ambiguous and therefore was not a condition precedent. (Hallford Dec., Ex. "B," p. 10). (Order, p. 23). In their initial moving papers, Defendants established that the interpretation of whether the LTD Plan language requiring exhaustion of STD benefits is a

---

[3] The same ERISA plan was at issue in both *Solien* and *Scharff*. *See Scharff*, 581 F.3d at 910, n.2.

condition precedent to Novick's eligibility to apply for LTD benefits is an issue of law that can be resolved by this Court.  *See World Trade Ctr. Props., LLC* v. *Hartford Fire Ins. Co.*, 345 F.3d 154 (2d Cir. 2003).  In its Order, this Court agreed that this point concerns a question of law.  (Order, p. 21).

Novick does not dispute that this question involves a controlling issue of law.  Instead, Novick attempts to inject an irrelevant factual issue into the discussion, which she asserts must be decided before a legal ruling on this point can have any effect.[4]  Specifically, Novick argues that the factual question of whether Defendants effectively prevented her from obtaining LTD benefits by denying her STD benefits precludes a ruling as a matter of law on this point in the proceedings.[5]  (Opp., p. 9).  But this purported factual issue is immaterial to either question to be certified for appeal because if the Plan's limitation of actions provision is enforceable as written, then Novick is time-barred as a matter of law from challenging MetLife's decision-making on her STD claim.  *See Burke* v. *PricewaterhouseCoopers LLP, Long Term Disability Plan*, 572 F.3d 76 (2d Cir. 2009).

**B.    There Are Substantial Grounds For A Difference Of Opinion On This Issue**

Defendants argued that the Plan requires Novick to exhaust all available STD benefits before being eligible for Plan LTD benefits.  (MOL, p. 16).  Novick argues that Defendants failed to meet their burden of demonstrating substantial grounds for disagreement on this point because they have not shown a disagreement about the governing law on point, quoting from a portion of this Court's decision that string cites cases involving black letter law regarding interpretation of contractual provisions.  (Opp., pp. 12-13).  Defendants do not disagree with the Court's statement of law, but rather, disagree with its interpretation of the Plan's terms and its application of the law to the circumstances presented in this matter.

Novick's opposition consists of constructing and deconstructing several "straw man" arguments that the Defendants have not made.  This exercise in misdirection does not diminish the fact that substantial grounds for disagreement with this Court's ruling exist.  Defendants argued that there are substantial grounds for disagreement

---

[4] Novick identifies this issue as a holding by this Court that Defendants purportedly do not seek to appeal. Novick's argument is a misreading of the Court's Order and Defendants' motion to dismiss.
[5] Novick's argument is dubious at best since she was at all time represented by counsel who could have (and should have) filed a timely lawsuit to challenge MetLife's decision-making on her STD claims, but failed to do so.

NY/693430v1

as to whether the Plan can be read to require a participant to have exhausted and received all available STD benefits before being eligible to receive LTD Plan benefits. (MOL, p. 16). It makes no difference that this Court applied accepted rules of contract interpretation and reached the opposite conclusion than that proposed by Defendants. What is important is this Court's acknowledgment that "there exists a plausible reading of the LTD SPD that would not require receipt of twenty-six weeks of STD benefits before becoming eligible for LTD benefits." (Order, p. 26). Thus, the Court's decision demonstrates that there are substantial grounds for disagreement about this interpretation, as a matter of law.

Novick quotes the section of the Plan regarding "When LTD Benefits Are Not Paid," which does not specifically list the exhaustion of STD benefits as a circumstance requiring non-payment of LTD benefits to support her argument that there are no substantial grounds for disagreement concerning the proper interpretation of the Plan. (Opp., p. 11). Notably, this Court did not consider that provision to be material to its ruling on this issue. (Order, pp. 22-23). This is likely because this provision is only applicable when benefits are available; i.e. once all conditions precedent have been met. Moreover, the section Novick cites states that benefits are not paid if the participant "no longer meet[s] the definition of Disability as defined by the Plan." Thus, if Novick was not entitled to receive STD benefits because she was no longer disabled, it is understood that she did not "meet the definition of Disability" under the Plan and thus, her circumstances would easily fall within the parameters of this provision, in any event.

Perhaps of greater importance is the fact that this Court did not consider that MetLife exercised its discretion in interpreting the Plan to require approval and receipt of all available STD benefits as a condition precedent to eligibility to receive LTD Plan benefits. Since the Plan grants MetLife full discretionary authority to interpret the Plan documents (Declaration of Matthew Hallford dated April 29, 2010, Doc. No. 15 , Ex. "B," p. 23), its interpretation of the Plan terms may not be overturned unless it is arbitrary and capricious. *Conkright* v. *Frommert*, 130 S.Ct. 1640, 1646 (2010); *Pagan* v. *NYNEX Pension Plan,* 52 F.3d 438, 442 (2d Cir. 1995). Accordingly, while the Court may find Novick's interpretation of the LTD Plan language plausible, it may not overturn MetLife's interpretation unless it finds it to have been wrong as a matter of law, which it did not find.

9

**C.**     **An Immediate Appeal Will Materially Advance The Ultimate Resolution Of This Litigation**

In support of their motion, Defendants showed that Novick's claim for benefits under the LTD Plan is subject to dismissal because she did not receive and exhaust all available STD benefits under the Plan and that the LTD Plan requires that she exhaust STD benefits before she is eligible to receive Plan LTD benefits. Novick's only argument is that a question of fact exists because she alleges that Defendants prevented her from obtaining LTD benefits by denying her STD benefits. But for the reasons explained in POINT II, A, *supra*, that is not a material issue preventing the Court of Appeals from resolving this matter fully and finally.

**D.**     **A Showing Of "Exceptional Circumstances" Is Not Necessary At This Time**

As discussed above, a showing of "exceptional circumstances" must to be made to the Second Circuit, not the district court. *See* POINT I, D, *supra*. In any event, "exceptional circumstances" exist here because a ruling on this issue will end the matter and provide a complete and final disposition of this matter. This Court's interpretation of the LTD Plan terms now controls this case and it would serve no purpose to litigate this issue to the end if it can be addressed by the Second Circuit along with the first issue on interlocutory appeal.

**CONCLUSION**

For the reasons set forth in Defendants' initial Memorandum of Law and for the foregoing reasons, this Court should enter an Order granting certification for interlocutory review of the issues raised in Defendants' motion to dismiss and any other and further relief it deems just and appropriate.

Dated:     New York, New York
   April 13, 2011         Respectfully submitted,
                 SEDGWICK, DETERT, MORAN & ARNOLD LLP


             s/_____
             MICHAEL H. BERNSTEIN
             JOHN T. SEYBERT
             125 Broad Street, 39th Floor
             New York, New York 10004-2400
             (212) 898-4028

NY/693430v1

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached

DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND METLIFE OPTIONS AND

CHOICES PLAN NO. 512'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR

MOTION TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL was served via ECF on this 13th day of

April, 2011, upon the following:

> Scott M. Riemer, Esq.
> Riemer & Associates
> 60 East 42nd Street, Suite 1750
> New York, NY 10165
>
> Alan H. Casper, Esq.
> 121 S. Broad Street, 20th Floor
> Philadelphia, PA 19107

s/_____
JOHN T. SEYBERT (JS 5014)

Dated:    New York, New York
          April 13, 2011

11

NY/693430v1