

ATTORNEYS AT LAW

125 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

Michael H. Bernstein
(212) 898-4011
michael.bernstein@sedgwicklaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/7/11

November 4, 2011

*Via Facsimile ((215) 546-1159)*
Hon. Andrew J. Peck, U.S.M.J.
United States District Court For the
Southern District Of New York
500 Pearl St.
New York, NY 10007-1312

Re: *Karen Novick v. Metropolitan Life Insurance Company*
    Civ. Act. No. 09-cv-6865(RJH)(AJP)
    File No.: 00584-007613

**BY ECF**

MEMO ENDORSED 11/7/11
Below schedule confirmed and approved.

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

Dear Magistrate Judge Peck:

This office represents the Defendants, Metropolitan Life Insurance Company ("MetLife") and the MetLife Options and Choices Plan No. 12 (the "Plan"). Enclosed is a copy of the letter we sent to plaintiff's counsel in accord with your order.

Also, below is a copy of the briefing schedule you set for motions for summary judgment. This schedule was confirmed with plaintiff's counsel to be correct, which is as follows:

| Date | Description | Page Limit |
| --- | --- | --- |
| December 2, 2011 | Last day for defendants to file their motion for summary judgment (35 pages maximum) | 35 pages |
| January 6, 2012 | Last day for plaintiff to file her opposition and cross-motion for summary judgment | 35 pages |
| January 20, 2012 | Last day for defendants to file their opposition to cross-motion and reply on motion | 25 pages |
| January 27, 2012 | Last day for plaintiff to filer her reply on her cross-motion | 25 pages |

Thank you for your consideration of this matter.

NY/754991v1

Hon. Andrew J. Peck, U.S.M.J.
Re: Karen Novick v. Metropolitan Life Insurance Company
    Civ. Act. No. 09-cv-6865(RJH)(AJP)
November 4, 2011
Page 2

Respectfully submitted,

Michael H. Bernstein
Sedgwick LLP

MHB

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **LETTER DATED NOVEMBER 4, 2011** was served via email on this 4th day of November, 2011 upon the following:

| | |
|---|---|
| Alan H. Casper Esq.<br>1845 Walnut Street, Suite 1500<br>Philadelphia PA 19107<br><br>Business Phone: (215) 546-1124<br>Business E-mail:<br>acasper@alanhcasperesq.com | Scott M. Riemer Esq.<br>Riemer & Associates<br>60 East 42nd Street, Suite 1750<br>New York NY 10165<br><br>Business Phone: (212) 297-0700<br>Business E-mail: sriemer@riemerlawfirm.com |

_____
JOHN T. SEYBERT

Dated:   New York, New York
         November 4, 2011

NY/754991v1

ATTORNEYS AT LAW

125 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

November 4, 2011

*Via E-mail (acasper@alanhcasperesq.com)*
Alan H. Casper, Esq.
1845 Walnut Street, Suite 1500
Philadelphia, PA 19107

Re: *Novick v. Metropolitan Life Ins. Co., et al.*
    Civ. Act. No. 09 Civ. 6865 (RJH)
    File No.: 00584-007613

Dear Mr. Casper:

This letter and its enclosures is in accord with the Court's order at the conference held last week on October 27, 2011 addressing the remaining discovery issues in dispute in this matter:

1. At the conference, the Court ruled that MetLife's claim guidelines would be kept confidential pursuant to the proposed confidentiality order. This will confirm your discussion with my office on November 3, 2011, during which you confirmed that you have signed the proposed protective order and mailed it to us. Upon receipt, we will promptly present it to the Court to be so ordered. This letter will also confirm that on October 28, 2011, in accord with Judge Peck's "honor system" ruling, we produced the responsive claims guidelines to you, advising that the documents should be kept confidential pursuant to proposed formal confidentiality order to be issued by the Court.

2. At the conference, the Court ruled that MetLife should produce a copy of plaintiff Karen Novick's ("Novick") 2006 election form or provide an affidavit stating that Novick's elections remained unchanged from 2006. Enclosed is the Declaration of Jan M. Kelly, which complies with the Court's order. Also enclosed is a screen print demonstrating that no withholdings from Novick's first paycheck in January 2006. were made for the payment of an LTD benefit greater than 40%.

3. The Court requested that MetLife explain its ability to identify those Lyme Disease claims that: 1) MetLife referred to Network Medical Review Services ("NMR") for an opinion regarding the claimant's restrictions and limitations during the years 2007 and 2008; and 2) Dr. Payne reviewed for MetLife through a referral from NMR or another vendor for the years 2007 and 2008. In response, we state that MetLife does not directly track diagnosis information in relation to specific reports prepared by independent physician consultants. However, in response to the Court's request, MetLife, by cross-referencing its expense tracking reports which reference the diagnosis code identified on the vendor referral request form, believes it has identified, within a reasonable degree of certainty, 21 Lyme Disease claims referred to NMR for an opinion regarding the claimant's restrictions and limitations during the years 2007 and 2008 resulting in a total of 40 reports. Of those 21 Lyme Disease claims, two were reviewed by Dr. Payne, one of which

Alan H. Casper, Esq.
Re: Novick v. Metropolitan Life Ins. Co., et al.
    Civ. Act. No. 09 Civ. 6865 (RJH)
November 4, 2011
Page 2

was the Novick claim, resulting in two reports. MetLife has also determined, within a reasonable degree of certainty, that a total of 369 reports were prepared by Dr. Payne in response to a request by MetLife for an opinion regarding a claimant's restrictions and limitations during 2007 and 2008. 236 of those reports resulted from a referral by MetLife to NMR and 133 of those reports resulted from a referral by MetLife to another vendor. MetLife was able to determine, within a reasonable degree of certainty, three of these 369 reports relate to a diagnosis of Lyme Disease including the two reports done through NMR referenced above which includes the report prepared in the Novick claim and one additional report done through a referral to another vendor. MetLife is unable to determine whether or not Dr. Payne concluded in any individual report that there were restrictions and limitations without reviewing the report at issue and the corresponding claim file. MetLife estimates that it would take approximately 30 minutes per file to identify this information in relation to each of the 369 reports for a total of 184.5 hours. Please note that this review would take a full time employee – working on nothing else – more than four and a half weeks to complete, an undue burden to the company of both time and money.

4.      The Court ruled that MetLife should submit a declaration stating that its claim and appeal personnel are not compensated based on the number of claims for disability benefits they deny. In accord with that ruling, enclosed is a copy of the Declaration of Gregory Hafner dated November 3, 2011.

Very truly yours,

*[signature]*

Michael H. Bernstein
Sedgwick LLP

MHB
Enclosure
cc: Scott M. Riemer, Esq.
    Hon. Andrew J. Peck

NY/754995v1

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:  (212) 805-0036

Dated:  November 7, 2011                                Total Number of Pages:  6

## TRANSCRIPTION OF MEMO ENDORSED ORDER

Below schedule confirmed and approved.

Copies **by ECF** to:  All Counsel
                       Judge Richard J. Holwell