USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/11

RECEIVED
DEC 0 7 2011
CHAMBERS OF
RICHARD J. HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

KAREN NOVICK,                                        Civ. Act. No. 09-civ-6865 (RJH)

Plaintiff,

-against-                                            **STIPULATED PROTECTIVE
                                                     ORDER REGARDING
METROPOLITAN LIFE INSURANCE COMPANY                  CONFIDENTIALITY OF
and METLIFE OPTIONS AND CHOICES PLAN                 DISCOVERY MATERIAL**
NO. 512,

Defendants.

--------------------------------------------------------------X

Pursuant to Federal Rules of Civil Procedure 26(b)(5) and 26(c), the parties, through their counsel,

hereby stipulate and agree, subject to the approval of this Court as follows:

1.       All undersigned parties in this action and their attorneys, as well as non-party participants, shall

comply with the terms and procedures set forth herein with respect to documents, testimony, materials, and

other information produced and/or disclosed in discovery.

2.       **Designation of Discovery Materials as Confidential.** The following documents (and the

information therein) produced by METROPOLITAN LIFE INSURANCE COMPANY and METLIFE

OPTIONS AND CHOICES PLAN (collectively, "Defendants") shall be designated "Confidential

Information": (i) MetLife's Claims guidelines; and (ii) NMR Services Agreement with Exhibits.

a.       *Procedure For Designating And Challenging Information As Confidential.* The designation of

Confidential Information shall be made by placing or affixing on the document, in a manner which will not

interfere with its legibility, the words "CONFIDENTIAL UNDER PROTECTIVE ORDER." A

designation of confidentiality may be challenged upon motion. At least seven (7) calendar days prior to

filing a motion to challenge the designation of a document(s) or information, the challenging party shall

inform the designating party in writing of its intent to do so. The parties shall then attempt in good faith to

1

resolve the dispute regarding the designation. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

b.     *Time To Designate Documents As Confidential.* Except where documents are produced for inspection at a party's facilities or where the parties otherwise agree and subject to the Clawback Agreement described *infra* in Section 5, the designation of information as confidential shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at a party's facilities or the parties otherwise agree, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked "CONFIDENTIAL UNDER PROTECTIVE ORDER" after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked "CONFIDENTIAL UNDER PROTECTIVE ORDER" pursuant to this procedure.

c.     *Time To Designate Deposition Testimony As Confidential.* Subject to the Clawback Agreement described *infra* in Section 5, the designation of deposition testimony as confidential shall be made by counsel for a party either at the deposition or within seven (7) business days after receipt of the transcript by counsel for such party. Any testimony that describes a document that has been designated as "CONFIDENTIAL UNDER PROTECTIVE ORDER" as described above, shall also be deemed to be designated "CONFIDENTIAL UNDER PROTECTIVE ORDER."

d.     *When Disclosure Of Confidential Information Is Allowed.* Absent consent of the producing party, only counsel for the parties, the plaintiff (provided that she executes Exhibit "A"), the Court, and Court personnel shall have access to documents or information designated confidential under this Order, and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated confidential under this Order to any other person or entity, except that disclosures may be made

in the circumstances set forth below. "Counsel for the parties" shall include in-house counsel employed by Defendants.

        i.      Disclosure may be made to employees and partners of the law firms of counsel for the parties who are assisting counsel for the parties in connection with this litigation or to any other attorneys retained to assist the parties in connection with this litigation.

        ii.     Disclosure may be made to court reporters or videographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of or imaging documents. Prior to disclosure to any such court reporter, videographer, or person engaged in making photocopies of documents, such person must be informed (on the record in the case of a deposition and in writing in the case of photocopying or imaging) that the disclosed confidential information is subject to the terms of this Order and must be provided with a copy of this Order.

        iii.    A party may disclose information designated confidential by the opposing party to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed to assist in the preparation and trial of this lawsuit. Prior to the making of any such disclosure, such experts must be informed of and agree, by executing a copy of EXHIBIT "A" – ACKNOWLEDGEMENT AND AFFIDAVIT OF COMPLIANCE, to be subject to the provisions of this Order requiring that the documents and information be held in confidence. Any such experts with whom Plaintiff seeks to share information designated confidential by Defendants must additionally affirm that they are not presently employed by any insurance company.

        iv.    Disclosure of materials designated confidential may be made to the producing party or to any of their employees.

        v.     Materials designated confidential may be used during depositions conducted by the parties. In the event that a deponent is shown confidential material during a deposition, any party present at the deposition may advise the deponent that the confidential material is subject to this Order and require that the deponent agree, by executing a copy of EXHIBIT "A" –ACKNOWLEDGEMENT AND

AFFIDAVIT OF COMPLIANCE, to be bound by this Order. If a deponent refuses to execute a copy of said document, either party may seek an order from the Court compelling the deponent to do so.

  vi.    Nothing herein shall restrict a party's ability to use or disclose its own documents, testimony, materials, or information that such party has itself designated confidential.

  e.    *Counsel's Requirement To Protect Confidential Information From Disclosure.* Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

  f.    *Confidentiality Designation Applies To Copies, Summaries and Extracts.* All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" if those words do not already appear.

3.    **Confidential Information Filed with Court.** To the extent that any party wishes to file or submit for filing as part of the court record any materials subject to this Order (or any pleading, motion or memorandum referring to them), the party wishing to do so shall first cause to be filed a motion for leave to file such materials under seal. The party seeking leave to file confidential materials under seal shall provide copies of those materials proposed to be filed under seal to the Clerk of the Court in an envelope marked "PROPOSED TO BE FILED UNDER SEAL" along with the date, docket number, and title of the related motion for leave to file under seal. Leave need not be obtained in order to redact information in accord with Rule 5.2, FED. R. CIV. P., from any materials filed with the Court.

4.    **Use of Confidential Information at Hearings or at Trial.** The designation of materials as confidential shall not preclude use of such materials at hearings or admission at trial if the materials are otherwise admissible. If a party anticipates that it may specifically discuss or attempt to offer into evidence any materials designated as confidential during any on-the-record hearings or conferences, such party shall

raise that issue prior to or at the outset of the hearing or conference and the parties and/or the Court will determine how such materials will be handled. The treatment of materials designated as confidential at trial shall be addressed by the Court and the parties at the pretrial conference.

5.      **Clawback Agreement.** Due to the volume of electronic data in the custody, control, or possession of the Defendants, and the numerous concerns regarding privacy, privilege, and business sensitivity accompanying Defendants' disclosure of relevant material to Plaintiff, the parties have agreed to enter into the following clawback agreement both to expedite and facilitate production of documents and to protect against inadvertent disclosures. This agreement covers two categories of documents. First, the agreement covers inadvertently released documents that are covered under the confidentiality provisions of this Order (such as Privacy Act information), but are not properly marked or designated as confidential. Second, the agreement covers inadvertently released documents that are protected by the attorney-client privilege and/or the attorney work product doctrine. The treatment of both categories of information is discussed below:

    a.      *Non-Waiver of Confidentiality.* The inadvertent failure to designate a document as confidential will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing. In the event a producing party designates a document as confidential, whether at the time of production or later by substituting an additional copy of the document marked confidential, the document must be treated by the receiving party as confidential from the time of receipt of the notice of the confidential designation.

    b.      *Procedures in the Event of Production of Information Subject to a Potential Claim of Confidentiality.* If either party discovers a document, response, portion of testimony, or other information that may arguably be subject to confidentiality protections under this Order and is not designated or marked as such, it shall immediately notify the other party of the Bates number(s) of the document or other identifying information. Upon discovery of any such undesignated confidential information, the party claiming confidentiality may give written notice to the other party that the document, testimony, response, or other information is

confidential and should be treated in accordance with the provisions of this Order. Counsel for the producing party is responsible for providing substitute copies marked in accordance with this Order, and, upon receipt of any such substitute copies, counsel for the receiving party must return or certify the destruction of all unmarked copies in their possession or control. In addition, the receiving party must forward the written notice from the producing party to any and all other persons or entities with whom it has shared any such information and such other persons or entities must either (1) return to the producing party all unmarked copies of the confidential information, or (2) certify the destruction of all unmarked copies of the confidential information in their possession or control.

        c.      *Non-Waiver of Privilege.* The parties agree that if information, whether electronically stored or in paper form, is produced and the producing party subsequently determines that it wishes to assert a privilege or attorney work-product protection, the producing party may assert the privilege or attorney work-product protection by supplementing its privilege log to add the information and notify all parties in writing. It is the agreement of the parties that the producing party need not show inadvertence or that reasonable steps to prevent disclosure were taken in order to obtain return of the privileged or attorney work-product protected materials without waiver.

        d.      *Procedures in the Event of Production of Information Subject to a Potential Claim of Privilege.* If either party discovers a document inadvertently produced by the other party which may arguably be subject to a claim of protection under the attorney-client privilege or the attorney work product doctrine, it shall immediately notify the other party of the Bates number(s) of the document. Upon discovery of any such inadvertently produced document, the producing party may give written notice to the receiving party that the document is subject to a claim of attorney-client privilege or the work product doctrine. Upon receipt of timely written notice, the receiving party must either (1) return to the producing party the privileged information and all copies thereof or (2) certify the destruction of all privileged information in its possession or control. In addition, the receiving party must forward the written notice from the producing party to any and all other persons or entities with whom it has shared any such information and such other persons or

entities must either (1) return to the producing party the privileged information and all copies thereof, or (2) certify the destruction of all privileged information in their possession or control. Any attorney or expert work product containing, reflecting, or produced using the privileged information shall be destroyed.

e.   *No Waiver Of Right To Challenge Privilege Designation.* The identification shall not constitute an admission or concession, or permit any inference, that the identified and/or returned document is, in fact, properly subject to a claim of confidentiality, attorney-client privilege, or the work product doctrine, nor shall it foreclose any party from moving the Court for an order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

6.   **Purpose of Stipulation and Order.** This Order is entered for the purposes of providing appropriate confidentiality protections and facilitating the production of documents and information without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of the Order nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by either party; or (b) to alter the confidentiality or non-confidentiality of any document or information; or (c) to alter any existing obligation of any party or the absence thereof.

7.   **Court Retains Jurisdiction.** After the conclusion of this litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to confidential information produced pursuant to this Order for the purpose of enforcement of this Order, including any appropriate sanctions for violations. Submitted and consented to by:

Michael H. Bernstein
John T. Seybert
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Fax: (212) 422-0925
*Attorneys For Defendants*

Scott M. Riemer
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 2430
New York, NY 10165
T: (212) 297-0700
F: (212) 297-0730
sriemer@riemerlawfirm.com
*Attorneys for Plaintiff*

Alan H. Casper, *pro hac vice*
1845 Walnut Street – Suite 1500
Philadelphia, PA 19103
T: (215) 546-1124
F: (215) 546-1159
acasper@alanhcasperesq.com
*Attorneys for Plaintiff*

IT IS SO ORDERED:

DATED: 12/8/11