UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAREN NOVICK,

                    Plaintiff,

-against-

METROPOLITAN LIFE INSURANCE COMPANY
and METLIFE OPTIONS AND CHOICES PLAN
NO. 512,

                    Defendants.
------------------------------------------------------------X

Civ. Act. No.
09-civ-6865 (RKE)

**DEFENDANTS' COUNTER STATEMENT TO PLAINTIFF'S RULE 56.1 STATEMENT**

DOCUMENT
ELECTRONICALLY FILED

Pursuant to Rule 56.1 of the Local Civil Rules for The Southern and Eastern Districts of New York, Defendants, Metropolitan Life Insurance Company ("MetLife") and MetLife Options and Choices Plan No. 512 (the "Plan") (collectively the "Defendants"), by and through their attorneys, Sedgwick LLP, submit this Counter Statement to Plaintiff's Statement Pursuant to Local Rule 56.1 dated February 3, 2012 (Doc. No. 56), as follows:

## PRELIMINARY STATEMENT

Defendants state that they filed their Rule 56.1 Statement of Material Facts dated December 23, 2011 in support of their motion for summary judgment. (Doc. No. 51). Rather than restating those statements herein, Defendants respectfully refer this Court to its Rule 56.1 Statement for supplemental facts asserted in opposition to Plaintiff's competing motion for summary judgment. (*Id.*).

## RESPONSES TO PLAINTIFF'S STATEMENTS OF MATERIAL FACT

1. Deny. Plaintiff is no longer employed by MetLife. (825).[1]

2. Deny. Plaintiff is no longer employed by MetLife. (825).

---

[1] The numbers in parentheses refer to the Bates Stamped pages starting with the prefix "NOVICK 000__," which are annexed to the Declaration of Matthew Hallford ("Hallford Dec.") dated December 19, 2011as Exhibits "A", "B" and "C" (Doc. No. 49). These documents were reviewed by Hallford and he has declared that the respective documents, Bates stamped NOVICK 000001 through NOVICK 000918 and NOVICK 000925 through NOVICK 001112, are true and correct copies of the Summary Plan Description for the Plan, MetLife's administrative claim file pertaining to Novick's claim for STD benefits under the Plan, and Novick's application for benefits under the LTD Plan. (*See* Hallford Dec., ¶¶1, 3-5).

3. Admit.

4. Admit.

5. Admit.

6. Deny, except admit that the Plan provides that a plan participant "may be eligible for long term disability benefits if Your Disability is approved and continues beyond 26 weeks." (039).

7. Admit.

8. Deny. The Plan requires that a claimant seeking STD benefits must prove through sufficient medical proof that she is disabled under the Plan's terms – i.e., that she was prevented from performing her own occupation due to an illness. (022, 040).

9. Defendants object to the Statement on the ground that it relies on information or evidence outside the administrative record. Defendants also object to the Statement on the ground that the administrative record contains other references that Plaintiff claims to have been bitten by a tick on January 9, 2007. (604, 904). Nonetheless, Defendants admit that Plaintiff claims she was bit by a tick in early January 2007.

10. Defendants object to the Statement on the grounds that it does not reference a relevant period of time and appears to refer to Plaintiff's current condition after the commencement of this litigation, which is irrelevant to Plaintiff's claim that she was disabled on or about June 8, 2007. Subject to and without waiving the foregoing objection, Defendants deny the Statement to the extent that there is no reference to "severe fatigue" in Plaintiff's cited medical records from March 2007 and September 2007. (611).

11. Deny. The administrative record establishes that Novick was hospitalized from January 26, 2007 through January 28, 2007 with complaints of "generalized fatigue." (839).

12.   Defendants object to the Statement to the extent Novick asserts that Dr. John Prater's Physician Questionnaire should be referred to as "2/13/2007 PQ Form" because the form is dated February 13, 2007. (866). Defendants otherwise admit the Statement.

13.   Admit.

14.   Admit.

15.   Admit.

16.   Admit.

17.   Defendants object to the Statement to the extent that Dr. Scott Sauerwine also wrote in the Impression section of his March 7, 2007 MRI report: "Follow up in four to six months may be helpful for further evaluation, or sooner if the clinical situation dictates so. The remainder of the evaluation is unremarkable." (852). Defendants otherwise admit the Statement.

18.   Admit.

19.   Admit.

20.   Admit.

21.   Admit.

22.   Admit.

23.   Admit.

24.   Admit.

25.   Deny the Statement on the ground that there is no diagnostic laboratory report or reference in Plaintiff's medical records to confirm that arsenic was actually detected in her blood. Moreover, the administrative record establishes that a subsequent 24-hour urine arsenic test was normal. (612).

26.   Admit.

27.   Admit.

28. Admit.

29. Defendants object to the Statement on the ground that Plaintiff had the burden under the Plan to submit sufficient medical proof establishing that she was and remained disabled under the terms of the Plan and unable to return to work after June 8, 2007. (040, 613).

30. Deny. MetLife's Claim Activity note demonstrates that its clinical consult department reviewed the medical records provided and noted that the neurologist seen on April 17, 2007 had no definitive diagnosis, Dr. Prater agreed to provide updated medical records and that Plaintiff planned on seeing a new neurologist by June 4, 2007. (109-11) The MetLife Claims Specialist reviewed the information, including the clinical consult note, and extended STD benefits to June 8, 2007 to allow Plaintiff to undergo a second neurological consultation and for the neurologist to fax his or her report to MetLife. (112-13). MetLife then explained in its letter dated May 18, 2007 to Plaintiff that it would extend STD benefits to June 8, 2007 and identified the additional information that it needed to approve Plaintiff's claim past June 8, 2007 and advised that if the information was not provided by June 15, 2007, her claim would be closed. (613).

31. Deny. MetLife's Claim Activity note dated May 18, 2007 also explains that Plaintiff had no definitive diagnosis to account for her self-reported symptoms. (112-13). Defendants otherwise admit the Statement.

32. Defendants object to the Statement to the extent it is not a short and concise statement because it contains a footnote that has further argument and factual assertions. Defendants also object to the Statement to the extent that Plaintiff omits material portions of the purported block quote, including that Dr. Shirley A. Albano-Aluquin also wrote in her June 4, 2007 report: "I asked her to get the rest of her ID workup faxed to me for my review." (567). Subject to and without waiving the foregoing objections, Defendants deny that the Statement contains an accurate quote because it has excised relevant portions of Dr. Albano-Aluquin's report and the footnote incorrectly states that Dr.

Albano-Aluquin's report was received prior to MetLife's initial denial of Plaintiff's claim for continuing STD benefits dated July 23, 2007 because the documentary evidence establishes that MetLife received Dr. Albano-Aluquin's report on August 7, 2007. (137, 583-86).

33.     Admit.

34.     Deny the Statement to the extent that MetLife's Claim Activity note was entered at 8:59 A.M., not 9:20 A.M. (120). Defendants otherwise admit the Statement.

35.     Deny the Statement to the extent that MetLife's Claim Activity note was entered on June 25, 2007. (120-21). Defendants otherwise admit the Statement.

36.     Defendants object to the Statement on the grounds that it is neither plain, simple nor intelligible. Defendants also object to the Statement on the ground that it relies on information or evidence outside the administrative record. Subject to and without waiving the foregoing objections, Defendants deny the Statement on the ground that the administrative record establishes that on June 21, 2007, Plaintiff informed MetLife that all of her medical information needed to be obtained from Dr. Prater and that she had an appointment scheduled with Dr. Albano-Aluquin on July 25, 2007. (120).

37.     Defendants object to the Statement on the ground that it relies on information or evidence outside the administrative record. Subject to and without waiving the foregoing objection, Defendants deny the Statement on the ground that the administrative record establishes that MetLife spoke with Plaintiff on June 12, 2007, over a week after she consulted with Dr. Albano-Aluquin on June 4, 2007, but that Plaintiff did not provide Dr. Albano-Aluquin's name to MetLife. (117-18, 583-86).

38.     Admit.

39.     Admit.

40.     Defendants object to the Statement on the ground that it relies on information or evidence outside the administrative record. Subject to and without waiving the foregoing objection,

Defendants deny the statement to the extent it seeks to infer information not contained in MetLife's Claim Activity notes. (122).

41. Defendants object to the Statement to the extent it is not a short and concise statement. Defendants otherwise admit the Statement.

42. Admit.

43. Defendants object to the Statement on the grounds that it is not a statement of fact.

44. Admit.

45. Deny the Statement that Dr. Eugene S. Eskow is a Lyme disease specialist, but Defendants otherwise admit that Dr. Eskow is someome who purports to be a Lyme disease specialist.

46. Defendants object to the Statement to the extent it is not a short and concise statement. Defendants otherwise admit the Statement.[2]

47. Admit.

48. Deny the Statement on the ground that MetLife informed Plaintiff in its initial denial letter dated July 23, 2007 that she needed to submit "medical findings that support a functional impairment that prevents [her] from performing the duties of [her own] occupation" in support of her claim on appeal. (595).

49. Defendants object to the Statement on the ground that the administrative record establishes that Plaintiff was aware that she needed to submit objective medical proof of a functional impairment that prevented her from working (136, 150, 570) and that her treating physicians noted that neuropsychological testing would objectively determine the extent of her purported neurocognitive impairment. (204, 517).

50. Admit.

---

[2] There is considerable debate in medical community whether chronic Lyme disease is a legitimate diagnosis. *See* Christine Becer, *Lyme Disease: A Biting Conflict*, 18 Annals Health L. Advance Directive 178 (2009); *see also*, http://www.cdc.gov/lyme/diagnosistreatment/Treatment/ (last visited February 17, 2012).

51. Admit.

52. Defendants object to the Statement on the grounds that it references a Ninth Circuit decision that is not binding in this Circuit (*see Fortune v. Group Long Term Disabiltiy Plan for Employees of Keyspan Corp.*, 391 Fed.Appx. 74, 79 n.2 (2d Cir. 2010)), does not contain "facts" established by admissible evidence in this case, and "facts" that are not material to the pending motion for summary judgment.  *See id.*, at 79; *Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 90 (2d Cir. 2009).

53. Defendants object to the Statement on the same grounds as set forth in response to Statement No. 52.

54. Defendants object to the Statement on the grounds that the "facts" are not material to the pending motion for summary judgment.  *See Fortune*, 391 Fed.Appx. at 79; *Hobson*, 574 F.3d at 90. Subject to and without waiving the foregoing objection, Defendants admit the Statement.

55. Admit.

56. Admit.

57. Admit.

58. Defendants object to the Statement to the extent it is not a short and concise statement. Subject to and without waiving the foregoing objection, Defendants admit the Statement.

59. Defendants object to the Statement to the extent it is not a short and concise statement. Subject to and without waiving the foregoing objection, Defendants deny the Statement to the extent that it failed to quote the entirety of Dr. Richard Horowitz's report dated January 11, 2008, which also states: "We have advocated that the patient should undergo complete neuropsychological testing not only to document the extent of her neurocognitive impairments but also to identify ways in which neurcognitive rehabilitation therapies could help her."  (204).  Defendants otherwise admit the Statement.

60. Admit.

61. Admit.

62. Defendants object to the Statement to the extent it is not a short and concise statement. Defendants also object to the extent that the referenced "Guideline" also stated that the average duration of chronic Lyme disease was 4.7 years (235) and that "the available data support[ed] the prompt use of antibiotics to prevent chronic Lyme disease." (237). Defendants otherwise admit the Statement.

63. Admit.

64. Defendants object to the Statement to the extent it is not a short and concise statement. Defendants also object to the Statement's footnote on the grounds that independent peer review consultant Dr. Dennis Payne's mistake in noting that Dr. Horowitz wrote the December 1, 2007 letter was both reasonable and inconsequential because nurse practitioner John Fallon wrote this letter on Dr. Horowitz's letterhead. (517-18). Subject to and without waiving the foregoing objections, Defendants deny the Statement, except admit that Plaintiff correctly quoted from Dr. Payne's report.

65. Defendants object to the Statement. Subject to and without waiving the foregoing objection, Defendant deny the Statement because the administrative record establishes that Dr. Payne's review of the "other submitted records," which presumably were dated after December 1, 2007, likely contained Dr. Horowitz's January 11, 2008 report. (198-200). Defendants also object to the Statement on the ground that Plaintiff's self-serving Declaration and 200 pages of medical literature and presentations supporting Dr. Horowitz's diagnosis of Lyme disease were not pertinent medical information for Dr. Payne to consider in assessing Novick's level of functionality. (198-99).

66. Admit.

67. Defendants object to the Statement on the ground that Plaintiff's Statement is improperly based on supposition and not admissible evidence. Subject to and without waiving the foregoing objection, Defendants deny the Statement because Dr. Payne's report states that he reviewed

"other submitted records" but did not specifically identify each of the documents he reviewed, noting that the records were consistent with the prior records received. (198-200).

68. Defendants object to the Statement on the grounds that it is not a statement of fact.

69. Defendants object to the Statement to the extent it is not a short and concise statement. Defendants otherwise admit the Statement.

70. Admit.

71. Deny the Statement because the LTD Plan terms require that participants remain disabled through exhaustion of the STD Plan benefits and "have received STD benefits for 26 weeks," in order to be eligible to receive LTD Plan benefits and the Plan contains numerous other references supporting this condition precedent to LTD benefits. (023, 037, 039, 060, 065).

72. Admit.

73. Admit.

74. Admit.

75. Defendants deny the Statement to the extent Plaintiff suggests that she filed a proper application, Defendants otherwise admit that it received the documents identified in the Statement, but note that Dr. Horowitz's medical records were current through May 21, 2009. (063, 168-69, 171, 813).

76. Defendants object to the Statement on the grounds that: (a) Plaintiff submitted a premature LTD application under the Plan (063, 168-69, 171); (b) it relies on information or evidence outside the administrative record; (c) it references "facts" that are not material to the pending motion for summary judgment; and (d) it is not a short and concise statement of fact because it contains a footnote with additional argument and reference to inadmissible evidence. Subject to and without waiving the foregoing objections, Defendants admit that MetLife received the Plaintiff's premature application for LTD benefits.

77. Defendants object to the Statement on the ground that Novick was ineligible to receive LTD benefits when she submitted a premature LTD application. (063, 168-69, 171). Defendants otherwise admit the Statement.

78. Defendants object to the Statement on the grounds that: (a) Plaintiff submitted a premature LTD application under the Plan (063, 168-69, 171); (b) it relies on information or evidence outside the administrative record; and (c) it references "facts" that are not material to the pending motion for summary judgment. Subject to and without waiving the foregoing objections, Defendants admit that MetLife received the Plaintiff's premature application for LTD benefits.

79. Defendants object to the Statement to the extent it is not a short and concise statement. Subject to and without waiving the foregoing objections, Defendants deny the Statement to the extent that it fails to completely quote from Dr. Michael J. Raymond's report, including that he stated in his neuropsychological consultation report dated August 25, 2008 that: "In this instance, the [neuropsychological] indicies in all likelihood would fall within the mild range of impairment if extrapolated utilizing anticipated TPT scores" (650) and that "[plaintiff's] elevated F scale (T score of 72) might reflect an individual with an exaggeration of existing symptoms or possibly a "cry for help."" (651). Defendants otherwise admit the Statement.

80. Defendants object to the Statement to the extent it is not a short and concise statement. Subject to and without waiving the foregoing objections, Defendants admit the Statement.

81. Admit.

82. Admit.

83. Deny. (063, 168-69, 171).

84. Deny the Statement to the extent it incorrectly assumes that MetLife needed to consider and respond to a claim submission for LTD benefits after MetLife had previously advised Plaintiff that her claim could not be filed until she exhausted and received her STD benefits. (063, 168-69, 171).

85. Deny the Statement to the extent it incorrectly assumes that MetLife needed to consider and respond to a claim submission for LTD benefits after MetLife had previously advised Plaintiff that her claim could not be filed until she exhausted and received her STD benefits.  (063, 168-69, 171).

86. Defendants object to the Statement on the grounds that it is not a statement of fact.

87. Defendants object to the Statement on the grounds that it is not a statement of fact.

88. Deny the Statement to the extent it incorrectly assumes that MetLife needed to consider and respond to a claim submission for LTD benefits after MetLife had previously advised Plaintiff that her claim could not be filed until she exhausted and received her STD benefits.  (063, 168-69, 171).

89. Defendants object to the Statement on the ground that it is not properly supported by reference to admissible evidence.  Subject to and without waiving the foregoing objection, Defendants deny the Statement.

90. Defendants object to the Statement on the grounds that it: (a) is not a concise statement of fact; (b) references "facts" that are not relevant or material to the pending motino for summary judgment; and (c) references "facts" that occurred long after the administrative record closed.

91. Defendants object to the Statement on the grounds that it: (a) is not a concise statement of fact; (b) references "facts" that are not relevant or material to the pending motino for summary judgment; and (c) references "facts" that occurred long after the administrative record closed.

92. Defendants object to the Statement on the ground that it relies on information or evidence outside the administrative record.  Subject to and without waiving the foregoing objections, Defendants deny the Statement and state that it "paid" Plaintiff STD benefits from February 6, 2007 to June 8, 2007.

93. Defendants object to the Statement on the ground that it relies on information or evidence outside the administrative record.  Subject to and without waiving the foregoing objections, Defendants admit the Statement.

94.     Defendants object to the Statement on the grounds that it relies on information or evidence outside the administrative record and references "facts" that are not material to the pending motion for summary judgment. Defendants also object to the Statement on the grounds that it is not a short and concise statement of fact.

95.     Admit.

96.     Defendants object to the Statement on the ground that Novick is ineligible to receive LTD benefits. (063, 168-69, 171). Subject to and without waiving the foregoing objections, Defendants deny the Statement, except admit that MetLife stated that LTD benefits are not payable until Plaintiff was paid STD benefits until August 10, 2007.

97.     Defendants deny that Plaintiff is entitled to any LTD benefits, except admit that she elected to receive 40% of her pre-disability salary as her LTD benefit if she qualified for LTD benefits. (063, 168-69, 171).

98.     Admit.

99.     Defendants object to the Statement on the grounds that it relies on information or evidence outside the administrative record and not produced in discovery and references "facts" that are not material to the pending motion for summary judgment.

100.    Defendants object to the Statement on the grounds that it relies on information or evidence outside the administrative record and references "facts" that are not material to the pending motion for summary judgment.

101.    Defendants object to the Statement on the grounds that it relies on information or evidence outside the administrative record and references "facts" that are not material to the pending motion for summary judgment.

102. Defendants object to the Statement on the grounds that it relies on information or evidence outside the administrative record and references "facts" that are not material to the pending motion for summary judgment.

103. Defendants object to the Statement on the ground that Novick is ineligible to receive LTD benefits. (063, 168-69, 171).

104. Defendants object to the Statement on the ground that Novick is ineligible to receive LTD benefits. (063, 168-69, 171).

105. Defendants object to the Statement on the grounds that it relies on information or evidence outside the administrative record and references "facts" that are not material to the pending motion for summary judgment.

Dated: New York, New York
       February 24, 2012

Respectfully submitted,

 s/
MICHAEL H. BERNSTEIN (MB 0579)
JOHN T. SEYBERT (JS 5014)
BETSY D. BAYDALA (BB 5165)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
michael.bernstein@sedgwicklaw.com
*Attorney for Defendants*
METROPOLITAN LIFE INSURANCE COMPANY
and METLIFE OPTIONS AND CHOICES
PLAN NO. 512

TO:    Scott M. Riemer, Esq.
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 2430
New York, NY 10165
T: (212) 297-0700
F: (212) 297-0730
sriemer@riemerlawfirm.com
*Attorneys for Plaintiff*

Alan H. Casper, Esq.
121 S. Broad Street – 20th Floor
Philadelphia, PA 19107
T: (215) 546-1124
F: (215) 546-1159
acasper@alanhcasperesq.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, BETSY D. BAYDALA, hereby certify and affirm that a true and correct copy of the attached

**DEFENDANTS' COUNTER STATEMENT TO PLAINTIFF'S RULE 56.1 STATEMENT**

was served *via ECF and email* on this 24th day of February, 2012, upon the following:

| | |
|---|---|
| Alan H. Casper Esq. | Scott M. Riemer Esq. |
| 1845 Walnut Street, Suite 1500 | Riemer & Associates |
| Philadelphia, PA  19107 | 60 East 42nd Street, Suite 1750 |
| | New York, NY  10165 |
| Business Phone:  (215) 546-1124 | |
| Business E-mail: | Business Phone:  (212) 297-0700 |
| acasper@alanhcasperesq.com | Business E-mail:  sriemer@riemerlawfirm.com |

Dated:   New York, New York
         February 24, 2012

                                          _s/_____
                                          BETSY D. BAYDALA (BB 5165)