UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KAREN NOVICK,                                    Civ. Act. No.
                                                 09-civ-6865 (RKE)
                        Plaintiff,

        -against-

                                                 DOCUMENT
METROPOLITAN LIFE INSURANCE COMPANY               ELECTRONICALLY FILED
and METLIFE OPTIONS AND CHOICES PLAN
NO. 512,

                        Defendants.
------------------------------------------------------------------X


# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION TO STRIKE
# THE IMPROPER EXTRA-RECORD SUBMISSIONS
# ATTACHED TO PLAINTIFF'S MOTION FOR
# SUMMARY JUDGMENT/OPPOSITION TO
# DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

                                    SEDGWICK LLP
                                    *Attorneys for Defendants*
                                    METROPOLITAN LIFE INSURANCE
                                    COMPANY and METLIFE OPTIONS AND
                                    CHOICES PLAN NO. 512
                                    125 Broad Street, 39th Floor
                                    New York, New York 10004-2400
                                    Telephone: (212) 422-0202
                                    Facsimile:  (212) 422-0925
                                    (Sedgwick File No.: 00584-007613)

Michael H. Bernstein
John T. Seybert
Betsy D. Baydala
        *Of Counsel*

NY/846311v1

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT..................................................................................................................................2

    POINT I:

    THIS COURT CANNOT CONSIDER NOVICK'S
    EXTRA-RECORD SUBMISSIONS IN ITS DEFERENTIAL
    REVIEW OF METLIFE'S DECISION TO TERMINATE
    HER STD BENEFITS ........................................................................................2

    POINT II:

    TO THE EXTENT THIS COURT CONSIDERS NOVICK'S
    CLAIM FOR LTD BENEFITS UNDER A *DE NOVO* REVIEW,
    NO "GOOD CAUSE" EXISTS TO CONSIDER HER
    EXTRA-RECORD SUBMISSIONS.....................................................................5

CONCLUSION..............................................................................................................................7

CERTIFICATE OF SERVICE ...........................................................................................Attached

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bergquist* v. *Aetna U.S. Healthcare*,
   289 F. Supp. 2d 400 (S.D.N.Y. 2003) .............................................................................. 3, 5

*Conkright v. Frommert*,
   130 S.Ct. 1640 (2010) ............................................................................................................ 2

*DeFelice v. American Int. Life. Assurance Co. of New York*,
   112 F.3d 61 (2d Cir. 1997) ..................................................................................................... 5

*Durakovic v. Building Service 32 BJ Pension Fund*,
   609 F.3d 133 (2d Cir. 2010) .................................................................................................. 7

*Fay v. Oxford Health Plan*,
   287 F.3d 96 (2d Cir. 2002) .................................................................................................... 2

*Fitzpatrick* v. *Bayer Corp.*,
   No. 04 Civ. 5134 (RJS), 2008 WL 169318 (S.D.N.Y. Jan. 17, 2008) ...................................... 4

*Fry* v. *Hartford Ins. Co.*,
   No. 09-cv-6669 (CJS) (MWP), 2011 WL 1672474 (W.D.N.Y. May 3, 2011) ................... 3, 4

*Geiger* v. *Alstom Signaling Inc.*,
   No. 06-cv-561-CJS, 2010 WL 1509343 (W.D.N.Y. Apr. 14, 2010) .................................. 3, 4

*Griffin* v. *N.Y. State Nurses Assoc. Pension Plan & Benefits Fund*,
   757 F. Supp.2d 199 (E.D.N.Y. 2010) .................................................................................... 4

*Hobson v. Metropolitan Life Ins. Co.*,
   574 F.3d 75 (2d Cir. 2009) ................................................................................................ 2, 3

*Knopick v. Metropolitan Life Ins. Co.*,
   No. 10-4707-cv, 2012 WL 147887 (2d Cir. Jan. 19, 2012) ................................................... 6

*Laub* v. *Aetna Life Ins. Co.*,
   549 F. Supp. 2d 571 (S.D.N.Y. 2008) .................................................................................... 5

*Leccese v. Metropolitan Life Ins. Co.*,
   No. 05-cv-6345(CJS), 2007 WL 1101096 (W.D.N.Y. Apr. 12, 2007) ................................... 4

*Magee v. Metropolitan Life Ins. Co.*,
   No. 07-cv-88169(WHP), 2009 WL 3682423 (S.D.N.Y. Oct. 15, 2009) ................................ 3

*Maskara* v. *First Unum Life Ins. Co.*,
   No. 03 Civ. 498(MHD), 2004 WL 1562722 (S.D.N.Y. Jul. 13, 2004) ............................ 3, 4

*Mehaj* v. *Building Serv. 32B-J Health Fund*,
   No. 04 Civ. 7613(LLS), 2005 WL 2030283 (S.D.N.Y. Aug. 23, 2005) ............................. 3

*Metropolitan Life Ins. Co. v. Glenn*,
   554 U.S. 105 (2008) ........................................................................................................ 2

*Miles v. Principal Life Ins. Co.*,
   No. 10 Civ. 0702 (VM), ___ F.Supp.2d ___, 2011 WL 6291203 (S.D.N.Y. Dec. 14, 2011) ........... 6

*Miller v. United Welfare Fund*,
   72 F.3d 1066 (2d Cir. 2005) ..................................................................................... 2, 3, 4

*Muller v. First Unum Life Ins. Co.*,
   341 F.3d 119 (2d Cir. 2003) .......................................................................................... 3

*Pagan v. NYNEX Pension Plan*,
   846 F.Supp. 19, 21 (S.D.N.Y. 1994),
   *aff'd by* 52 F.3d 438 (2d Cir. 1995) ............................................................................. 7

*Parisi* v. *Unumprovident Corp.*,
   No. 3:03cv01425, 2007 WL 4554198 (D. Conn. Dec. 21, 2007) ................................... 4

*Salute* v. *Aetna Life Ins. Co.*,
   No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005) ................... 3

*Schlenger v. Fidelity Employer Services Co., LLC*,
   785 F.Supp.2d 317 (S.D.N.Y. 2011) ............................................................................. 6

*Young v. Hartford Life and Acc. Ins. Co.*,
   No. 09 Civ. 9811(RJH), 2011 WL 4430859 (S.D.N.Y. Sep. 23, 2011) ......................... 3, 5

*Zervos* v. *Verizon New York, Inc.*,
   277 F.3d 635 (2d Cir. 2002) ...................................................................................... 4, 6

## Statutes

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") ........... 1

FED. R. CIV. P. 56(C) ................................................................................................................ 1

FED. R. CIV. P. 56(E) ................................................................................................................ 1

NY/846311v1

## PRELIMINARY STATEMENT

Defendants, Metropolitan Life Insurance Company ("MetLife") and MetLife Options and Choices Plan No. 512 (the "Plan") (collectively the "Defendants"), respectfully move, pursuant to Rules 56(c) and (e), FED. R. CIV. P., for an order striking the improper extra-record submissions included in Plaintiff Karen Novick's ("Novick") opposition to Defendants' pending motion for summary judgment and in support of her competing motion for summary judgment.

In this action, Novick seeks an award of both short-term disability ("STD") and long-term disability ("LTD") benefits under the Plan, MetLife's self-funded employee welfare benefit plan existing pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). At the close of discovery, Defendants filed their motion for summary judgment, which is currently pending before this Court. In that motion, Defendants demonstrated that MetLife's decision to terminate Novick's STD benefits was well-reasoned and based on substantial evidence in the administrative record. Defendants also showed that Novick is not entitled to an award of LTD benefits as a matter of law because she did not remain disabled under the terms of the Plan during the full 26 week STD period, which is a condition precedent to her eligibility for LTD benefits under the Plan.

In opposition to Defendants' motion and in support of her competing motion for summary judgment (hereinafter referred to as "Novick's motion papers"), Novick improperly submitted documents that are not contained in the administrative record – namely, her Affidavit dated January 31, 2012, the Social Security Administration's ("SSA") Notice of Decision dated February 9, 2010, and Notice of Award dated March 25, 2010 (these SSA documents are hereinafter collectively referred to as "the SSA's 2010 Decision"). These materials – dated <u>years</u> after MetLife rendered its final claim determination on administrative appeal – are indisputably not part of the administrative claim file pertaining to Novick's claim for STD benefits. Under well-settled and controlling

NY/846311v1

authority in this Circuit, this Court cannot consider these extra-record materials in determining whether MetLife's decision-making resulting in the termination of Novick's STD benefits was arbitrary and capricious.  In addition, to the extent this Court considers Novick's claim for LTD benefits under a *de novo* review, no "good cause" exists for this Court to consider these extra-record submissions, which are irrelevant to the question of whether Novick was disabled under the Plan's terms and entitled to LTD benefits.

For these reasons, and as discussed more fully below, it is respectfully requested that this Court grant Defendants' motion to strike Novick's extra-record submissions because they are not properly before this Court in consideration of the parties' pending motions for summary judgment.

## ARGUMENT

### POINT I
### THIS COURT CANNOT CONSIDER NOVICK'S EXTRA-RECORD SUBMISSIONS IN ITS DEFERENTIAL REVIEW OF METLIFE'S DECISION TO TERMINATE HER STD BENEFITS

Novick was a participant in the Plan.  MetLife administered all claims for Plan benefits pursuant to a full grant of discretionary authority in the Plan documents. (019, 058).[1]  When a claim administrator is given such discretionary authority to determine a claimant's eligibility for benefits, the court must review its claim determinations with a strong measure of deference and may only reverse the administrator's actions if it finds the decision-making to be arbitrary and capricious.  *See Conkright v. Frommert*, 130 S.Ct. 1640, 1646 (2010); *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 115 (2008); *Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009); *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 2005); *Fay v. Oxford Health Plan*, 287 F.3d 96, 107 (2d Cir. 2002).  Here,

---

[1] The numbers in parentheses refer to the Bates Stamped pages starting with the prefix "NOVICK 000__," which are annexed to the Declaration of Matthew Hallford dated December 19, 2011 as Exhibits "A", "B" and "C" and submitted in support of Defendants' motion for summary judgment. (*See* Doc. Nos. 49 *through* 49-18).

2

the parties agree that this Court must review MetLife's decision to terminate Novick's STD benefits under the arbitrary and capricious standard of review. (Doc. No. 60, p. 11).

In performing this highly deferential review, it is well-established that this Court cannot consider any evidence outside of the "administrative record," which consists solely of those documents before MetLife when it rendered a final determination on Novick's claim for continuing STD benefits. *See Hobson*, 573 F.3d at 89; *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller*, 72 F.3d at 1071; *Young v. Hartford Life and Acc. Ins. Co.*, No. 09 Civ. 9811(RJH), 2011 WL 4430859, *13 (S.D.N.Y. Sep. 23, 2011) (Holwell, J.); *Fry v. Hartford Ins. Co.*, No. 09-cv-6669 (CJS) (MWP), 2011 WL 1672474, *5 (W.D.N.Y. May 3, 2011); *Geiger v. Alstom Signaling Inc.*, No. 06-cv-561-CJS, 2010 WL 1509343 at *12 (W.D.N.Y. Apr. 14, 2010); *Magee v. Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009); *Mehaj v. Building Serv. 32B-J Health Fund*, No. 04 Civ. 7613(LLS), 2005 WL 2030283, *3 (S.D.N.Y. Aug. 23, 2005); *Salute v. Aetna Life Ins. Co.*, No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Maskara v. First Unum Life Ins. Co.*, No. 03 Civ. 498(MHD), 2004 WL 1562722, *1 (S.D.N.Y. Jul. 13, 2004); *Bergquist v. Aetna U.S. Healthcare,* 289 F. Supp. 2d 400, 411 (S.D.N.Y. 2003).

Indeed, in *Miller*, the Second Circuit explicitly held that:

> We follow the majority of our sister circuits in concluding that a district court's review under the arbitrary and capricious standard is limited to the administrative record. Because district courts are required to limit their review to the administrative record, it follows that, if upon review a district court concludes that the Trustees' decision was arbitrary and capricious, it must remand to the Trustees with instructions to consider additional evidence unless no new evidence could produce a reasonable conclusion permitting denial of the claim or remand would otherwise be a "useless formality." This rule is consistent with the fact that nothing "in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators" and with the ERISA "goal of prompt resolution of claims by the fiduciary."

72 F.3d at 1071 (citations omitted).

3

Here, the administrative record pertaining to Novick's claim for STD benefits under the Plan is annexed to the Declaration of Matthew Hallford dated December 19, 2011 as Exhibit "B". (Doc. Nos. 49-2 *through* 49-14); *see also*, *Maskara*, 2004 WL 1562722, * 1 ("The record is properly viewed as comprising all materials in the case file up to the point at which the administrator made its final decision."). Confronted with Defendants' motion for summary judgment that is based on the materials contained in the administrative record, Novick improperly attached two extra-record documents to her motion papers that were created <u>years</u> after MetLife rendered its final determination on administrative appeal. (195-96). Specifically, Novick submitted her Affidavit dated January 31, 2012 and the SSA's 2010 Decision all in an effort to supplement the administrative record. (Doc. No. 55, pp. 5-14) (Novick's Affidavit); (*and id.*, pp. 27-36) (SSA's 2010 Decision).

Although Novick may argue that there is "good cause" for this Court to accept her extra-record submissions, there is no "good cause" exception to the rule limiting this Court's review to the administrative record in an arbitrary and capricious review. In fact, these types of extra-record submissions have been routinely rejected by courts in this Circuit. Recently, in *Fry*, *supra.*, the U.S. District Court for the Western District of New York explained that:

> The legal standard for considering evidence outside the administrative record depends on the standard of review to be applied to the claim. For a *de novo* review of the administrator's decision, the district court ought not to accept additional evidence absent good cause. [*Zervos* v. *Verizon New York, Inc.*, 277 F.3d 635, 646 (2d Cir. 2002)] For a review under the arbitrary and capricious standard, however, a district court's review . . . is limited to the administrative record. *Miller*, 72 F.3d at 1071.

2011 WL 1672474, *2 (quoting *Parisi* v. *Unumprovident Corp.*, No. 3:03cv01425, 2007 WL 4554198, *8 (D. Conn. Dec. 21, 2007)); *see also*, *Griffin* v. *N.Y. State Nurses Assoc. Pension Plan & Benefits Fund*, 757 F. Supp.2d 199, 211-12 (E.D.N.Y. 2010); *Geiger*, 2010 WL 1509343, at *13; *Fitzpatrick* v. *Bayer Corp.*, No. 04 Civ. 5134 (RJS), 2008 WL 169318, *9 (S.D.N.Y. Jan. 17, 2008); *Leccese* v. *Metropolitan Life Ins.*

4

*Co.*, No. 05-cv-6345(CJS), 2007 WL 1101096, *5 (W.D.N.Y. Apr. 12, 2007); *Laub* v. *Aetna Life Ins. Co.*, 549 F. Supp. 2d 571, 574 (S.D.N.Y. 2008) ("If defendants are correct that the appropriate standard is 'arbitrary and capricious,' the Court would not have the discretion to supplement the administrative record in the manner [plaintiff] has requested."). More recently, this Court reaffirmed that it "may not consider documents outside of the administrative record in determining whether a claims administrator's decision was arbitrary and capricious." *Young*, 2011 WL 4430859, *13 citing *Bergquist*, 289 F.Supp.2d at 411.

Given the foregoing prohibitions on the submission of extra-record material, this Court must strike Novick's extra-record submissions since they are not part of the administrative record to be reviewed by this Court in connection with the parties' pending dispositive motions regarding Novick's claim for STD benefits.

### POINT II
### TO THE EXTENT THIS COURT CONSIDERS NOVICK'S CLAIM FOR LTD BENEFITS UNDER A *DE NOVO* REVIEW, NO "GOOD CAUSE" EXISTS TO CONSIDER HER EXTRA-RECORD SUBMISSIONS

In their motion papers, Defendants established that Novick is not entitled to an award of LTD benefits as a matter of law because she failed to satisfy the Plan's contractual condition precedent of exhausting the full 26-week period of STD benefits as required by the Plan. (Doc. No. 51, Point IV). Nonetheless, to the extent this Court considers the merits of Novick's claim for LTD benefits, her extra-record submissions should still be stricken because no "good cause" exists for this Court to consider them even under a *de novo* review.

It is well-established, that even under a *de novo* review of an adverse benefit determination, the court's review is still "limited to the record in front of the [ERISA] claims administrator unless the district court finds good cause to consider additional evidence." *DeFelice v. American Int. Life. Assurance Co. of New York*, 112 F.3d 61, 66-67 (2d Cir. 1997); *Knopick v. Metropolitan Life Ins. Co.*, No.

5

10-4707-cv, 2012 WL 147887, *2 (2d Cir. Jan. 19, 2012) (summary order); *Zervos* v. *Verizon New York, Inc.*, 277 F.3d 635, 646 (2d Cir. 2002).

Here, no "good cause" exists for this Court to consider Novick's extra-record Affidavit dated January 31, 2012, which was offered in connection with her claim for LTD benefits to establish that MetLife purportedly received her LTD application on May 26, 2009. (Doc. No. 55, p. 6). The administrative record establishes that before Novick submitted her LTD application, MetLife had explained to her via telephone, and in writing, that she was not eligible to receive LTD benefits because she had not remained disabled under the terms of the Plan and received the maximum 26-week period of STD benefits. (168-69, 171). Nonetheless, in an attempt to avoid the Plan's clear terms, Novick decided to submit a premature application for LTD benefits. (627-813). Whether or not MetLife received this premature LTD application on May 26, 2009 has no bearing on whether Novick was disabled under the terms of the Plan and entitled to LTD benefits. Therefore, no "good cause" exists to consider Novick's extra-record Affidavit.

In addition, no "good cause" exists for this Court to consider the SSA's 2010 Decision, which was rendered over two years after MetLife terminated Novick's STD benefits and determined that she was ineligible to receive LTD benefits under the Plan. (Doc. No. 55, pp. 27-36). The SSA's 2010 Decision was also rendered over eight months after Novick submitted her premature LTD application. (*Id.*). Notwithstanding the foregoing, the fact that the SSA approved Novick's claim for disability benefits is irrelevant in a *de novo* review because "[u]ltimately, the question of whether or not a claimant is disabled must be judged according to the terms of the insurance policy at issue and not according to the SSA's definition." *Miles v. Principal Life Ins. Co.*, No. 10 Civ. 0702 (VM), ___ F.Supp.2d ____, 2011 WL 6291203, *7 (S.D.N.Y. Dec. 14, 2011). It is thus well-established that the SSA's award of disability benefits is not proof that Novick was disabled under the terms of the Plan and entitled to LTD benefits. *See Schlenger v. Fidelity Employer Services Co., LLC*, 785 F.Supp.2d 317,

6

345 (S.D.N.Y. 2011); *Durakovic v. Building Service 32 BJ Pension Fund*, 609 F.3d 133, 141 (2d Cir. 2010); *Pagan v. NYNEX Pension Plan*, 846 F.Supp. 19, 21 (S.D.N.Y. 1994), *aff'd by* 52 F.3d 438 (2d Cir. 1995).

Accordingly, no "good cause" exists for this Court to consider Novick's extra-record evidence even under a *de novo* review of her claim for LTD benefits, and these extra-record submissions should therefore be stricken.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Defendants' motion to strike in its entirety since Novick's extra-record submissions are not properly before this Court in consideration of the parties' pending motions for summary judgment.

Dated:  New York, New York
        February 24, 2012

                                    Respectfully submitted,

                                    s/
                                    ─────────────────────────────
                                    MICHAEL H. BERNSTEIN (MB 0579)
                                    JOHN T. SEYBERT (JS 5014)
                                    BETSY D. BAYDALA (BB 5165)
                                    SEDGWICK LLP
                                    125 Broad Street, 39th Floor
                                    New York, New York 10004-2400
                                    Telephone: (212) 422-0202
                                    Facsimile:  (212) 422-0925
                                    michael.bernstein@sedgwicklaw.com
                                    *Attorney for Defendants*
                                    METROPOLITAN LIFE INSURANCE COMPANY
                                    and METLIFE OPTIONS AND CHOICES
                                    PLAN NO. 512

7

## CERTIFICATE OF SERVICE

I, BETSY D. BAYDALA, hereby certify and affirm that a true and correct copy of the attached **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE** was served *via ECF and email* on this 24th day of February, 2012, upon the following:

| | |
|---|---|
| Alan H. Casper Esq. | Scott M. Riemer Esq. |
| 1845 Walnut Street, Suite 1500 | Riemer & Associates |
| Philadelphia, PA  19107 | 60 East 42nd Street, Suite 1750 |
| | New York, NY  10165 |
| Business Phone:  (215) 546-1124 | |
| Business E-mail: | Business Phone:  (212) 297-0700 |
| acasper@alanhcasperesq.com | Business E-mail:  sriemer@riemerlawfirm.com |

Dated:   New York, New York
         February 24, 2012

                                      _s/_
                                      BETSY D. BAYDALA (BB 5165)

NY/846311v1