UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
KAREN NOVICK,                                  |09-Civ.-06865(RKE)
                                               |
Plaintiff,                                     |
                                               |
        v.                                     | DOCUMENT
                                               | ELECTRONICALLY FILED
METROPOLITAN LIFE INSURANCE                    |
COMPANY, et al.                                |
                                               |
Defendants                                     |
-------------------------------------------------------------

# PLAINTIFF KAREN NOVICK'S MEMORANDUM OF LAW IN IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Alan H. Casper, Esquire
PA Attorney I.D. #47081
1845 Walnut Street – Suite 1500
Philadelphia, PA 19103
(215) 546-1124 Telephone
(215) 546-1159 Facsimile
acasper@alanhcasperesq.com

**TABLE OF CONTENTS**

                                                                                                                    Page

TABLE OF AUTHORITIES ……………………………………………………….……..ii

I.     STATEMENT OF FACTS ………………………………………………………...1

II.    LEGAL ARGUMENT …………………………………………………………..4

          A.     THE DISTRICT COURT IS PERMITTED TO CONSIDER
                  EVIDENCE OF CONFLICT OF INTEREST THAT IS
                  OUTSIDE THE ADMINISTRATIVE RECORD ……………………………..4

          B.     THE DISTRICT COURT IS PERMITTED TO CONSIDER
                  EVIDENCE OF STD DAMAGES THAT IS OUTSIDE THE
                  ADMINISTRATIVE RECORD ……………………………………………….8

          C.     THE DISTRICT COURT CAN STRIKE PARAGRAPH 1 OF
                  MS. NOVICK'S AFFIDAVIT IF IT BELIEVES IT
                  NECECESSARY …………………………………………………………....9

          D.     THE DISTRICT COURT IS PERMITTED TO CONSIDER
                  MS. NOVICK'S LTD DAMAGES EVIDENCE UNDER A
                  *DE NOVO* STANDARD OF REVIEW ……...…………………………....9

III.   CONCLUSION …………………………………………………………………11

IV.   CERTIFICATE OF SERVICE ……………………………………………..12

# TABLE OF AUTHORITIES

Page

**Cases**

*Cook v. N.Y. Times Co. Group Long Term Disability Plan,* 2004 U.S.
    Dist. LEXIS (S.D.N.Y. Jan. 30, 2004) ………………………………….……....5

*Daniel v. UnumProvident Corp.* 2008 U.S. App. LEXIS 1396 (2d Cir. Jan. 24, 2008) ….....4, 8

*Durakovic v. Building Service 32 BJ Pension Fund,*
    609 F.3d 133 (2d Cir. 2010) …………………………………………………..5-7

*Howley v. Mellon Financial Corp.*, 625 F.3d 788 (3d Cir. 2010) ……………………………..5

*Lee v. Aetna Life & Cas. Ins. Co.*, 2007 U.S. Dist.
    LEXIS 38205 (S.D.N.Y. May 24, 2007) ……………………………………………..5

*McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126 (2d Cir. 2008) ………………......……4

*Post v. Hartford Ins. Co.*, 501 F.3d 154 (3d Cir. 2007) ……………………………………….6

*Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008) ………………….......................4

*Miller v. American Airlines, Inc.*, 632 F.3d 837 (3d Cir. 2011) ……………………………….6

*Pitney Bowes Inc. Long-Term Disability Plan,* 544 F.3d 1016 (9th Cir. 2008) …….………....5

*Trussel v. CIGNA Life Ins. Co. of N.Y.*, 2008 U.S. Dist.
    LEXIS 27413 (S.D.N.Y. April 4, 2008) …..………………………………………….5

*Veryzer v. American Int'l Life Ins. Co. of America,*
    765 F. Supp. 2d 422 (S.D.N.Y. 2011) ...………………………………………………6

**I.     STATEMENT OF FACTS**

Defendants have filed a Motion to Strike the following documents submitted by plaintiff Karen Novick ["Ms. Novick"] in support of her Motion for Summary [*See* Docket Entry No. 55:  Declaration of Alan H. Casper, Esquire]:

- Her Sworn Affidavit, Novick Exhibit No. 1, together with an Exhibit A comprised of defendant Metropolitan Life Insurance Company's ["MetLife"] Explanations of Benefits Short Term Disability that she received with respect to her Short Term Disability [hereinafter "STD"] benefits paid for the following time periods:  March 26, 2007 through March 30, 2007; April 2, 2007 through April 6, 2007; April 9, 2007 through April 13, 2007; April 16, 2007 through April 20, 2007; April 23, 2007 through April 27, 2007; April 30, 2007 through May 4, 2007; May 7, 2007 through May 11, 2007; and, May 14, 2007 through May 18, 2007; and,

- The Social Security Administration's Notice of Decision – Fully Favorable and Notice of Award with respect to Ms. Novick, from which documents Ms. Novick's Social Security Number has been redacted, Novick Exhibit No. 8.

*See* Defendants' Memorandum of Law [Docket Entry No. 67] at 1.  Defendants argue that these documents are not part of the "administrative claim file pertaining to Novick's claim for STD benefits" and therefore cannot be considered by the Court.  *Id*. at 1-2.[1]

---

[1] Despite this expressed concern for documents outside the "administrative claim file," defendants have not sought to strike other documents submitted by Ms. Novick that are also outside the "administrative claim file" such as:  the 2007 Form 1099 issued by MetLife to Network Medical Review Company; MetLife's 2007 Options Open Enrollment for Ms. Novick;

Ms. Novick's Affidavit addresses several factual issues pertinent both to her Motion for Summary Judgment and her opposition to defendants' Motion. First, Paragraph 1 states the correct date (January 7, 2007) on which she was bitten by a tick. The "administrative claim file" has several different dates for this event, depending upon who is doing the writing. *See, e.g.,* (604)[January 9, 2007], (609)[January 8, 2007].

Paragraphs 2 through 6 of Ms. Novick's Affidavit address facts related to the procedural irregularity surrounding defendants assertion in its Electronic Claim Record ["ECR"] entries that Ms. Novick refused to provide information regarding her examination by Dr. Albano-Aluquin. *See, e.g.,* Plaintiff's Statement Pursuant to Local Rule 56.1 [Docket Entry No. 58] at ¶¶33-35, pp. 7-8; Plaintiff's Memorandum of Law [Docket Entry No. 60] at 2, 12-13.

It is uncontested that MetLife in its July 23, 2007 STD claim termination letter never advised Ms. Novick that she had any obligation to review in detail MetLife's ECR entries for accuracy and to submit in writing her corrections or clarifications. *See* (580-581). MetLife's only instructions to Ms. Novick with respect to her appeal were:

> For your claim to be considered for benefits beyond 06/08/2007, documentation of medical findings that support a functional impairment that prevents you from performing the duties of your occupation, would need to be submitted.
>
> For claim reconsideration, kindly submit any abnormal findings, office visit notes, referrals or consultations not previously submitted for review. (580-581).

Paragraphs 7 through 8 and 10 through 13 of Ms. Novick's Affidavit address facts related to the proper calculation of her damages both for STD benefits and for Long Term Disability ["LTD"] benefits. Paragraphs 7 and 8 regarding the exact amount of STD benefits

---

and an October, 2011 letter and Email from defendants' counsel. *See* Docket Entry No. 55, Novick Exhibits Nos. 3, 5 and 6.

MetLife paid Ms. Novick were made necessary by MetLife's decision not to include such information in the "administrative claim file." This information is needed by the Court if it is to be able to calculate Ms. Novick's STD damages should she prevail on her Motion for Summary Judgment.

Paragraphs 10 through 13, on the other hand, provide information needed by the Court if it is to be able to calculate Ms. Novick's LTD damages should she prevail on her Motion for Summary Judgment. It is uncontested that defendants took no action after receipt of Ms. Novick's entire LTD application packet on May 27, 2009. *See, e.g.,* (925-112); Plaintiff's Memorandum of Law [Docket Entry No. 60] at 29. This includes any calculation of the LTD benefit at issue.

The Social Security Administration's Notice of Decision – Fully Favorable and Notice of Award with respect to Ms. Novick have been submitted for the very limited purpose of establishing the amount of "set-off" or LTD benefit reduction that MetLife is entitled to take. It is undisputed that: a. the Plan provides that STD benefits may be reduced by the amount of disability benefits obtained by Ms. Novick from the Social Security Administration (43); and, b. the Plan provides that LTD benefits may be reduced by the amount of disability benefits obtained by Ms. Novick from the Social Security Administration (68-69). Again, this information is needed by the Court if it is to be able to calculate Ms. Novick's LTD damages should she prevail on her Motion for Summary Judgment.

Nowhere in Ms. Novick's Motion for Summary Judgment submissions has Ms. Novick argued or even suggested that the foregoing limited Social Security information should be considered in any context except the calculation of LTD benefits damages. *See* Plaintiff's Statement Pursuant to Local Rule 56.1 [Docket Entry No. 58] at ¶¶95, 103, 105, pp. 30-32;

3

Plaintiff's Memorandum of Law [Docket Entry No. 60] at 31. Ms. Novick deliberately did not submit the Administrative Law Judge's Decision precisely so as to avoid any claim that the Social Security information was being submitted for a purpose *other* than the calculation of her LTD benefit damages.

Finally, Paragraph 9 of Ms. Affidavit authenticates her Complaint Exhibit 7, the documentary evidence establishing her mailing of her LTD application to defendants and defendants receipt of same on May 27, 2009.

For the reasons discussed in the following Legal Argument, defendants' Motion to Strike should be denied.

## II. LEGAL ARGUMENT

### A. THE DISTRICT COURT IS PERMITTED TO CONSIDER EVIDENCE OF CONFLICT OF INTEREST THAT IS OUTSIDE THE ADMINISTRATIVE RECORD

Courts should consider evidence outside the record that pertains to an insurer's conflict of interest or the procedural reasonableness of the determination. The Supreme Court in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343 (2008) specifically permits such a review. For instance, the Supreme Court listed, among the relevant information for judicial review, whether "an insurance company administrator has a history of biased claims administration" and whether "the administrator has taken active steps to reduce potential bias and promote accuracy …" 128 S.Ct. at 2351.

This was recognized in *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126 (2d Cir. 2008), where the Second Circuit reviewed and credited the deposition of a treating physician as well as evidence pertaining to First UNUM's past history. 551 F.3d at 136, 137. *See also Daniel v. UnumProvident Corp.*, 2008 U.S. Dist. LEXIS 1396, \*5 (2d Cir. 2008)(The concern about

4

federal courts from becoming "substitute plan administrators"…"is not implicated in cases where the extraneous evidence being offered goes to a question that was not, or could not have been, under consideration by the plan administrator"); *Trussel v. CIGNA Life Ins. Co. of N.Y.*, 2008 U.S. Dist. LEXIS 27413, *4 (S.D.N.Y. April 4, 2008)("[W]here a conflict of interest exists, the court may review evidence outside of the administrative record"); *Lee v. Aetna Life & Cas. Ins. Co.*, 2007 U.S. Dist. LEXIS 38205, *12 (S.D.N.Y. May 24, 2007)("Evidence outside the administrative record may be admissible, however, to show that the decision-making process was arbitrary and capricious"); *Cook v. N.Y. Times Co. Long Term Disability Plan*, 2004 U.S. Dist. LEXIS 1259, *60 (S.D.N.Y. Jan. 30, 2004)("District courts have discretion to consider evidence outside of the administrative record where good cause is shown, and the existence of conflict is considered good cause"); *see also Howley v. Mellon Financial Corp.*, 625 F.3d 788, 793 (3d Cir. 2010)("A court may certainly 'consider evidence of potential biases and conflicts of interest that is not found in the administrator's record'"); *Pitney Bowes Inc. Long-Term Disability Plan,* 544 F.3d 1016, 1028 (9th Cir. 2008)("[T]he district court may consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest").

Evidence related to a procedural irregularity committed by an ERISA fiduciary is evidence related to conflict of interest. As the Second Circuit held in *Durakovic v. Building Service 32 BJ Pension Fund,* 609 F.3d 133, (2d Cir. 2010):

> **Evidence that a conflict affected a decision may be** categorical (such as a 'history of biased claims administration') or **case specific (such as an administrator's** deceptive or **unreasonable conduct**), and may have bearing also on whether a particular decision is arbitrary and capricious.

*Id*. at 140 (emphasis added). The Second Circuit also recognized: "'[s]eemingly inconsistent actions' are evidence that a conflict affected an administrator's decision where the actions are

5

'both financially advantageous.'…[Such] facts bespeak the influence of a conflict of interest." *Id.* at 141; *see Veryzer v. American Int'l Life Ins. Co. of America*, 765 F. Supp. 2d 422, 439 (S.D.N.Y. 2011)("'[s]eemingly inconsistent' and 'financially advantageous' positions as to Plaintiff's claim 'bespeak the influence of a conflict of interest'); *see also Post v. Hartford Ins. Co.*, 501 F.3d 154, 165 (3d Cir. 2007)("In considering procedural factors, the focus is whether, in this claimant's case, the administrator has given the court reason to doubt its fiduciary neutrality"); *Miller v. American Airlines, Inc.*, 632 F.3d 837, 845 n. 3 (3d Cir. 2011) ("[E]ven though our cases prior to *Glenn* are no longer good law to the extent they applied the 'sliding scale' approach, the various factors that our Court has historically evaluated must still be considered on arbitrary and capricious review")

       In Ms. Novick's case, MetLife's Claim Activity entry (Clinical Action Needed – Ortho (M)) for June 21, 2007 states in part:

> FOLLOW UP FOR CALL BACK FROM EE [Ms. Novick] WITH
> NAME AND NUMBER OF RHEUMATOLOGIST SEEN IN
> HERSHEY PA ON OR ABOUT 06/04/2007.  IF NO CALL BACK
> RECEIVED RECOMMEND CLAIM CLOSURE (SEE DIARY
> CALLED UP TO CASE MANAGER ON 06/21/2007).  L. BOOTH CS
> (119-120).

MetLife's Claim Activity entry (Response to Case Manager (M)) for June 25, 2007,1:13 P.M. states in part:

> CLAIM END DATE IS CURRENTLY 06/08/2007.  EE [Ms. Novick]
> HAS BEEN REQUESTED TIMES TWO TO PROVIDE NAME AND
> NUMBER OF RHEUMATOLOGIST SEEN IN HERSHEY PA ON OR
> ABOUT 06/04/2007.  EE HAS PROVIDED NO INFORMATION.  EE
> CALLED IN ON 06/21/2007 AND DI NOT PROVIDE NAME AND
> NUMBER OF RHEUMATOLOGIST IN HERSHEY THAT SHE WAS
> TO SEE ON 06/04/2007.  EE IS NOW INSTRUCTING ML TO
> REQUEST INFORMATION FROM PCP, HOWEVER, CLAIM IS
> NOW SUSPENDED SINCE 06/08/2007.  (120-121).

MetLife's claim that Ms. Novick refused point blank to provide Dr. Albano-Aluquin's name to it is dubious, however, because the immediately preceding ECR entry describing the July 21, 2007 telephone call with Ms. Novick states:

> EE [Ms. Novick] RTNING CM CPHONE CALL AND STATED THAT ALL INFO THAT IS NEEDED TO CLAIM WILL HAVE TO BE REC'D THEROUGH [sic] DR. PERDER [sic] (PCP) [Principal Care Physician] THIS AP [Attending Physician] HAS ALL INFO NEEDED AND WILL BE GETTING INFO REGARDING EE SPCLIST APPT EE WILL BE GOING ON 07 25 2007 EE HAS AN APPT WITH UNVESITY [sic] OF PA.  **DR. ALBANIO-RHUMETOLOGIST** [sic] EE ALSO HAS AN APT WITH PCP ON 06 27 2007 ANYTIME EE GOES TO ANY OTHER AP PCP GETS SENT THE INFO.  (120).

(emphasis added). Where did MetLife get the name "Dr. Albanio-Rhumetologist"[2] if not from Ms. Novick? The question is not simply academic. MetLife's next action is to send her the letter dated June 26, 2007 stating: "We have previously notified you of the information required for your disability benefit. Our records reflect this has not been provided. Since this has not been received, your claim is being closed as of June 8, 2007." (600).

If Ms. Novick provided Dr. Albano-Aluquin's name to MetLife – which seems the only logical explanation – then MetLife's claims of non-cooperation are a pretext for the termination of benefits. This is precisely the type of conflict of interest evidence manifesting itself in a procedural irregularity that the Second Circuit warned courts to be on the watch for in *Durakovic*.

As discussed above, MetLife in its July 23, 2007 STD claim termination letter never advised Ms. Novick that she had any obligation to review in detail MetLife's ECR entries for accuracy and to submit in writing her corrections or clarifications. *See* (580-581). Under these

---

[2] MetLife's misspelling of Dr. Albano-Aluquin's name is characteristic. MetLife misspells the name of Ms. Novick's treating physician Dr. Prater in the same entry.

7

circumstances, Ms. Novick should be entitled to submit Paragraphs 2 through 6 of her Affidavit. Defendants' Motion to Strike her Affidavit as to these paragraphs should be denied.

### B. THE DISTRICT COURT IS PERMITTED TO CONSIDER EVIDENCE OF STD DAMAGES THAT IS OUTSIDE THE ADMINISTRATIVE RECORD

In *Daniel*, the Second Circuit held that the concern about federal courts becoming "substitute plan administrators"…"is not implicated in cases where the extraneous evidence being offered goes to a question that was not, or could not have been, under consideration by the plan administrator." 2008 U.S. Dist. LEXIS 1396, *5. Paragraphs 7 and 8 of Ms. Novick's Affidavit – as well as the Social Security Administration's Notice of Decision – Fully Favorable and Notice of Award – provide the factual basis for the proper calculation of her STD benefit damages in the event that she prevails on her Motion for Summary Judgment.

These factual submissions were made necessary by MetLife's unilateral decision not to include any information in the "administrative claim file" regarding the amount of Ms. Novick's STD benefit and the value of her STD benefits claim. As noted above, MetLife's only instructions to Ms. Novick with respect to her appeal were:

> For your claim to be considered for benefits beyond 06/08/2007, documentation of medical findings that support a functional impairment that prevents you from performing the duties of your occupation, would need to be submitted.
>
> For claim reconsideration, kindly submit any abnormal findings, office visit notes, referrals or consultations not previously submitted for review. (580-581).

It should therefore should not be surprising that Ms. Novick did not submit as part of her appeal all of the Explanations of Benefits Short Term Disability that MetLife had previously sent her. *See* Exhibit A to Ms. Novick's Affidavit.

8

Defendants in their Motion for Summary Judgment seek judgment on liability and therefore have no need to address the issue of damages. Ms. Novick as the claimant does not have that luxury. Under these circumstances, Ms. Novick should be entitled to submit Paragraphs 7 through 8 of her Affidavit. Defendants' Motion to Strike her Affidavit as to these paragraphs should be denied.

### C. THE DISTRICT COURT CAN STRIKE PARAGRAPH 1 OF MS. NOVICK'S AFFIDAVIT IF IT BELIEVES IT NECESARY

As stated above, Ms. Novick in Paragraph 1 of her affidavit seeks to provide the correct date upon which she was bitten by a tick. This clarification seemed in order because the "administrative claim file" has several different dates for this event, depending upon who is doing the writing. *See, e.g.,* (604)[January 9, 2007], (609)[January 8, 2007].

Ms. Novick concedes that this information does not relate either to conflict of interest evidence or to her STD benefit damages. This fact has no material significance with respect to any arguments raised by either Ms. Novick or defendants in their motion papers. Ms. Novick just wished to correct the record.

Ms. Novick therefore understands if the Court feels constrained under the case law cited by defendants in their Motion to strike Paragraph 1 of her Affidavit.

### D. THE DISTRICT COURT IS PERMITTED TO CONSIDER MS. NOVICK'S LTD DAMAGES EVIDENCE UNDER A *DE NOVO* STANDARD OF REVIEW

Defendants concede in their Motion to Strike that the district court is empowered to admit evidence outside the "administrative record" for good cause when *De Novo* review applies. *See* Defendants' Memorandum of Law at 5-6. It is uncontested that defendants took no action after receipt of Ms. Novick's entire LTD application packet on May 27, 2009. *See, e.g.,* (925-

112); Plaintiff's Memorandum of Law [Docket Entry No. 60] at 29.  This includes any calculation of the LTD benefit at issue.

Ms. Novick has argued in her Motion for Summary Judgment that defendants' inaction constitutes a deemed denial and that the *De Novo* standard of review applies to Ms. Novick's claim for LTD benefits.  *See* Plaintiff's Memorandum of Law [Docket Entry No. 60] at 8-9.

As discussed above, Paragraphs 10 through 13 of Ms. Novick's Affidavit – as well as the Social Security Administration's Notice of Decision – Fully Favorable and Notice of Award – provide the factual basis for the proper calculation of her LTD benefit damages in the event that she prevails on her Motion for Summary Judgment.[3]  Defendants in their Motion for Summary Judgment seek judgment on liability and therefore have no need to address the issue of LTD damages.  Ms. Novick as the claimant does not have that luxury.  Good cause having been established, Ms. Novick should be entitled to submit Paragraphs 10 through 13 of her Affidavit, as well as the Social Security Administration's Notice of Decision – Fully Favorable and Notice of Award.  Defendants' Motion to Strike her Affidavit as to these paragraphs and the Social Security documents should be denied.

Finally, Paragraph 9 of Ms. Affidavit merely authenticates her Complaint Exhibit 7, the documentary evidence establishing her mailing of her LTD application to defendants and defendants' receipt of same on May 27, 2009.  Proofs of payment to Federal Express, as well as Federal Express confirmations of receipt, are not the types of documents that would normally be

---

[3] Ms. Novick has provided the Court with all but one small piece of the information that will enable the Court to calculate her damages.  *See* Ms. Novick's Affidavit at ¶¶10-13, Novick Exhibit No. 1.  That one small piece is the gross amount of her AVIP award for 2006.  There should be no difficulty in obtaining this information from defendants.

10

found in an administrative record. Given that defendants in their Answer denied Paragraph 33 of Ms. Novick's Complaint dealing with the Complaint Exhibit 7 documents[4] and that as late as October 4, 2011, MetLife is still asserting through its counsel that it has no record of ever receiving Ms. Novick's LTD claim,[5] Ms. Novick believes that there is good cause to admit her authentication of the Complaint Exhibit 7 documents.

### III. CONCLUSION

Based upon the foregoing, Plaintiff Karen Novick respectfully requests that the Court deny defendants' Motion to Strike in its entirety. In the alternative, Ms. Novick respectfully requests the Court to strike only Paragraph 1 of her Affidavit.

Respectfully submitted,

By:  /s/ Alan H. Casper
Alan H. Casper, Esquire
PA Attorney I.D. #47081
1845 Walnut Street – Suite 1500
Philadelphia, PA 19103
(215) 546-1124 Telephone
(215) 546-1159 Facsimile
acasper@alanhcasperesq.com

Dated: March 16, 2012

---

[4] *See* Ms. Novick's Complaint at ¶33, Docket Entry No. 1; Defendants' Answer at ¶33, Docket Entry No. 27.

[5] *See* Docket Entry No. 55: Declaration of Alan H. Casper, Esquire (Novick Exhibit No. 5)

11

## IV. CERTIFICATE OF SERVICE

I, ALAN H. CASPER, ESQUIRE, hereby certify that I have served a true and correct copy of the foregoing by Electronic Filing and First Class U.S. Mail on the following:

>Michael H. Bernstein, Esquire
>John T. Seybert, Esquire
>Sedgwick, Detert, Moran & Arnold, LLP
>125 Broad Street, 39th Floor
>New York, NY 10004-2400

By: /s/ Alan H. Casper
Alan H. Casper, Esquire
PA Attorney I.D. #47081
1845 Walnut Street – Suite 1500
Philadelphia, PA 19103
(215) 546-1124 Telephone
(215) 546-1159 Facsimile
acasper@alanhcasperesq.com

Dated: March 16, 2012