UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAREN NOVICK,

                             Plaintiff,

                    -against-

METROPOLITAN LIFE INSURANCE COMPANY
and METLIFE OPTIONS AND CHOICES PLAN
NO. 512,

                             Defendants.
------------------------------------------------------------X

Civ. Act. No.
09-civ-6865 (RKE)

DOCUMENT
ELECTRONICALLY FILED

---

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE THE IMPROPER EXTRA-RECORD SUBMISSIONS ATTACHED TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT/OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

SEDGWICK LLP
*Attorneys for Defendants*
METROPOLITAN LIFE INSURANCE
COMPANY and METLIFE OPTIONS AND
CHOICES PLAN NO. 512
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925
(Sedgwick File No.: 00584-007613)

Michael H. Bernstein
John T. Seybert
Betsy D. Baydala
    *Of Counsel*

NY/849463v1

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................1

    POINT I

    NOVICK'S EXTRA-RECORD SUBMISSIONS ARE IMPROPER AS A
    MATTER OF LAW ................................................................................................................1

    POINT II

    METLIFE DID NOT ENGAGE IN A "PROCEDURAL IRREGULARITY"
    SUCH THAT THIS COURT CAN CONSIDER NOVICK'S
    EXTRA-RECORD AFFIDAVIT ..........................................................................................2

    POINT III

    NOVICK'S EXTRA-RECORD EVIDENCE RELATED TO THE CALCULATION
    OF STD/LTD PLAN BENEFITS MUST BE STRICKEN BECAUSE THIS COURT
    CANNOT FUNCTION AS A "SUBSTITUTE PLAN ADMINISTRATOR"................................7

        A.    If Novick Prevails With Respect To Her STD Claim, The Only Proper
              Remedy Is For The Court To Remand The Claim To MetLife For Further
              Consideration.................................................................................................................8

        B.    If Novick Prevails With Respect To Her LTD Claim, The Only Proper Remedy
              Is A Remand To MetLife For Consideration Of Her LTD Benefit Claim......................9

    POINT IV

    NOVICK'S EXTRA-RECORD EVIDENCE THAT PURPORTEDLY
    "CLARIFIES" UNDISPUTED FACTS IS INADMISSIBLE ...........................................9

CONCLUSION ................................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Brown v. Board of Trustees of Bldg. Service 32B-J Pension Fund*,
  392 F.Supp.2d 434 (E.D.N.Y. 2005) ................................................................................8

*Cejaj v. Building Service 32B-J Health Fund*,
  No. 02 Civ. 6141 RMBMHD, 2004 WL 414834 (S.D.N.Y. Mar. 5, 2004) ..........................8

*Conkright v. Frommert*
  130 S.Ct. 1640 (2010) ......................................................................................................8

*Cook v. The New York Times Co. Long-Term Disability Plan*,
  No. 02 Civ. 9154 (GEL), 2004 WL 203111 (S.D.N.Y. Jan. 30, 2004) ........................... 3, 6

*Daniel v. UnumProvident Corp.*,
  261 Fed.Appx. 316 (2d Cir. 2008) ....................................................................................7

*DiMeglio v. Bridgestone/Firestone Americas Holding Inc.*,
  517 F.Supp.2d 639 (E.D.N.Y. 2007) ................................................................................9

*Durakovic v. Building Service 32 BJ Pension Fund*,
  609 F.3d 133 (2d Cir. 2010) .............................................................................................3

*Hobson v. Metropolitan Life Ins. Co.*,
  574 F.3d 75 (2d Cir. 2009) ......................................................................................... 1, 10

*Knopick v. Metropolitan Life Ins. Co.*,
  No. 10-4707 cv, 2012 WL 147887 (2d Cir. Jan. 19, 2012) ................................................10

*Locher v. Unum Life Ins. Co. of America*,
  389 F.3d 288 (2d Cir. 2004) .............................................................................................2

*Magee v. Metropolitan Life Ins. Co.*,
  No. 07-cv 88169(WHP), 2009 WL 3682423 (S.D.N.Y. Oct. 15, 2009) ..............................10

*McCauley v. First Unum Life Ins. Co.*,
  551 F.3d 126 (2d Cir. 2008) .............................................................................................3

*Metropolitan Life Insurance Co. v. Glenn*,
  554 U.S. 105 (2008) ………………………………………………………………….6

*Miller v. United Welfare Fund*,
  72 F.3d 1066 (2d Cir. 1995) ................................................................................... 7, 8, 10

*Pastore v. Witco Corp. Severance Plan*,
196 Fed.Appx. 18 (2d Cir. 2006) ........................................................................................................8

*Pepe v. Newspaper and Mail Deliver's-Publishers' Pension Fund*,
559 F.3d 140 (2d Cir. 2009) ..............................................................................................................1

*Peterson v. Continental Cas. Ins.*,
282 F.3d 112 (2d Cir. 2002) ..............................................................................................................9

*Schultz v. Stoner*,
No. 00 Civ. 0439(LTS), 2009 WL 455163 (S.D.N.Y. Feb. 24, 2009) ....................................................8

*Veryzer v. American Intern. Life Assur. Co. of New York*,
765 F.Supp.2d 422 (S.D.N.Y. 2011) ....................................................................................................3

*Viglietta v. Metropolitan Life Ins.*,
No. 04 Civ.3874 (LAK), 2005 WL 5253336 (S.D.N.Y. Sep. 2, 2005) ............................................... 8, 9

*Young v. Hartford Life and Acc. Ins. Co.*,
No. 09 Civ. 9811(RJH), 2011 WL 4430859 (S.D.N.Y. Sep. 23, 2011)..................................................10

*Zervos v. Verizon New York, Inc.*,
277 F.3d 635 (2d Cir. 2002) ............................................................................................................10

**PRELIMINARY STATEMENT**

Defendants, Metropolitan Life Insurance Company ("MetLife") and MetLife Options and Choices Plan No. 512 (the "Plan")(collectively "Defendants"), respectfully submit this Reply Memorandum of Law in further support of their motion pursuant to Rules 56(c) and (e), FED. R. CIV. P., for an order striking the improper extra-record submissions included in Plaintiff Karen Novick's ("Novick") opposition to Defendants' pending motion for summary judgment and in support of her competing motion for summary judgment. Novick's Complaint seeks an award of short-term disability ("STD") and long-term disability ("LTD") benefits under the Plan, which is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA").

**ARGUMENT**
**POINT I**
**NOVICK'S EXTRA-RECORD SUBMISSIONS ARE IMPROPER AS A MATTER OF LAW**

It is undisputed that this Court must review MetLife's decision to terminate Novick's STD benefits under the arbitrary and capricious standard of review. (Doc. No. 60, p. 11). As Defendants established in their initial motion papers, pursuant to controlling authority in this Circuit, Novick's extra-record submissions cannot be considered by this Court because it is not free to accept and review extra-record materials that she did not submit for MetLife's consideration before it rendered its final STD claim determination on administrative appeal. (*See* Defendants' Memorandum of Law in Support of their Motion to Strike, POINT I). Here, Novick's Affidavit, which was created solely for this litigation to support her motion for summary judgment (Doc. No. 55, pp. 5-14), and the Social Security Administration's 2010 Decision (*Id.*, pp. 27-36), which was rendered years after MetLife's final benefit determination, are indisputably outside of the administrative record and cannot be considered by this Court in consideration of the parties' pending dispositive motions. *See Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 89 (2d Cir. 2009); *Pepe v. Newspaper and Mail Deliver's-Publishers' Pension Fund*, 559 F.3d 140, 149 (2d Cir. 2009) (remanding claim because the court could not review additional extra-

record evidence). As discussed below, Novick's arguments in Opposition have no legal basis and fail to establish that this Court has any discretion to consider her improper extra-record submissions on the Court's review under the arbitrary and capricious review standard.

In addition, to the extent this Court considers Novick's premature claim for LTD Plan benefits under a *de novo* review (which it should not do for all the reasons discussed in MetLife's opposition to Novick's motion for summary judgment (*see* Doc. No. 65, pp. 27-30)), this Court's review is still limited to the record in front of the claims administrator, unless the district court finds good cause to consider additional evidence. *See Locher v. Unum Life Ins. Co. of America*, 389 F.3d 288, 294-96 (2d Cir. 2004); *id.* at 296 (holding that there is a presumption against courts considering extra record evidence even in a *de novo* review). As discussed below, Novick's Opposition fails to establish that any "good cause" exists for this Court to consider her extra-record evidence and it is clear that she is improperly asking this Court to function as a "substitute plan administrator," which is impermissible as a matter of law.

## POINT II
## METLIFE DID NOT ENGAGE IN A "PROCEDURAL IRREGULARITY" SUCH THAT THIS COURT CAN CONSIDER NOVICK'S EXTRA-RECORD AFFIDAVIT

In her Opposition, Novick argues that this Court can consider portions of her extra-record Affidavit because MetLife's Claim Activity notes dated June 21, 2007 and June 25, 2007 purportedly demonstrate that MetLife engaged in a "procedural irregularity" rendering its decision-making infected by a conflict of interest. (Plt's Opp., II(A)). Not only is this statement self-serving and inaccurate, but the Defendants also established in their Motion for Summary Judgment that the conflict of interest factor should not carry any weight in this Court's analysis because Novick failed to establish that any purported conflict of interest considerations actually affected MetLife's decision to terminate her STD benefits. (Doc Nos. 52, pp. 34-37, *and* 65, pp. 26-27).

Novick similarly fails to demonstrate in Opposition to the Motion to Strike that this Court has any "good cause" to consider Novick's extra-record Affidavit because MetLife's conduct was not unreasonable or deceptive. *See Durakovic v. Building Service 32 BJ Pension Fund*, 609 F.3d 133, 140 (2d Cir. 2010); *Cook v. The New York Times Co. Long-Term Disability Plan*, No. 02 Civ. 9154 (GEL), 2004 WL 203111, *18 (S.D.N.Y. Jan. 30, 2004) (holding that only upon a showing of "good cause" does the Court have the discretion to consider evidence attempting to establish a procedural irregularity); *see also, McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 137 (2d Cir. 2008) (considering extra-record evidence due to the plan administrator's deception in telling the claimant that his medical records were reviewed by its on-site physician, when they had not been); *Veryzer v. American Intern. Life Assur. Co. of New York*, 765 F.Supp.2d 422, 437-38 (S.D.N.Y. 2011) (holding that the administrator's pattern of delay and mismanagement of plaintiff's claim, including numerous unexplained extensions, missed deadlines, changed reports and improper offset deductions, was evidence of serious procedural irregularities that infected its substantive decision-making).

The administrative record clearly demonstrates that despite Novick's multiple consultations with various treating physicians, as of May 17, 2007, she did not have a definitive diagnosis to account for her entirely subjective complaints, which she claims are the basis of her disability. (107-08).[1] Therefore, by letter dated May 18, 2007, MetLife informed Novick that in order for it to determine whether she was entitled to continuing STD benefits after June 8, 2007, she needed to submit specific medical information, such as her physicians' office visit notes and diagnostic test results, to support her claim that she was disabled under the terms of the Plan. (613).  The administrative record demonstrates that MetLife allowed Novick this additional time because she was scheduled to undergo a second rheumatology consultation on June 4, 2007. (109-12).

---

[1] The numbers in parentheses refer to the Bates Stamped pages starting with prefix "NOVICK 000__," which are annexed to the Declaration of Matthew Hallford dated December 19, 2011 as Exhibits "A", "B", and "C".  (*See* Doc. Nos. 49 – 49-18).

3

The administrative record also demonstrates that, despite MetLife's requests, Novick failed to submit the records of her June 4, 2007 rheumatology consultation to MetLife. (117-18). On June 21, 2007, Novick informed MetLife via telephone that all of her medical information would be provided by her primary care physician, Dr. John Prater, and that she was scheduled to see Dr. Albano-Aluquin on July 25, 2007. (120-21). The administrative record demonstrates that as of June 26, 2007, no additional information had been provided regarding Novick's June 4, 2007 rheumatology consultation and that there were no significant abnormal findings in the medical records submitted by Dr. Prater. (121). Therefore, by letter dated June 26, 2007, MetLife informed Novick that her STD claim was closed as of June 8, 2007 due to her failure to provide sufficient medical evidence in support of her STD claim. (600). The administrative record further demonstrates that when MetLife wrote its June 26, 2007 letter, it was willing to consider reinstating Novick's STD benefits if she submitted further medical information warranting reinstatement. (121-22). The record also shows that Novick submitted additional medical information on July 1, 2007, but that it did not warrant reinstatement of her benefits. (129).

In fact, the administrative record also demonstrates that MetLife considered Novick's additional medical information, but that a MetLife Clinical Consultant concluded that there were no significant abnormal findings. (129). Accordingly, by letter dated July 23, 2007, MetLife informed Novick that her STD benefits were terminated as of June 8, 2007 because there was "no documentation of medical findings to support a functional impairment that [prevented her] from performing the duties of [her] occupation." (595-96). MetLife also informed Novick of her right to appeal its adverse benefit determination under ERISA. (596). On August 7, 2007, additional medical information was submitted to MetLife in support of Novick's STD claim, including, for the first time, Dr. Albano-Aluquin's consultation report dated June 4, 2007. (579-86). The administrative record further demonstrates that MetLife considered Dr. Albano-Aluquin's consultation report, but

4

determined that Novick still did not have a definitive diagnosis to account for her self-reported subjective symptoms. (138-44). Therefore, by letter dated August 16, 2007, MetLife again informed Novick that she had the right to appeal MetLife's adverse determination under ERISA. (574).

Novick's argument in her Opposition that MetLife's conduct as described was unreasonable and evidence of a "procedural irregularity" is entirely without merit. First, MetLife never suggested that "Novick refused point blank to provide Dr. Albano-Aluquin's name." (Plt's Opp., p. 10). Rather, MetLife's Claim Activity note dated June 25, 2007 clearly states that Novick "ha[d] provided no information" with respect to her June 4, 2007 rheumatology consultation. (120-21). The administrative record shows that MetLife reasonably believed Novick was seeing Dr. Albano-Aluquin on July 25, 2007 and that no documentation from Novick's consultation with Dr. Albano-Aluquin was provided to MetLife until August 7, 2007, over two months after her first visit. (579-86).

Second, Novick's failure to clarify the name of the rheumatologist she saw on June 4, 2007 was not a "pretext for the termination of benefits." (Plt's Opp., p. 10). Rather, the administrative record clearly demonstrates that by letter dated June 26, 2007, MetLife merely "closed" Novick's STD claim as of June 8, 2007 due to her failure to provide sufficient medical evidence in support of her claim, such as her physicians' office visit notes that MetLife had requested for months. (600). It is undisputed that the Plan required Novick to submit sufficient medical proof to establish that she was entitled to Plan benefits. (022, 040). Novick, therefore, had the burden to submit Dr. Albano-Aluquin's documented medical findings, not just her name, to MetLife, which she failed to do for over two months. (579-86). In addition, the administrative record clearly demonstrates that Novick submitted updated medical information to MetLife on July 1, 2007, which notably did not include Dr. Albano-Aluquin's June 4, 2007 consultation report, and also failed to include any documentation of significant abnormal medical findings. (129). Therefore, MetLife reasonably issued its initial denial letter dated

5

July 23, 2007 because Novick had failed to provide specific medical information demonstrating that she was disabled under the terms of the Plan. (595-96).

Third, Novick's argument that this Court can consider her extra-record evidence because MetLife never advised her in its initial denial letter that she had an obligation to review MetLife's Claim Activity notes for accuracy is nonsensical. (Plt's Opp., pp. 10-15). The administrative record demonstrates that MetLife properly informed Novick of her obligation on administrative appeal to submit "documentation of medical findings that support a functional impairment that prevents [her] from performing the duties of [her] occupation." (595-96). Nothing in MetLife's Claim Activity notes informs the question of the documentation Novick was required to supply. Moreover, to the extent Novick submitted medical proof, none of it supports her claim for continuing STD benefits at that time, or any time thereafter.

Accordingly, it is apparent that Novick's contentions in her Opposition are based on an unwarranted reading of the administrative record and fail to demonstrate that MetLife engaged in a "procedural irregularity" or was deceptive or unreasonable in its decision-making that led to its initial adverse determination on her claim for continuing STD benefits.[2] There is thus no "good cause" for this Court to consider Novick's extra-record Affidavit and it should be stricken as a matter of law. *See Cook*, 2004 WL 203111, *18.

---

[2] Despite Novick's reliance on *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008), in her Opposition (Plt's Opp., p. 7), she did not implicate any of the U.S. Supreme Court's conflict of interest considerations such that this Court can consider her extra-record Affidavit. *See Glenn*, 554 U.S. at 117-18 (holding that "conflict of interest" considerations may be implicated where a plan administrator has a "history of biased claims administration," has "taken active steps to reduce potential bias and to promote accuracy," or has taken "seemingly inconsistent positions"). Notably, Defendants did not move to strike Novick's submission of MetLife's 2007 1099 Form issued to Network Medical Review Company ("NMR") because it implicated proper conflict of interest considerations (but did not demonstrate that any such conflict considerations influenced MetLife's decision-making). Nonetheless, Defendants established that MetLife's decision to obtain an independent medical record peer review from NMR was not influenced by a conflict of interest. (*See* Doc. Nos. 52, pp. 35-36 *and* 65, pp. 26-27).

6

**POINT III**
**NOVICK'S EXTRA-RECORD EVIDENCE RELATED TO THE CALCULATION OF STD/LTD PLAN BENEFITS MUST BE STRICKEN BECAUSE THIS COURT CANNOT FUNCTION AS A "SUBSTITUTE PLAN ADMINISTRATOR"**

It is well-established that Congress did not intend for federal district courts to function as "substitute plan administrators" in ERISA actions. *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995) (internal quotation marks omitted); *Daniel v. UnumProvident Corp.*, 261 Fed.Appx. 316, 318 (2d Cir. 2008). Here, Novick received 12 weeks of STD Plan benefits from February 7, 2007 through June 8, 2007 and the undisputed facts show that MetLife calculated the amount of STD benefits in accordance with the terms of the Plan. (195). Notably, Novick does not allege that MetLife's calculations were improper or that MetLife would not properly calculate a future award of STD or LTD Plan benefits, if the Court were to order MetLife to pay such benefits.[3] Accordingly, any effort by this Court to calculate STD or LTD Plan benefits would be "cause for concern" because by doing so, it would be functioning as a "substitute plan administrator," which is impermissible as a matter of law. *See Daniel*, 261 Fed.Appx. at 318. In addition, Novick states in her Opposition that she included all of the information necessary to calculate an award of Plan benefits, except for "one small piece of [ ] information." (Plt's Opp., p. 13 n. 3). This is irrelevant because the Plan dictates the amount of monthly benefits and MetLife is fully capable of properly calculating benefits in accordance with the terms of the Plan if they are due. Manifestly, Novick is simply using this untenable argument as a pretext to submit proof that ostensibly supports the substance of her claim, which this Court should not condone. Therefore, Novick's extra-record evidence related to the calculation of Plan benefits must be stricken.

---

[3] For the reasons set forth at length in Defendants' Motion for Summary Judgment, it is respectfully submitted that Novick is not entitled to any further benefits and that Judgment dismissing the Complaint should be entered in Defendants' favor. (*See* Doc. Nos. 52 *and* 65).

7

A.  **If Novick Prevails With Respect To Her STD Claim, The Only Proper Remedy Is For The Court To Remand The Claim To MetLife For Further Consideration.**

In *Conkright v. Frommert*, 130 S.Ct. 1640, 1647-48, 1651 (2010), the Supreme Court found that where a claim administrator is granted discretionary authority under an ERISA plan (as MetLife was here), the deference owed to its determinations by the reviewing court may not be disturbed by one good faith mistake; therefore, the only proper remedy when such a mistake is found to have occurred is to remand to the plan administrator for a further review and determination. *See also*, *Miller*, 72 F.3d at 1071 (holding that a remand to the plan administrator for further consideration is consistent with the notion that the courts cannot function as "substitute plan administrators"). Accordingly, if Novick prevails on her motion for summary judgment with respect to her claim for continuing STD benefits, the proper remedy is to remand the matter to MetLife for further consideration. *See Conkright*, at 1647-48, 1651; *see also*, *Cejaj v. Building Service 32B-J Health Fund*, No. 02 Civ. 6141 RMBMHD, 2004 WL 414834, *10 (S.D.N.Y. Mar. 5, 2004) ("Having determined that the [administrator's] decision was arbitrary and capricious, we may not simply reverse and substitute our own determination of plaintiff's eligibility for benefits for that of the [administrator]."); *Viglietta v. Metropolitan Life Ins.*, No. 04 Civ.3874 (LAK), 2005 WL 5253336, *1 (S.D.N.Y. Sep. 2, 2005).

In addition, even if this Court determined that judgment should be entered in favor of Novick awarding the maximum amount of STD benefits under the Plan, a remand to MetLife is still necessary "for the calculation and payment of benefits in accordance with the requirements of ERISA and the terms of the plans." *Schultz v. Stoner*, No. 00 Civ. 0439(LTS), 2009 WL 455163, *15 (S.D.N.Y. Feb. 24, 2009). But, since the administrative record does <u>not</u> contain indisputable evidence that Novick was "totally disabled" as of June 9, 2007, a remand to MetLife for further consideration would be the <u>only</u> proper remedy if Novick ultimately prevails in her motion for summary judgment. *See Pastore v. Witco Corp. Severance Plan*, 196 Fed.Appx. 18, 21 (2d Cir. 2006); *Brown v. Board of Trustees of Bldg. Service 32B-J Pension Fund*, 392 F.Supp.2d 434, 445 (E.D.N.Y. 2005) (remanding for further consideration because

8

"the evidence [was] not so overwhelmingly one-sided that a reasonable person could only conclude that plaintiff was totally disabled"); *Viglietta*, 2005 WL 5253336, *11 (remanding to the administrator for further consideration because the evidence did not indisputably support a conclusion that the plaintiff was entitled to benefits).

**B.     If Novick Prevails With Respect To Her LTD Claim, The Only Proper Remedy Is A Remand To MetLife For Consideration Of Her LTD Benefit Claim**

As Defendants established in their Motion for Summary Judgment, MetLife reasonably exercised its discretionary authority to interpret the Plan terms and determined that Novick was ineligible to receive any LTD benefits because she did not exhaust and receive all available STD Plan benefits, which it concluded was a condition precedent to eligibility for LTD benefits. (Doc. Nos. 52, POINT IV, *and* 65, POINT III). As Novick reaffirms in her Opposition, "defendants took no action after receipt of Ms. Novick's entire LTD application packet." (Plt's Opp., p. 12). Accordingly, pursuant to well-established and controlling authority, this Court cannot pass on the merits of Novick's LTD claim without first giving MetLife the opportunity to do so. *See Peterson v. Continental Cas. Ins.*, 282 F.3d 112, 117 (2d Cir. 2002) ("[A]bsent a determination by the plan administrator, federal courts are without jurisdiction to adjudicate whether an employee is eligible for benefits under an ERISA plan."); *DiMeglio v. Bridgestone/Firestone Americas Holding Inc.*, 517 F.Supp.2d 639, 646 (E.D.N.Y. 2007). Therefore, if Novick prevails in her motion for summary judgment with respect to her STD claim, the only appropriate remedy is to remand to MetLife for consideration of the merits of her LTD claim, not an award of benefits.  More specifically, this Court should not consider any evidence on the LTD claim before MetLife is required to do so in the event of any potential adverse ruling by this Court.

**POINT IV**
**NOVICK'S EXTRA-RECORD EVIDENCE THAT PURPORTEDLY "CLARIFIES" UNDISPUTED FACTS IS INADMISSIBLE**

Novick claims that the remaining portions of her extra-record submissions establish the exact date she was purportedly bitten by a tick and when MetLife received her LTD application. (Plt's Opp.,

9

pp. 12-15). However, Defendants do not dispute that Novick claims to have been bitten by a tick in early January 2007. (Doc. No. 64, ¶9). Novick thus concedes in her Opposition that her extra-record "clarification" of the exact date she was allegedly bitten by a tick "has no material significance" in the parties' pending motions for summary judgment. (Plt's Opp., p. 12). Novick also "understands" if this Court strikes this extra-record evidence pursuant to the controlling authority in this Circuit, which does not allow for the consideration of evidence outside of the administrative record in a review for abuse of discretion.  (*Id.*); *see Hobson*, 574 F.3d at 89; *Miller*, 72 F.3d at 1071; *see also*, *Young v. Hartford Life and Acc. Ins. Co.*, No. 09 Civ. 9811(RJH), 2011 WL 4430859, *13 (S.D.N.Y. Sep. 23, 2011); *Magee v. Metropolitan Life Ins. Co.*, No. 07-cv-88169 (WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009).

In addition, Defendants do not dispute that Novick mailed her premature LTD application to MetLife on May 26, 2007 and that MetLife received her application. (Doc. No. 64, ¶¶75-76). As Novick states in her Opposition, it is "uncontested that Defendants took no action after receipt of [her] entire LTD application packet on May 27, 2009." (Plt's Opp., p. 6). Therefore, Novick's extra-record submissions that purportedly confirm when MetLife received her LTD application, similarly, have "no material significance" in the parties' pending motions for summary judgment.  Accordingly, even under a *de novo* review of her LTD claim, this extra-record evidence must be stricken because no "good cause" exists for this Court to consider it.  *See Zervos v. Verizon New York, Inc.*, 277 F.3d 635, 646 (2d Cir. 2002); *Knopick v. Metropolitan Life Ins. Co.*, No. 10-4707-cv, 2012 WL 147887, *2 (2d Cir. Jan. 19, 2012) (summary order).

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court grant Defendants' motion to strike in its entirety since Novick's extra-record submissions are not properly before this Court in consideration of the parties' pending motions for summary judgment.

NY/849463v1

Dated: New York, New York
March 30, 2012

                                                  Respectfully submitted,

                                                  _s/_____
MICHAEL H. BERNSTEIN (MB 0579)
JOHN T. SEYBERT (JS 5014)
BETSY D. BAYDALA (BB 5165)
S<small>EDGWICK</small> LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925
michael.bernstein@sedgwicklaw.com
*Attorney for Defendants*
METROPOLITAN LIFE INSURANCE COMPANY
and METLIFE OPTIONS AND CHOICES
PLAN NO. 512

11

NY/849463v1

## CERTIFICATE OF SERVICE

I, BETSY D. BAYDALA, hereby certify and affirm that a true and correct copy of the attached **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE** was served *via ECF and regular mail* on this 30th day of March, 2012, upon the following:

| | |
|---|---|
| Alan H. Casper Esq. | Scott M. Riemer Esq. |
| 1845 Walnut Street, Suite 1500 | Riemer & Associates |
| Philadelphia, PA  19107 | 60 East 42nd Street, Suite 1750 |
| | New York, NY  10165 |
| Business Phone:  (215) 546-1124 | |
| Business E-mail: | Business Phone:  (212) 297-0700 |
| acasper@alanhcasperesq.com | Business E-mail:  sriemer@riemerlawfirm.com |

Dated:   New York, New York
         March 30, 2012

         _s/_____
         BETSY D. BAYDALA (BB 5165)

NY/849463v1