USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 01/09/2013



UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, NY 10278-0001

CHAMBERS OF
RICHARD K. EATON
JUDGE

January 8, 2013

Scott M. Riemer, Esq.
Riemer & Associates, LLC
60 East 42nd Street, Suite 1750
New York, NY 10165

Alan H. Casper, Esq.
49 North Airmont Road
Suffern, NY 10901

Michael H. Bernstein, Esq.
Sedgwick LLP
225 Liberty Street, 28th Floor
New York, NY 10281

John T. Seybert, Esq.
Sedgwick LLP
225 Liberty Street, 28th Floor
New York, NY 10281

        Re:    **Novick v. Metropolitan Life Insurance Company et al.**
               Court No. 09-cv-06865-RKE

Dear Counsel:

    I am in receipt of Mr. Riemer's email message to the court dated December 27, 2012 requesting a clarification of Section III of the court's decision in the above-captioned case dated December 17, 2012 (ECF Dkt. No. 78). In particular, counsel has inquired as to "whether the Court has already granted attorney fees and merely would like an application addressing the 'amount' of attorney fees, or whether the Court also wants briefing addressing the merits of awarding fees in the first place."

The court's decision in Section III of the opinion addressed plaintiff's request for an order permitting plaintiff's attorneys "to petition the Court for an award of attorneys' fees." Pl.'s Consol. Mem. in Supp. of Mot. for Summ. J. 31 (Feb. 7, 2012) (ECF Dkt. No. 60); *see also* Pl.'s Notice of Mot. for Summ. J. 1 (Feb. 3, 2012) (ECF Dkt. No. 54) (requesting an order "permitting [Novick's] attorneys to petition the Court for an award of attorneys' fees").

By its decision, the court intended to grant plaintiff's request "to petition the Court for an award of attorneys' fees." Therefore, pursuant to 29 U.S.C. § 1132(g)(1) (2006) and Fed. R. Civ. P. 54(d)(2), plaintiff may file an application to the court for attorney's fees, which includes the contents specified in Fed. R. Civ. P. 54(d)(2)(B), and addresses the five *Chambless* factors. *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987); *see Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 298 (2d Cir. 2004) ("Pursuant to 29 U.S.C. § 1132(g)(1), a court has discretion to award reasonable attorneys' fees 'to either party' in an ERISA action. The decision of whether to award attorneys' fees is ordinarily based on five factors.").

The application should be filed no later than January 25, 2013.

Very Truly Yours,

/S/   Richard K. Eaton
Judge

cc: Casey Cheevers, Case Manager