USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 01 30 2017

# ALAN H. CASPER, ESQUIRE
### ATTORNEY AT LAW

1845 WALNUT STREET — SUITE 1500
PHILADELPHIA, PENNSYLVANIA 19103
215-546-1124
FAX 215-546-1159
EMAIL: ACASPER@ALANHCASPERESQ.COM
WEBSITE: WWW.ALANHCASPERESQ.COM

504 BIRCHFIELD DRIVE
MOUNT LAUREL, NEW JERSEY 08054
856-608-7900
FAX 856-722-1485

*PLEASE REPLY TO PHILADELPHIA*

January 22, 2013

**BY FAX AND REGULAR MAIL**

The Honorable Richard K. Eaton
U.S. Court of International Trade
One Federal Plaza, Room 397
New York, NY 10278

> Re: *Karen Novick v. Metropolitan Life Insurance Company and MetLife Options and Choices Plan No. 512*
> S.D.N.Y. No. 09-CV-6865(RKE)

Dear Judge Eaton:

We write in response to Mr. Bernstein's January 17, 2013 letter to the Court. In that letter, Mr. Bernstein proffers a proposed judgment Order to the Court, which he admits has been objected to by plaintiff's counsel. We wish to advise the Court as to the precise nature of our objection.

Defendants' proposed Judgment Order contains the following phrase in its prefatory remarks: "it appearing that there is no just reason for delay of an appeal of the Court's final ruling on Plaintiff's claim for STD benefits...." Later on it contains the following clause:

> IT IS FURTHER ORDERED, that in the event Defendants file an appeal of this Court's final judgment in Plaintiff's favor on the STD benefit claim, Plaintiff's time to file an application for attorney's fees and defendants obligation to complete the reconsideration of Plaintiff's claim for LTD benefits on remand shall be stayed pending resolution of the appeal and the issuance of a mandate by the U.S. Court of Appeals for the Second Circuit.

F.R.C.P. 54(b) Judgment on Multiple Claims or Involving Multiple Parties states that:

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, **the court may direct entry**

ALAN H. CASPER, ESQUIRE
The Honorable Richard K. Eaton
January 22, 2013
Page Two

> of a final judgment as to one or more, but fewer than all,
> claims or parties **only** if the court **expressly determines** that
> there is no just reason for delay. Otherwise, any order or
> other decision, however, designated, that **adjudicates fewer**
> **than all the claims or the rights and liabilities of fewer than**
> **all the parties does not end the action as to any of the claims**
> or parties and may be revised at any time before the entry of
> judgment adjudicating all the claims and all the parties' rights
> and liabilities. (emphasis added).

In its Opinion and Order filed on December 17, 2012 [Document No. 78], the Court made no finding or determination that "there is no just reason to delay" final judgment on Ms. Novick's Short Term Disability ("STD") claim such as defendants assert. Rather the Court found repeatedly that MetLife's conduct with respect Ms. Novick's STD claim was unsupported by substantial evidence and was arbitrary and capricious. Recognizing no further impediment to the consideration of Ms. Novick's Long Term Disability ("LTD") claim, the Court remanded that claim to defendants for further processing.

Rather than permit the timely adjudication of all of Ms. Novick's rights and all of defendants' liabilities, defendants seek to jump start an immediate appeal through the legerdemain of their proposed Order. Defendants appear unwilling, however, to engage in the process of seeking this Court's certification and subsequently the Second Circuit's permission for the immediate appeal of an **interlocutory order**. Perhaps this is because defendants have previously tried and failed to obtain certification of Ms. Novick's STD claim for immediate appeal. *See* Docket Nos. 24, 25, 30, 32 and 37.

As we have explained to defense counsel, this Court's December 17, 2012 Opinion and Order remains an interlocutory order for appeal purposes under the Federal Rules and applicable statutes until there has been a final adjudication of Ms. Novick's pending LTD claim. The inclusion in a judgment order of the language sought by defendants will not render an otherwise interlocutory order into a final order for appeal purposes. What it can be expected to do, however, is to delay relief to Ms. Novick unnecessarily by fostering an immediate appeal by defendants which will be opposed on the grounds that it constitutes an improper appeal of an interlocutory order.

For the foregoing reasons, we respectfully request that the Court eschew defendants' proposed judgment order. We submit instead for the Court's consideration a copy of the judgment order that we provided earlier to defense counsel and to which they would not agree. If defendants wish to seek certification from the Court thereafter, they are entitled to do so.

ALAN H. CASPER, ESQUIRE
The Honorable Richard K. Eaton
January 22, 2013
Page Three

Thanking you for your attention in this matter and with kind regards, I am

Very truly yours,

Alan H. Casper

AHC/ahc
Enclosure
cc:   Michael H. Bernstein, Esq. (w/encl.)
      Scott M. Riemer, Esq. (w/o encl.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KAREN NOVICK,                                              09 Civ. 6865 (RKE)

                Plaintiff,

                                                **JUDGMENT**

   -against-

METROPOLITAN LIFE INSURANCE COMPANY         DOCUMENT
and METLIFE OPTIONS AND CHOICES PLAN        ELECTRONICALLY FILED
NO. 512,

                Defendants.
---------------------------------------------------------X

      Defendants Metropolitan Life Insurance Company (hereinafter "MetLife") and MetLife Options and Choices Plan No. 512 (hereinafter "the Plan"), having moved for summary judgment dismissing Plaintiff's claims for short term disability benefits ("STD") and long term disability benefits ("LTD"), and Plaintiff having filed a competing motion for summary judgment seeking an order awarding benefits under the MetLife group STD and LTD plans, which are governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C §1001, *et seq.*, and the matter having come on to be heard before the Hon. Richard K. Eaton, U.S. Court of International Trade Judge, sitting by designation, and the Court having issued its Memorandum and Order, dated and entered December 17, 2012, granting Plaintiff's motion for summary judgment in part, and specifically awarding summary judgment on Plaintiff's claim for an award of all benefits under the MetLife STD Plan, and denying in part Plaintiff's motion for summary judgment on Plaintiff's claim for an award of benefits under the MetLife LTD Plan, denying Defendants' motion for summary judgment dismissing the Complaint in its entirety, and ordering that Plaintiff's claim for LTD benefits be remanded to MetLife for further consideration, it is hereby

NY/1240343v1

**ORDERED AND ADJUDGED** that for the reasons stated in the Court's Memorandum and Order, dated and entered December 17, 2012, judgment is hereby entered in favor of Plaintiff on her claim for STD benefits, and Defendants shall pay to Plaintiff all STD benefits for the full twenty-six week period under the Plan minus any STD benefits already paid, together with statutory interest at the rate of 9% retroactive to the date in 2007 when such unpaid STD benefits should have been paid; and

**IT IS FURTHER ORDERED AND ADJUDGED**, that Plaintiff's claim for LTD benefits shall be remanded to MetLife for further consideration in light of the Court's rulings in its Memorandum and Order; Plaintiff shall have up to 180 days to submit additional evidence in accord with the Memorandum and Order; Defendants shall thereafter act upon Plaintiff's claim for LTD benefits, rendering their decision within the time period provided by the Department of Labor's ERISA Regulations: 29 CFR 2560.503-1(h)4)(i)(1), (3) and (4); in the event of Defendants' denial, in whole or in part, of Plaintiff's LTD benefits claim, Plaintiff shall have the right, at her sole discretion, to pursue a further internal appeal of Defendants' LTD benefits claim denial, which further appeal shall comply with the procedures set forth in the Department of Labor's ERISA Regulations: 29 CFR 2560.503-1; in the event of Defendants' denial, in whole or in part, of Plaintiff's LTD benefits claim, Plaintiff shall have the right to return before this Court for an immediate review of Defendants' decision with respect to Plaintiff's claim for LTD benefits; and this Court shall retain jurisdiction over this action and matter until such time as a joint stipulation of dismissal executed by counsel for all parties is filed with the Clerk.

**IT IS FURTHER ORDERED**, that Plaintiff may file an application for attorneys fees and costs on or before January 25, 2013, as previously set forth in this Court's letter dated January 8, 2013 [Document 79]; and

Dated: New York, New York
January ___, 2013

                                                            RICHARD K. EATON
                                                            UNITED STATES COURT OF
                                                            INTERNATIONAL TRADE, SITTING BY
                                                            DESIGNATION