# ALAN H. CASPER, ESQUIRE

### *ATTORNEY AT LAW*

1845 WALNUT STREET — SUITE 1500
PHILADELPHIA, PENNSYLVANIA 19103
215-546-1124
FAX 215-546-1159
EMAIL: ACASPER@ALANHCASPERESQ.COM
WEBSITE: WWW.ALANHCASPERESQ.COM

504 BIRCHFIELD DRIVE
MOUNT LAUREL, NEW JERSEY 08054
856-608-7900
FAX 856-722-1485

*PLEASE REPLY TO PHILADELPHIA*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 01 / 30 / 2013

January 29, 2013

**BY FAX AND REGULAR MAIL**

The Honorable Richard K. Eaton
U.S. Court of International Trade
One Federal Plaza, Room 397
New York, NY 10278

      Re:   *Karen Novick v. Metropolitan Life Insurance Company and MetLife Options and Choices Plan No. 512*
            S.D.N.Y. No. 09-CV-6865(RKE)

Dear Judge Eaton:

      We do not wish to engage in a protracted back and forth with defense counsel in the above matter regarding the parties' competing proposed judgment orders. We believe ourselves constrained, however, to address one point made in Mr. Seybert's January 24, 2013 letter.

> Mr. Seybert writes:
>
> In *Heimeshoff v. Hartford Life & Accident Ins.c Co.*, No. 10cv1813(JBA), 2012 WL 171325 (D.Conn. Jan. 20, 2012, the district court disagreed with the ruling by Judge Holwell and granted the insurance company's motion to dismiss where the initial determination letter did not make reference to the plan's limitation of action provision. The Second Circuit affirmed the district court's judgment. 12-651-cv, 2012 WL 4017133 (2d Cir. Sept. 13, 2012.
>
> The Second Circuit, however, in *Heimeshoff* stated explicitly:
>
> Second, Heimeshoff argues that Hartford was required to disclose the time limits for filing a civil action in its denial of benefits letters pursuant to *29 C.F.R. § 2560.503-1(g)(1)(iv)*. Appellant contends that Hartford's failure to do so entitles Appellant to equitable tolling of her claim. Appellant relies upon a case from the Southern District of New York to support its claim that the regulation in question requires notice. *See Novick v.*

01/29/2013 11:05 FAX 2155481159 ALAN H CASPER ESQ ☒003/003

ALAN H. CASPER, ESQUIRE
The Honorable Richard K. Eaton
January 28, 2013
Page Two

> *Metropolitan Life Ins. Co.*, 764 F. Supp. 2d 653, 660-64
> (S.D.N.Y. 2011). [*4] **We need not address this issue.**

2012 U.S. App. LEXIS 19269 at **3-4 (emphasis added). Furthermore, the First Circuit has already reached the same conclusion as Judge Holwell in its published opinion *Ortega-Candelaria v. Orthobiologics LLC*, 661 F.3d 675, 681 (1st Cir. 2011)("The regulatory requirement is that Orthobiologics provide notice of Ortega's right to sue in the benefit determination notification. That the information may have appeared elsewhere is irrelevant and does not cure the notice deficiency").

As for Mr. Seybert's comments regarding Ms. Novick's request for statutory interest, we shall address them when presented in the briefing on Ms. Novick's pending Petition for Fees and Costs.

Thanking you for your attention in this matter and with kind regards, I am

Very truly yours,

Alan H. Casper

AHC/ahc
cc: Michael H. Bernstein, Esq.
    Scott M. Riemer, Esq.

ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR  NEW YORK, NY 10281-1008

*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

January 24, 2013

*Via E-mail*
Hon. Richard K. Eaton
Judge of the United States Court of
International Trade
United States Court of International Trade
One Federal Plaza
New York, New York 10278-0001

Re: *Karen Novick v. Metropolitan Life Insurance Company et al.*
    Civ. Act. No. 09 Civ. 6865 (RKE)
    File No.: 00584-007694

Dear Judge Eaton:

This office represents the Defendants in the above-referenced matter. We write in response to Plaintiff Karen Novick's ("Novick") letter dated January 22, 2013 objecting to Defendants' proposed Judgment submitted on January 17, 2013 and submitting its counter-proposed judgment. We disagree with Novick's position regarding Defendants' proposed Judgment and object to Novick's counter-proposal.

### A.  The Court Should Enter Defendants' Proposed Judgment Allowing Defendants To Appeal The Award of STD Benefits.

Novick objects to Defendants proposed judgment on the ground that it seeks to have this Court certify for appeal the award of short-term disability ("STD") benefits. As set forth in Defendants' letter dated January 17, 2013, the issue regarding Novick's alleged entitlement to STD benefits is final because this Court awarded the STD benefits to Novick. (Doc. No. 78, the "Order). The proceedings at the District Court regarding Novick's claim for long term disability ("LTD") benefits cannot change the award of STD benefits. This Court's order remanding the LTD benefits claim to Defendants for further consideration does not change that the STD benefit award is ripe for appeal. Rule 54(b), FED. R. CIV. P., provides that "the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

Moreover, based on the rulings by this Court on the summary judgment motion, the exhaustion and receipt of STD benefits is a condition precedent to receiving LTD benefits. (Doc. No. 78, pp. 35-36). If the Second Circuit determines that Novick was not entitled to STD benefits, then she is not entitled to any LTD benefits. Requiring Defendants to perform a review of Novick's LTD benefits would unnecessarily delay the resolution of this matter. Indeed, in her counter-proposed judgment, Novick seeks a total of six months to submit additional records to Defendants on remand. In addition, the review is an expensive process, which may require Defendants to obtain independent medical consultant peer reviews and other vocational assessments to determine Novick's functional limitations. Nevertheless, all of this work may be irrelevant if the Second Circuit determines that Novick was not entitled to STD benefits.

NY/1242630v1

There are two bases why Novick is not entitled to STD benefits. First, Novick's claim for STD benefits is time-barred by the Plan's limitation of actions provision. Judge Holwell denied Defendants' motion to dismiss Novick's claim for STD benefits based on the ground that Plan's limitation of actions provision was equitably tolled because the limitation was not explicitly set forth in Defendants' initial determination letter. (Doc. No. 22). Judge Holwell then denied Defendants' motion to certify the question for interlocutory appeal to the U.S. Court of Appeals for the Second Circuit under 28 U.S.C. §1292(b). (Doc. No. 37). In *Heimeshoff* v. *Hartford Life & Accident Ins. Co.*, No. 10cv1813(JBA), 2012 WL 171325 (D.Conn. Jan. 20, 2012), the district court disagreed with the ruling by Judge Holwell and granted the insurance company's motion to dismiss where the initial determination letter did not make reference to the plan's limitation of action provision. The Second Circuit affirmed the district court's judgment. 12-651-cv, 2012 WL 4017133 (2d Cir. Sept. 13, 2012). Second, Defendants respectfully disagree that there was substantial evidence in the record supporting Novick's claim that she was disabled under the Plan for the period of STD benefits.

Novick asserts that the parties should fully and finally resolve her alleged entitlement to LTD benefits before Defendants can pursue an appeal of the award of STD benefits. But Novick's position is merely placing her interests ahead of the expediency and efficiency of this litigation. If the Second Circuit finds that Novick was not entitled to STD benefits, then there is no need for a remand or any further review by this Court. Accordingly, there is no just reason for delay and this Court should enter Defendants' proposed judgment. *See SEC* v. *Gupta*, No. 11 Civ. 7566(JSR), 2012 WL 6767789 (S.D.N.Y. Dec. 26, 2012) (Rakoff, J.) (entering consent judgment stating that there is "no just reason for delay" to pursue an appeal).

Novick also asserts that Defendants must file a motion for certification of the issue for appeal. A motion under 28 U.S.C. §1292(b) is not necessary because this Court's Order fully and finally resolved Novick's claim for STD benefits. This section only applies to "orders not otherwise appealable under this section." Defendants seek the entry of a judgment under Rule 54(b), FED. R. CIV. P., which certifies that the STD benefits were fully and finally determined and that there is "no just reason for delay" in allowing an appeal of the award of STD benefits, which this Court determined was a condition precedent to granting LTD benefits. Thus, the Court's Order provides a sufficient basis for the entry of a judgment allowing Defendants to proceed with an appeal on the award of the STD benefits without the need for further motion practice.

### B. The Court Should Not Enter Novick's Counter-Proposed Judgment.

Novick's counter-proposed judgment improperly seeks to award pre-judgment interest at the rate set by the New York Civil Practice Law and Rules, which is preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq. See, e.g., Massachusetts Mut. Life Ins. Co.* v. *Russell*, 473 U.S. 134, 144 (1985). The Plan does not require the payment of interest. *See Carlson* v. *IHSBC-North America Holdings Administrative Committee*, No. CV-09-3131(SJF)(ETB), 2011 WL 2516592, *2 (E.D.N.Y. June 21, 2011). Moreover, interest awarded may not overcompensate the plaintiff. *See Kinek* v. *Paramount Communications, Inc.*, 22 F.3d 503, 514 (2d Cir. 1994). Notably, Judge Hellerstein recently rejected Novick's local counsel's argument that a plaintiff is entitled to receive 9% interest. (Ex. "A").

Novick's counter-proposed judgment should also be rejected because it seeks to alter the Plan's administrative review procedure. Under the Plan terms, Defendants review the claim for benefits and if it results in an adverse benefit determination, then the participant may pursue an administrative appeal. If the initial determination is upheld on appeal, then a participant may pursue her claim for benefits in court. The

Hon. Richard K. Eaton
Re: Karen Novick v. Metropolitan Life Insurance Company et al.
    Civ. Act. No. 09 Civ. 6865 (RKE)
January 24, 2013
Page 3

Plan must comply with the requirements set forth under ERISA to provide a full and fair review. 29 U.S.C. §1133; 29 C.F.R. §2560.503-1. Novick's counter-proposed judgment seeks to change the administrative procedures for the LTD Plan. This is not appropriate as a matter of law. Indeed, the Court's Order provided for remand of Novick's claim to "MetLife so it may render a decision on Ms. Novick's claim." (Order, p.36). The Court's Order did not change the Plan's administrative review procedures.

Accordingly, Novick's counter-proposed judgment should be rejected and the Court should enter Defendants' proposed Judgment.

Thank you for your consideration of this matter.

Respectfully submitted,

Michael H. Bernstein
Sedgwick LLP

MHB
Enclosure
cc: Scott M. Riemer Esq.
    Alan H. Casper Esq.

# EXHIBIT A

litigation, but now that Defendant has reversed its determination and awarded her benefits, she has now achieved complete success and is entitled to 100 percent of her fees.

Courts have discretion to award fees in ERISA actions where plaintiffs claim they were wrongfully denied benefits. See 29 U.S.C. § 1132(g)(1) ("the court in its discretion may allow a reasonable attorney's fee and costs of action to either party"); Paese v. Hartford Life and Accident Ins. Co., 449 F.3d 435, 450-51 (2d Cir. 2006) (finding an award of attorneys' fees was within the discretion of the district court); Seitzman v. Sun Life Assurance Co. of Canada, Inc., 311 F.3d 477, 484, 487 (2d Cir. 2002) (holding that the lower court had the discretion to both award attorneys' fees to the insurer and to provide a lower award amount than requested). Exercising this discretion, I find Plaintiff is not entitled to additional fees for the pre-remand stage of the litigation. When I previously decided to award 40 percent of requested fees I was well aware that Plaintiff might prevail on remand. The fact that this actually occurred does not change my determination that 40 percent was the appropriate level of fees for expenses occurred prior to remand.

Plaintiff also seeks to have Defendant pay her for her attorneys' fees incurred following remand. Plaintiff correctly notes that a court may consider granting attorneys' fees related to administrative proceedings on remand. See Peterson v. Continental Casualty Co., 282 F.3d 112, 122 (2d Cir. 2002). Plaintiff, however, is wrong to suggest that she is entitled to fees simply because she ultimately prevailed in those proceedings. Courts frequently consider the factors outlined in Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869 (2d Cir. 1987) in determining whether to award attorneys' fees in ERISA actions. See Toussaint v. JJ Weiser, Inc., 648 F.3d 108, 110-11 (2d Cir. 2011) (stating that courts can still consider the Chambless factors following the Supreme Court's decision in Hardt v. Reliance Standard Life

Ins. Co., 130 S.Ct. 2149 (2010)). Those factors are: "(1) [T]he degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987).

Here, Defendant did not engage in bad faith conduct, before or after remand. Various submissions by Plaintiff, after Defendant's initial determination and after remand, influenced Defendant's final determination. Defendant fully reviewed Plaintiff's submission and came to the determination that Plaintiff was entitled to benefits. In addition, I disagree with Plaintiff's argument that an award of attorneys' fees at this stage would encourage insurers to act responsibly. Awarding fees in this situation actually might discourage insurers from reconsidering earlier denials of coverage, a result that could be detrimental to insureds like Plaintiff. I find that the result of the two attorneys' fees decisions in this case—awarding fees for the portion of the litigation related to the insurer's failure to sufficiently communicate with the insured but declining such an award for the portion of the litigation where the insurer's review met ERISA standards—strikes the right balance.

Plaintiff also seeks prejudgment interest on the $184,492.23 in back benefits Defendant paid to her. Courts have discretion to award prejudgment interest in cases where an insurer pays back benefits after initially rejecting a claim. See Dunnigan v. Metro. Life Ins. Co., 277 F.3d 223, 231 (2d Cir. 2002) ("[Plaintiff] may recover the interest due her by reason of the Plan's unreasonable delay."). Defendant argues that interest is unavailable because Plaintiff never won a judgment; instead, Defendant decided on its own to pay Plaintiff benefits. The

3

Second Circuit, however, implicitly rejected this argument in Dunnigan when it allowed for interest payments where "benefits [were] awarded after internal administrative review and not through litigation." Id. at 225; see also Taaffe v. Life Ins. Co. of North America, 769 F. Supp. 2d 530, 537-38 (S.D.N.Y. 2011) (awarding prejudgment interest even though it was the insurer, not the court, that reversed the claims denial). Here, I find an award of prejudgment interest is appropriate. Plaintiff waited more than three years for payment of her benefits. Interest is appropriate for the award to constitute full compensation for her disability. See Jones v. Unum Life Ins. Co. of America, 223 F.3d 130, 139 (2d Cir. 1999) (explaining that the "the need to fully compensate the wronged party for actual damages suffered" is one of the central factors in determining whether prejudgment interest should be awarded).

Since prejudgment interest is not provided for by statute, courts have discretion as to what interest rate to apply. Plaintiff argues that she should receive prejudgment interest at the rate of 9 percent, the statutory prejudgment interest rate adopted by New York State. See N.Y. C.P.L.R. § 5004; see also Alfano v. CIGNA Life Ins. Co., No. 07 Civ. 9661, 2009 WL 890626, at *7 (S.D.N.Y. April 2, 2009) (holding New York's nine percent rate should apply to an ERISA action in which an insurer wrongly denied disability benefits). Other courts, however, have awarded the federal prime rate. See Rasile v. Liberty Life Assurance Co. of Boston, No. 03 Civ. 4316, 2004 WL 1444886, at *1 (S.D.N.Y. June 28, 2004). I find the prime rate is the more appropriate rate. Interest rates have been at historic lows for the past three years, and applying a 9 percent rate would provide a windfall to Plaintiff and would serve to punish Defendant, in contravention of the compensatory goal of ERISA. The New York Legislature adopted the 9 percent rate in 1982, a period of high inflation that differed dramatically from our current interest rate environment, and there is no reason to expand the scope of that state statute into the federal

4

arena. See Denio v. State of New York, 7 N.Y.3d 159, 166 (2006). The federal prime rate, which has held steady at 3.25 percent for the time period in question, is adequate to compensate Plaintiff.

Courts in this circuit typically calculate the prejudgment interest amount in ERISA actions by awarding a daily interest payment and applying it to the midpoint of the "delinquency period," i.e., the period of time during which the insured should have received a benefit payment but was not paid. See Taaffe v. Life Ins. Co. of North America, 769 F. Supp. 2d 530, 538-39 (S.D.N.Y. 2011). Here, the delinquency period runs from the date Plaintiff became eligible to receive benefits, June 16, 2009, to the date she was paid, July 31, 2012, a period of 1,142 days. The daily interest payment is $16.43 ($184,492.23 multiplied by 3.25 percent, divided by 365). The total interest payment is therefore $9,381.53 ($16.43 multiplied by 571 days, half the delinquency period).

In sum, Plaintiff's motion for attorneys' fees is denied. Plaintiff's request for prejudgment interest is granted in the amount of $9,381.53.

The Clerk shall terminate the motion (Doc. No. 52) and mark the case closed.

SO ORDERED.

Dated:     November 8, 2012
            New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

5