UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KAREN NOVICK,                                                                               09 CV 6865 (RKE)

                              Plaintiff,

      -against-

METROPOLITAN LIFE INSURANCE COMPANY
AND METLIFE OPTIONS AND CHOICES PLAN
NO. 512,

                          Defendants.
-----------------------------------------------------------------X


**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF AN AWARD OF ATTORNEYS' FEES,
COSTS, AND PREJUDGMENT INTEREST**


*Attorneys for Plaintiff*

RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York  10165
(212) 297-0700

Alan H. Casper, Esq.
1845 Walnut Street – Suite 1500
Philadelphia, PA 19103
(215) 546-1124


Of Counsel:
    Scott M. Riemer
    Alan H. Casper

TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

ARGUMENT .................................................................................................................................. 1

      I.      ATTORNEYS' FEES SHOULD BE AWARDED TO NOVICK ................................ 1

            A.      ATTORNEYS' FEES AND COSTS SHOULD BE AWARDED
                 TO NOVICK PURSUANT TO THE STANDARD IN *HARDT* ................... 1

            B.      EVEN IF THE COURT ELECTS TO APPLY THE *CHAMBLESS*
                 FACTORS, ALL OF THE *CHAMBLESS* FACTORS FAVOR A FEE
                 AWARD TO NOVICK ........................................................................................ 3

                  1.    MetLife Engaged In Culpable Conduct ................................................. 3

                  2.    MetLife Has The Ability To Satisfy An Award Of Attorneys' Fees ............ 4

                  3.    An Award Of Attorneys' Fees Would Deter Other Persons
                        From Acting Similarly Under Like Circumstances .......................................... 4

                  4.    The Merits Favor Novick ................................................................................. 4

                  5.    The Action Conferred A Common Benefit .................................................... 4

      II.     THE COURT SHOULD AWARD $260,508.00 IN ATTORNEYS' FEES ................. 5

            A.      THE HOURLY RATES REQUESTED REFLECT THE
                 PREVAILING MARKET RATES ................................................................... 5

            B.      THE NUMBER OF HOURS REQUESTED IS REASONABLE ................... 7

     III.    THE COURT SHOULD AWARD $3,118.35 IN COSTS ............................................... 8

     IV.    THE COURT SHOULD AWARD PREJUDGMENT INTEREST AT
           THE NEW YORK STATUTORY RATE OF 9% ........................................................ 8

            A.      NOVICK IS ENTITLED TO PREJUDGMENT INTEREST ........................ 8

            B.      AN AWARD OF PREJUDGMENT INTEREST AT THE 9%
                 NEW YORK STATUTORY RATE IS APPROPRIATE ................................ 10

CONCLUSION ............................................................................................................................ 11

## TABLE OF AUTHORITIES

*Alfano v. CIGNA Life Ins. Co.*, 2009 U.S. Dist. LEXIS 28118 (S.D.N.Y. Apr. 2, 2009) .......... 10

*Arbor Hill Concerned Citizens Neighborhood Ass. v. County of Albany*, 522 F.3d 182 (2d Cir. 2007) .......... 6-7

*Barbu v. Life Ins. Co. of N. Am.*, 2015 U.S. Dist. LEXIS 21874 (E.D.N.Y. Feb. 24, 2015) .......... 9

*Barrett v. Hartford Life and Accident Ins. Co.*, 2012 U.S. Dist. LEXIS 176362 (S.D.N.Y. Nov. 9, 2012) .......... 10

*Birmingham v. SoGen-Swiss Int'l Corp. Ret. Plan*, 718 F.2d 515 (2d Cir. 1983) .......... 1, 7

*Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987) .......... 1-5

*Clark v. First Unum Life Ins.*, 2009 U.S. Dist. LEXIS 36054 (S.D.N.Y. Apr. 28, 2009) .......... 5

*Cohen v. Metropolitan Life Ins. Co.*, 2007 U.S. Dist. LEXIS 86099 (S.D.N.Y. Nov. 21, 2007) .......... 5

*Donachie v. Liberty Life Assur. Co.*, 745 F.3d 41 (2d Cir. 2014) .......... 1-2

*Dunnigan v. Metropolitan Life Ins. Co.*, 277 F.3d 223 (2d Cir. 2002) .......... 8

*Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149 (2010) .......... 1-2

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 496 Fed. Appx. 129 (2d Cir. 2012), *aff'd*, 134 S. Ct. 604 (2013) .......... 3-4

*In re Livent, Inc.*, 360 F. Supp. 2d 568 (S.D.N.Y. 2005) .......... 10

*Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130 (2d Cir. 2009) .......... 8-10

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) .......... 7

*Levitian v. Sun Life & Health Ins. Co.*, 2013 U.S. Dist. LEXIS 115677 (S.D.N.Y. Aug. 14, 2013) .......... 10

*Locher v. UNUM Life Ins. Co. of Am.*, 389 F.3d 288 (2d Cir. 2004) .......... 5

*Ortega-Candellaria v. Orthobiologics LLC*, 661 F.3d 675 (1st Cir. 2011) .......... 4

*Morgenthaler v. First Unum Life Ins. Co.*, 2006 U.S. Dist. LEXIS 62688 (S.D.N.Y. Aug. 22, 2006) .......... 10

*Moyer v. Metropolitan Life Ins. Co.*, 762 F.3d 503 (6th Cir. 2014) .......... 4

*Roganti v. Metropolitan Life Ins. Co.*, 972 F. Supp. 2d 658 (S.D.N.Y. 2013) .......... 4

*Scarangella v. Group Health, Inc.*, 731 F. 3d 146 (2d Cir. 2013) .................................................. 1-2

*Sheehan v. Metropolitan Life Ins. Co.*, 2005 U.S. Dist. LEXIS 7728 (S.D.N.Y. Apr. 29, 2005) ...................... 10

*Simmons v. New York City Transit Auth.,* 575 F.3d 170 (2d Cir. 2009) ............................................. 6-7

*Slupinski v. First Unum Life Ins. Co.*, 2006 U.S. Dist. LEXIS 55545 (S.D.N.Y. Aug. 4, 2006) ..................... 5

*Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38 (2d Cir. 2009) ............................................... 5, 8-9

*Taaffe v. Life Ins. Co. of N. Am.*, 769 F. Supp. 2d 530 (S.D.N.Y. 2011) .......................................... 2, 8, 10

*Toussaint v. JJ Weiser & Inc.*, 648 F.3d 108 (2d Cir. 2011) ...................................................... 2

*Young v. United Parcel Servs., Inc. Employees' Short Term Disability Plan*, 416 Fed. App'x 734, 740 (10th Cir. 2011) ................................................................................................... 3

### FEDERAL STATUTES AND REGULATIONS

ERISA § 502(g)(1), 29 U.S.C. §1132(g)(1) ......................................................................... 1

29 C.F.R. §2560.503-1(g)(1)(iv) .................................................................................. 3

N.Y. C.P.L.R. §5004 .............................................................................................. 10

PRELIMINARY STATEMENT

Novick's request under ERISA §502(g)(1) for an award of $260,508.00 in attorneys' fees, $3,118.35 in costs, and prejudgment interest should be granted. Novick has increased her request for attorneys' fees from $248,285.00 to $260,508.00, to reflect $12,223.00[1] in legal fees incurred since November 14, 2014, in preparation of this reply brief. See 3/27/15 Riemer Reply Aff. p. 2; 3/27/15 Casper Reply Aff., p. 3.

ARGUMENT

I. ATTORNEYS' FEES SHOULD BE AWARDED TO NOVICK

The Second Circuit affirmed that there is a presumption to grant a plaintiff's fee petition "absent 'some particular justification for not doing so.'" *Donachie v. Liberty Life Assur. Co.,* 745 F.3d 41, 47 (2d Cir. 2014)(quoting *Birmingham v. SoGen-Swiss Int'l Corp. Ret. Plan*, 718 F.2d 515, 523 (2d Cir. 1983)); *see also Scarangella v. Group Health, Inc.*, 731 F.3d 146, 155 (2d Cir. 2013)(ERISA fee provisions "must be liberally construed to protect the statutory purpose of vindicating employee benefits rights.").

Here, the Court should award Novick attorneys' fees because she is entitled to the requested fees under both: A) the *Hardt* standard; and B) the *Chambless* factors.[2]

A. ATTORNEYS' FEES AND COSTS SHOULD BE AWARDED TO NOVICK PURSUANT TO THE STANDARD IN *HARDT*

MetLife does not dispute that the Court's 2/4/13 Judgment (Doc. 86) awarding Novick all STD benefits constitutes "some success on the merits" under the standard in *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149 (2010).[3] (MetLife at 7). Novick additionally achieved a

---

[1] The fees requested post-11/14/14 reflect an increase in hourly rates effective January 1, 2015, detailed *infra*.
[2] The *Chambless* factors are: 1) the degree of the offending party's culpability or bad faith; 2) the ability of the offending party to satisfy an award of attorney's fees; 3) whether an award of attorney's fees would deter other persons from acting similarly under like circumstances; 4) the relative merits of the parties' positions; and 5) whether the action conferred a common benefit on plan participants. *Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869 (2d Cir. 1987).

1

successful remand of her LTD claim, but MetLife does not dispute that an award of fees has been routinely granted to plaintiffs even when they have only achieved a remand.  (Novick at 4-5).

MetLife, however, asserts that in order to be awarded fees, a plaintiff must establish:  1) "some degree of success on the merits" as described in *Hardt;* and 2) the five *Chambless* factors.  (Id.). But, a plaintiff could be awarded fees under *Hardt* with only a showing of "some degree of success on the merits" without regard to the five *Chambless* factors.  *See, e.g., Donachie,* 745 F.3d 41 at 46 ("After *Hardt*, whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider. . ."); *Taaffe v. Life Ins. Co. of Am.,* 769 F. Supp. 2d 530, 542 (S.D.N.Y. 2011).[4]  Indeed, the Supreme Court in *Hardt* did not see how the *Chambless* factors were consistent with the statutory mandate making the five factors merely discretionary. 130 S.Ct. at 2158.

MetLife relies on *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108 (2d Cir. 2011)(*per curiam*) for the proposition that once a showing of "some success on the merits" is made, "the reviewing court must consider the five '*Chambless* factors' to determine whether an award of fees is appropriate." (MetLife at 7)(emphasis added).  But, this is incorrect.  The Second Circuit explained:  "A court may apply—but is not required to apply—the *Chambless* factors. . . .  [. . .]  So long as a party has achieved some degree of success on the merits a court in its discretion may allow a reasonable attorney's fee and costs of action to either party." *Id*. at 110 (emphasis added, citations omitted).

Here, there are strong reasons why fees should be awarded to Novick under *Hardt* without regard to the *Chambless* factors:  1) partial success is enough, but Novick achieved full success on her STD benefits claim; 2) a remand back to the Plan is enough, but she achieved an award of back STD benefits and a remand of her LTD claim; and 3) she convinced this Court that MetLife's STD initial and appeal denials were arbitrary and capricious. (Novick at 3-5).

---

[4] MetLife further relies on *Scarangella* for the proposition that the *Chambless* factors must be considered.  (MetLife at 7). But, the facts are distinguishable from the instant case because the issue of whether attorneys' fees could be awarded under *Hardt* only was not raised by plaintiff.

B.  EVEN IF THE COURT ELECTS TO APPLY THE *CHAMBLESS* FACTORS, ALL OF THE *CHAMBLESS* FACTORS FAVOR A FEE AWARD TO NOVICK

1.  MetLife Engaged In Culpable Conduct

MetLife asserts that the "adjudication of Novick's ERISA benefit claim was not culpable or in bad faith" by attempting to re-litigate its Motion for Summary Judgment (MetLife at 7-10). But, there is no question that MetLife's conduct was culpable because this Court held that MetLife's STD initial and appeal denials were arbitrary and capricious. (12/17/12 Opinion and Order, pp. 26-33)(Doc. 78). This Court specifically determined that:

- "Even a cursory reading of these records compels the conclusion that substantial evidence on the record supports plaintiff's claimed disability" (Id. at 29);
- "If MetLife wanted something else by way of tests of specific explanations, it could have said so in a manner that would have apprised Ms. Novick of exactly what was needed" (Id. at 32). (Novick at 7-8).

MetLife attempts to mitigate its culpability by asserting that Novick's fee petition "is a product of her and her counsel's failure to timely and properly follow governing plan rules. . ." (MetLife at 1-2, 8-9). MetLife acknowledges that this argument was dismissed by Judge Howell in his 2/10/11 Opinion and Order (Doc. 22), but misconstrues the case law in an attempt to show that this decision "has been criticized" and "rejected" by recent decisions. (MetLife at 8-9).

MetLife misconstrues the appellate history in *Heimeshoff v. Hartford Life & Acc. Ins. Co.,* 496 Fed. Appx. 129 (2d Cir. 2012), *aff'd*, 134 S. Ct. 604 (2013).[5] The Second Circuit in *Heimeshoff* explicitly held that there was no need to address *Novick*:

> Second, Heimeshoff argues that Hartford was required to disclose the time limits for filing a civil action in its denial of benefits letters pursuant to *29 C.F.R. § 2560.503-1(g)(1)(iv)*. Appellant contends that Hartford's failure to do so entitles Appellant to equitable tolling of her claim. Appellant relies upon a case from the Southern District of New York to support its claim that the regulation in question requires notice. *See Novick v. Metropolitan Life Ins. Co., 764 F. Supp. 2d 653, 660-64 (S.D.N.Y. 2011).* We need not address this issue.

---

[5] MetLife further asserts that the Tenth Circuit in *Young v. United Parcel Servs., Inc. Employees' Short Term Disability Plan*, 416 Fed. App'x 734, 740 (10th Cir. 2011), "disagreed with Judge Holwell's ruling." (MetLife at 9). *Young*, however, makes no mention of either the *Novick* decision or any portion of the ERISA Regulations, including 29 C.F.R. §2560.503-1.

3

496 Fed. Appx. at 132 (emphasis added). The U.S. Supreme Court in reviewing the Second Circuit's *Heimeshoff* decision neither took up the *Novick* issue that the Second Circuit had concluded it "need not address" nor did the Supreme Court mention *Novick* in its opinion. *See Heimeshoff,* 134 S. Ct. 604. Indeed, the First and Sixth Circuits have subsequently reached the same conclusions as Judge Holwell, a fact MetLife fails to mention. *See Ortega-Candellaria v. Orthobiologics LLC*, 661 F.3d 675, 680-81 (1st Cir. 2011);[6] *Moyer v. Metro. Life Ins. Co.,* 762 F.3d 503, 505-06 (6th Cir. 2014).

### 2. MetLife Has The Ability to Satisfy An Award Of Attorneys' Fees

MetLife does not dispute that it has the ability to satisfy Novick's fee request.

### 3. An Award Of Attorneys' Fees Would Deter Other Persons From Acting Similarly Under Like Circumstances

This Court specifically found that MetLife's initial and appeal denials of Novick's STD benefits were arbitrary and capricious. (See Section I(A) and (B)(1)). As a result, awarding Novick fees will warn plan administrators to be more attentive to their statutory obligations to provide claimants with a full and fair review by ensuring that determinations are based on a thorough reading of the record, that they are in possession of all relevant evidence at the time the review is done, that claimants are timely notified of denials, and that claimants are provided the opportunity to exercise their rights under the plan once a denial is made.[7]

### 4. The Merits Favor Novick

Novick achieved "some success on the merits" by being awarded all her STD benefits and having her LTD claim remanded for further consideration. (See Sections I (A) and B(1)).

### 5. The Action Conferred A Common Benefit

MetLife asserts that Novick failed to demonstrate that the fifth factor weighs in her favor

---

[6] *Ortega-Candellaria* was a unanimous decision where Judge Leval of the Second Circuit sat on the panel by designation.
[7] MetLife relies on *Roganti v. Metro. Life Ins. Co.*, 972 F. Supp. 2d 658, 675 (S.D.N.Y. 2013), but this case is factually different from the instant case. The Court specifically noted that "Roganti's claim and the issues presented in this case were *highly unusual.*" *Id.* (emphasis added).

because she has not shown that "the award of benefits conferred to her or will confer any benefit to a group of participants." (MetLife at 13-14). This factor, however, is not dispositive of awarding a fee award. *See Clark v. First Unum Life Ins.*, 2009 U.S. Dist. LEXIS 36054 (S.D.N.Y. Apr. 28, 2009)(citing *Locher v. UNUM Life Ins. Co. of Am.*, 389 F. 3d 288, 299 (2d Cir. 2004)).

MetLife relies on *Slupinski v. First Unum Life Ins. Co.*, 2006 U.S. Dist. LEXIS 55545 (S.D.N.Y. Aug. 4, 2006), for the proposition that the fifth factor would weigh against an award of attorney's fees because plaintiff's claim would not directly benefit anyone other herself. (MetLife at 14). But, the Second Circuit expressly held that absence of a common benefit to plan participants did not preclude an award of attorney's fees, whereby Slupinski was ultimately awarded reasonable fees and costs. *See Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009). Notably, MetLife ignores the case law proffered by Novick that supports otherwise. *See Cohen v. Metro. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 86099, *8 (S.D.N.Y. Nov. 21, 2007).

II.  THE COURT SHOULD AWARD $260,508.00 IN ATTORNEYS' FEES

   A.  THE HOURLY RATES REQUESTED REFLECT THE PREVAILING MARKET RATES

Novick requested the following hourly rates: $600 for Alan H. Casper and Scott M. Riemer; $225-340 for associates; and $200 for paralegals. For post-11/11/14 work, Novick requests the following rates: $680 for Messrs. Riemer and Casper; and $400 for Associate Sharon H. Lee.[8]

MetLife attacks only the rate for Alan H. Casper. In doing so, MetLife asserts that the Court "should consider the hourly rate for the Philadelphia, Pennsylvania legal market, where Attorney Casper's office is located" without consideration to the "forum rule." (MetLife at 16). But, Mr. Casper should be awarded fees commensurate with the recognized rate in the forum in which Novick's case has been litigated. (Novick at 11).

In the Second Circuit, the "forum rule" is applied when determining what constitutes a

---

[8] This is due to the hourly rate increase effective January 1, 2015, as detailed in the 3/27/15 Riemer Reply Aff, p. 2.

5

"reasonable" hourly rate.  *See, e.g.*, *Arbor Hill v. County of Albany*, 522 F.3d 182 (2d Cir. 2007); *Simmons v. New York Transit Auth.*, 575 F.3d 170 (2d Cir. 2009).  In *Arbor Hill*, the Second Circuit explained that the "forum rule" requires district courts to use the "'prevailing hourly rate in the community' in calculating the lodestar -- or what we are now calling the presumptively reasonable fee."  522 F.3d at 190.  The Second Circuit further clarified:  "The 'community' for purposes of this calculation is <u>the district where the district court sits</u>."  *Id.* (emphasis added).

In both *Arbor Hill* and *Simmons,* the Second Circuit addressed the hourly rate of an out-of-district attorney that exceeded the presumptively reasonable fee prevailing within the district.  In *Arbor Hill*, the Second Circuit held that:  "a district court may use an out-of-district hourly rate -- or some rate in between the out-of-district rate sought and the rates charged by local attorneys -- in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates."  522 F.3d at 191.  The Second Circuit in *Simmons* then refined the showing that the proponent for using higher out-of-district hourly rates must make:

> We now hold that, when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule.  In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result.

575 F.3d at 175.

Here, Novick's local counsel, Mr. Riemer, affirmed that his rates are "commensurate with the rates charged by other attorneys in the New York area (and in other similar metropolitan areas) who concentrate in ERISA litigation with commensurate reputation and experience."  See 1/23/13 Riemer Aff. at p. 8 (Doc. 83).  Novick's out-of-district counsel, Mr. Casper, who has been admitted in this case *pro hac vice*, affirmed that his years of experience and expertise in ERISA and other disability insurance litigation is equivalent to that of Mr. Riemer.  See 1/23/13 Casper Aff. at pp. 2-4 (Doc. 82).  This justifies the Court's use of the same rate for the work performed by Messrs. Riemer

and Casper. Notably, Novick does not need to make the special showing required by *Simmons* because she does <u>not</u> seek a higher rate that exceeds the presumptively reasonable fee prevailing within this district for Mr. Casper's services.

MetLife further attacks Mr. Casper's portion of the fee petition based on speculation that the invoice cannot be based upon contemporaneous time records, as required by the Second Circuit in *Birmingham*. (MetLife at 16). Mr. Casper affirms that his time entries are contemporaneously maintained on a steno pad, which is entered into Quickbooks to generate an invoice. See 3/27/15 Casper Reply Aff. at p. 2.

MetLife also asserts that Novick must show that the amounts contained in her counsel's fee petition were actually submitted to her in a bill for her payment without any legal support. (MetLife at 16). Such an alleged legal requirement finds <u>no</u> support in *Birmingham, Arbor Hill* or *Simmons*. Indeed, the Second Circuit in *Arbor Hill* specifically rejects such a notion: "Thus, attorneys - <u>regardless of whether they are pursuing litigation on behalf of a paying client or a non-paying client</u> - should receive out-of-district fees only if a reasonable, paying client would have retained out-of-district counsel." 522 F.3d at 184 n.2 (emphasis added).

B. <u>THE NUMBER OF HOURS REQUESTED IS REASONABLE</u>

MetLife is quick to criticize the global hours spent on select tasks performed on the case. But, MetLife's general assertions lack the specificity required to overcome "a strong presumption that the lodestar figure represents a reasonable fee." *LeBlanc-Sternberg v. Flecher*, 143 F.3d 748, 764 (2d Cir. 1998). Indeed, MetLife cannot satisfy its burden of overcoming the "strong presumption" that the lodestar figure represents a reasonable fee because MetLife failed to provide the Court with specific criticism of any particular time entry.

<u>First</u>, MetLife attacks the number of "partner time" expended on the case, as opposed to work performed by support staff. (MetLife at 15). But, Mr. Casper should not be penalized for

7

being a sole practitioner. Messrs. Casper and Riemer were particularly sensitive not to bill for duplicative work and further proposed a voluntary discount of 20% and 10% respectively.[9] Notably, MetLife fails to explain why the proposed voluntary discount is insufficient.

<u>Second</u>, MetLife attempts to characterize Novick's motion for summary judgment with respect to LTD benefits as "unsuccessful," when she successfully obtained a remand (MetLife at 17). This is incorrect. MetLife does not dispute that an award of fees has been routinely granted to successful plaintiffs even when they have only achieved a remand. (Novick at 4-5).

Plaintiff refers the Court to Section I(B)(1), *supra*, for the remainder of MetLife's arguments regarding the allegation that "[t]hese costs would not have been incurred but for Novick's failure to timely commence this action. . ."

III. <u>THE COURT SHOULD AWARD $3,118.35 IN COSTS</u>

MetLife does not dispute Novick's request for costs in the amount of $3,118.35.

IV. <u>THE COURT SHOLD AWARD PREJUDGMENT INTEREST AT THE NEW YORK STATUTORY RATE OF 9%</u>

MetLife asserts Novick is not entitled to an award of prejudgment interest because "there was no 'sum awarded' by a judgment upon which an award of prejudgment interest could be calculated" without legal support. (MetLife at 17-18). But, the courts within the Second Circuit, have authorized an award of prejudgment interest on back benefits in ERISA cases involving disability insurance claims with <u>or</u> without a judgment. *See, e.g.*, *Dunnigan v. Metropolitan Life Ins. Co.*, 277 F.3d 223, 229 (2d Cir. 2002); *Taaffe*, 769 F. Supp. 2d at 538.

A. <u>NOVICK IS ENTITLED TO PREJUDGMENT INTEREST</u>

The Second Circuit interpreted ERISA "as authorizing the district court to award prejudgment interest to a successful ERISA claimant." *Slupinski*, 554 F.3d at 53-54 (quoting *Jones v.*

---

[9] MetLife proposed that the Court reduce a 50% reduction of the fees incurred during discovery by characterizing it as "limited." (MetLife at 15-16). This is incorrect. MetLife hotly contested the majority of Novick's discovery efforts, compelling court involvement to resolve the discovery disputes.

*UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2009)). In a successful ERISA case, prejudgment interest is an element of a plaintiff's "complete compensation," which may be awarded "to ensure that the defendant not enjoy a windfall as a result of its wrongdoing." *Id.* at 54. Hence, the Second Circuit has "consistently stated that '[t]o the extent . . . that the damages awarded to the plaintiff represent compensation for lost wages, it is ordinarily an abuse of discretion *not* to include pre-judgment interest.'" *Id.*

MetLife acknowledged that the Second Circuit utilizes the *Jones* factors to determine whether an award of prejudgment interest is appropriate: "i) the need to fully compensate the wronged party for actual damages suffered, ii) considerations of fairness and the relative equities of the award, iii) the remedial purpose of the statute involved, and/or iv) such other general principles as are deemed relevant by the court." *Id.* at 55 (quoting *Jones*, 223 F.3d at 139). All of these factors favor Novick.

First, an award of prejudgment interest to Novick would fulfill the objectives of ERISA. Novick's STD and LTD benefits are meant to compensate her for lost wages as a result of her disability. The District Court awarded Novick the remainder of her STD benefits and remanded her LTD claim to MetLife for further consideration. But, MetLife has not agreed to pay Novick interest on those lost wages for over nearly 8 years, which was wrongfully withheld from Novick—*i.e.*, from 2007. To ensure that MetLife does not wrongfully benefit from its use of Novick's money, and to discourage insurers from attempting to profit from their failure to comply with their ERISA obligations, an award of prejudgment interest should be granted.

Second, MetLife asserts that an award of prejudgment interest at 9% is "punitive and not 'appropriate equitable relief. . .'" (MetLife at 21-22). The courts in the Second Circuit have recently dismissed the argument proffered by MetLife. *See, e.g., Barbu v. Life Ins. Co. of N. Am.*, 2015 U.S. Dist. LEXIS 21874, at *17 (E.D.N.Y. Feb. 24, 2015)(awarding 9% prejudgment interest rejecting defendant's argument that a 9% prejudgment interest rate "improperly levy punitive damages.").

9

B.   AN AWARD OF PREJUDGMENT INTEREST AT THE 9% NEW YORK STATUTORY RATE IS APPROPRIATE

MetLife asserts that the New York State ("NYS") CPLR §5004 prejudgment interest rate of 9% is preempted by ERISA §§502(a)(1)(B). (MetLife at 18-23).  But, the courts within the Second Circuit have repeatedly awarded prejudgment interest at the 9% New York statutory rate because there is no set interest rate dictated by ERISA. *See, e.g.*, *Levitian v. Sun Life & Health Ins. Co.*, 2013 U.S. Dist. LEXIS 115677, at *7 (S.D.N.Y. Aug. 14, 2013); *Taaffe*, 769 F. Supp. 2d at 538; *Alfano v. CIGNA Life Ins. Co.*, 2009 U.S. Dist. LEXIS 28118, at *19 (S.D.N.Y. Apr. 2, 2009)(citing *Morgenthaler v. First Unum Life Ins. Co.*, 2006 U.S. Dist. LEXIS 62688, *8 (S.D.N.Y. Aug. 22, 2006); *In re Livent, Inc.*, 360 F. Supp. 2d 568, 572-73 (S.D.N.Y. 2005); *Sheehan v. Metropolitan Life Ins. Co.*, 2005 U.S. Dist. LEXIS 7728, at *7 & n.2 (S.D.N.Y. Apr. 29, 2005).  Judge Lynch explains:

> [W]hile there is no applicable federal statute establishing a prejudgment interest rate, New York has adopted a statutory prejudgment interest rate of 9%, N.Y. C.P.L.R. §5004, thus making an objective legislative judgment that 9% is an appropriate rate. Although CIGNA argues that the Treasury rate constitutes a more appropriate rate . . . there is no reason to think that that rate more accurately captures the time value of money in New York, or the true loss to plaintiff, particularly given the [NYS] Legislature's determination otherwise.

*Alfano*, 2009 U.S. Dist. LEXIS 28118, at *19-20.

This Court should not follow *Barrett v. Hartford Life and Accident Ins. Co.,* 2012 U.S. Dist. LEXIS 176362 (S.D.N.Y. Nov. 9, 2012).  (MetLife at 24-25). *Barrett* applies the federal prime rate instead of the rate established by the NYS Legislature on the ground that rates are historically low now and they were high in 1982 when the 9% rate was set.  This reasoning is not persuasive as interest rates were also low when aforementioned courts awarded 9%, and being aware of lower rates the NYS Legislature has not changed the 9% rate.  Moreover, under similar circumstances (unpaid disability benefits), the Second Circuit held that a District Court has discretion to award the rate that an individual must pay to borrow money, rather than the rate the government pays on bonds.  *See Jones*, 230 F.3d at 140.  Notably, credit card rates uniformly exceed 9% even now.

CONCLUSION

For the reasons set forth above, the Court should award Novick attorneys' fees under ERISA §502(g)(1) in the amount of $260,508.00, costs in the amount of $3,118.35, and 9% prejudgment interest at the New York Statutory rate retroactive to 2007.

Dated:  Philadelphia, Pennsylvania
        March 27, 2015

                                Alan H. Casper, Esquire
                                PA Attorney I.D. #47081
                                Attorney for Plaintiff
                                1845 Walnut Street – Suite 1500
                                Philadelphia, PA 19103
                                (215) 546-1124
                                acasper@alanhcasperesq.com

                                By: /s/ Alan H. Casper
                                    Alan H. Casper

Dated:  New York, New York
        March 27, 2015

                                RIEMER & ASSOCIATES LLC
                                Attorneys for Plaintiff
                                60 East 42nd Street, Suite 1750
                                New York, New York 10165
                                (212) 297-0700
                                sriemer@riemerlawfirm.com

                                By: /s/ Scott M. Riemer
                                   Scott M. Riemer (SR 5005)

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 27, 2015, I served a true and complete copy of the foregoing Plaintiff's Reply Memorandum of Law in Further Support an Award for Attorneys' Fees, Costs, and Prejudgment Interest, by transmitting the same by electronic mail and ECF to the following individuals:

Michael H. Bernstein, Esq.
John T. Seybert, Esq.
Sedgwick LLP
225 Liberty Street, 28th Floor
New York, NY 10281-1008
Michael.Bernstein@sedgwicklaw.com
John.Seybert@sedgwicklaw.com

Dated: New York, New York
         March 27, 2015

                                        /s/ Scott M. Riemer
                                        Scott M. Riemer (SR 5005)
                                        RIEMER & ASSOCIATES LLC
                                        Attorneys for Plaintiff
                                        60 East 42nd Street, Suite 1750
                                        New York, New York 10165
                                        (212) 297-0700
                                        sriemer@riemerlawfirm.com