# ALAN H. CASPER, ESQUIRE

## ATTORNEY AT LAW

1845 WALNUT STREET – SUITE 1500
PHILADELPHIA, PENNSYLVANIA 19103
215-546-1124
FAX 215-546-1159
EMAIL: ACASPER@ALANHCASPERESQ.COM
WEBSITE: WWW.ALANHCASPERESQ.COM

600 S. WHITE HORSE PIKE
AUDUBON, NJ 08106
856-608-7900
FAX 856-310-9710

*PLEASE REPLY TO PHILADELPHIA*

January 5, 2016

**BY FAX AND REGULAR MAIL**

The Honorable Richard K. Eaton
U.S. Court of International Trade
One Federal Plaza, Room 397
New York, NY 10278

Re: *Karen Novick v. Metropolitan Life Insurance Company and MetLife Options and Choices Plan No. 512*
S.D.N.Y. No. 09-CV-6865(RKE)
2nd Circuit No. 13-492-CV

Dear Judge Eaton:

We are writing to bring the Court up to date on developments that occurred just before the Christmas/New Year's holiday time period.

Pursuant to the Court's October 20, 2015 Order, defendants notified Ms. Novick's counsel that they had decided to deny her Long Term Disability (LTD) by letter dated December 21, 2015. A copy of that correspondence is enclosed.

In order to place defendants' December 21, 2015 decision in proper perspective, we are also enclosing copies of the following additional correspondence:

- Mr. Casper's May 27, 2015 letter [N.B. the May 27, 2014 date on the first page is a typographical error], which details the additional information provided to defendants for inclusion with those documents already in defendants' possession for purposes of processing the remand of Ms. Novick's LTD claim;
- Defendant MetLife's December 2, 2015 letter requesting additional information;
- Mr. Casper's December 7, 2015 letter written to defendant MetLife in response;
- Defendant MetLife's December 15, 2015 letter in response to Mr. Casper's December 7, 2015 letter; and,
- Mr. Casper's December 18, 2015 letter in response, with the referenced enclosed December 18, 2015 letter by Ms. Novick explaining her volunteer activities.

ALAN H. CASPER, ESQUIRE
The Honorable Richard K. Eaton
January 5, 2016
Page Two

Ms. Novick will be filing an internal appeal of MetLife's December 21, 2015 adverse claim decision. The ERISA Regulations provide Ms. Novick with up to 180 days from receipt of an adverse decision to file her internal appeal. As part of the appeal process, she is currently seeking to obtain copies from current and previous health care providers of those records that are still available to her for the time periods delineated in MetLife's December 21, 2015. Once such records have been obtained we intend to present Ms. Novick's appeal to MetLife.

After receipt of Ms. Novick's appeal, the ERISA Regulations provide that MetLife will have 45 days to render a decision on her appeal. The Regulations also provide that if MetLife furnishes notice before the expiration of the 45 days that it needs additional time to render its decision on appeal, it may then take another 45 days to issue its decision.

Thanking you for your attention in this matter and with kind regards, I am

Very truly yours,

Alan H. Casper

AHC/ahc
Enclosures
cc: Michael H. Bernstein, Esq. (w/encl.)
    Scott M. Riemer, Esq. (w/encl.)

Dec 21 2015 08:43:31 → 2155461159 Life Page 002

Metropolitan Life Insurance Company
MetLife Disability, PO Box 14590, Lexington KY 40511-4590
Phone: 1-888-294-1996    Fax: 1-1-859-246-1670



December 21, 2015

Alan H. Casper, Esquire
1845 Walnut Street, Suite 1500
Philadelphia, PA 19103

Claimant: Karen Novick
Employer: MetLife Group
Claim #: 761510071330
ID Number: 995670

Dear Mr. Casper:

This letter is regarding Karen Novick's claim for Long Term Disability (LTD) benefits. We have determined that her claim has been denied effective August 11, 2007 because she does not satisfy the definition of Disability per the MetLife Group Long Term Disability plan.

According to the employer's plan:

"Disabled" or "Disability" means that due to sickness, pregnancy or accidental injury:

- You are receiving appropriate care and treatment from a doctor on a continuing basis;
- During the first 12 months of disability, including the period of short term disability, you are unable to earn more than 80% of your pre-disability earnings at your own occupation for any employer in your local economy; and
- After the first 12 months of disability, including the period of short term disability, you are unable to earn more than 80% of your indexed pre-disability earnings from any employer in your local economy, at any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and pre-disability earnings.

According to the information provided by the employer, Ms. Novick's last day worked was February 6, 2007. Therefore, the elimination period would have been met as of August 11, 2007. Information in our file indicates she was out of work due to Chronic Fatigue Syndrome, Lyme Disease, and Fibromyalgia.

The job description provided by the employer indicates Ms. Novick's occupation was that of a Business Systems Analyst. According to the job description, the duties of you job included participating in developing functional requirements and

functional design documentation. She supported limited testing and training for small to medium sized projects. She participated in gathering, reviewing, analyzing and evaluating user needs. She documented and maintained functional requirements. She participated in the design of use cases, functional specifications, reports and screen prototypes. She contributed to user guides, referenced manuals and training materials as appropriate. She participated in the review of test cases. She also participated in discussions with Project Managers, Developers, Test Teams and Business Users. She performed related duties as assigned or requested.

We have reviewed the entire claim file to include, all information provided by Ms. Novick and the employer, along with medical information from her health care providers. The information includes medical records from Dr. Prater and Dr. Horowitz.

The medical received in the claim file was reviewed by our Nurse Consultant (NC). The NC noted that the medical information is limited to Ms. Novick's reported complaints with mainly normal lab findings. It is not until after the LTD benefit start date of August 11, 2007 that she was seen for a second opinion for Lyme Disease and she began treatment. She reported ongoing symptoms, however test results were negative.

Although multiple tests and follow ups were received from 2010 going forward, there were no medical records provided such as office notes, tests diagnostics or consults, higher level referrals, urgent care etc, from February 8, 2008 to September 30, 2010. Thus, there is no medical provided for two years and seven months. We have requested medical information for this time frame. To date, we have not received the requested information.

The medical information received for 2010 through 2011 were mainly test and lab results which noted examination findings were mild and within normal limits. There were no major findings to support inability to function. The information in the file shows that Ms. Novick did not undergo any further extensive testing until approximately 2012. The NC noted that in her Neuropsychological Evaluation in 2013 and 2015, it showed she had positive deficits that would impact some function but not all of her functions. It is noted that she was living on her own, performing her own activities of daily living, preparing her own meals and managing bills. She was also capable of driving a motor vehicle and volunteering frequently. It is unclear specifically what she has done in relation to her volunteer work, such as, type of activity, duration and frequency. The information in the file does not contain documentation to indicate that she required any home care aide, assistance with house work, inability to go grocery shopping or inability to manage her bills etc. It appears she was able to maintain some sort of schedule and function based on the results of the Neuropsychological Evaluations dated 2013 and 2015.

Please include the claim number on all correspondence with MetLife.

01/05/2016 17:21 FAX 2155461159    ALAN H CASPER ESQ                    ☒006/019
Case 1:09-cv-06865-RKE   Document 105   Filed 01/06/16   Page 5 of 18

Dec 21 2015 08:44:00                →         2155461159    Life              Page 004

In summary, the medical information currently contained in the claim file does not support a severity of symptoms from any medical conditions either individually or in totality that would preclude Ms. Novick from performing the substantial and material duties of her own and/or any occupation. Therefore, we have determined that she does not meet the MetLife Group Long Term Disability plan's definition of disability. As such, she does not qualify for disability benefits in accordance with the MetLife Group Long Term Disability plan.

If you would like us to reconsider Ms. Novick's claim, please provide us with any and all additional clinical evidence that would prevent her from performing the duties of her own and/or any occupation. Also, please include the following information:

- Copies of medical records (i.e. office notes, consultation reports, test/lab results, medications, restrictions and limitations, treatment plan, potential return to work date, etc.) from all Healthcare Providers besides Dr. John Prater and Dr. Shirley Albano-Aluquin from February 7, 2007 through August 10, 2007.
- Copies of medical records (i.e. office notes, consultation reports, test/lab results, medications, restrictions and limitations, treatment plan, potential return to work date, etc.) from all treating Healthcare Providers from February 8, 2008 through December 31, 2013, including:
    - Detailed office visit notes from September 30, 2010 through January 23, 2012; and
    - Detailed office visit notes from January 1, 2013 through December 31, 2013.
- Any and all cognitive therapy notes from 2014 through 2015.
- Information regarding any home care aides and/or home health visits of any type.
- detailed information regarding volunteering activities, including:
    - Type of activities
    - Physical Requirements
    - Duration and frequency, etc.

We will be happy to reconsider any new information provided as part of our claim evaluation.

Because your claim was denied in whole or in part, you may appeal this decision by sending a written request for appeal to MetLife Disability, PO Box 14592, Lexington KY, 40512-4592 or by fax (844)380-0569 or to DisabilityAppeals@metlife.com within 180 days after you receive this denial letter. Please include in your appeal letter the reason(s) you believe the claim was improperly denied, and submit any additional comments, documents, records or other information relating to your claim that you deem appropriate for us to give your appeal proper consideration. Upon request, MetLife will provide you, free of charge, with a copy of the documents, records, or other information

Please include the claim number on all correspondence with MetLife.

01/05/2016 17:21 FAX 2155461159    ALAN H CASPER ESQ                    ☒007/019
Case 1:09-cv-06865-RKE   Document 105   Filed 01/06/16   Page 6 of 18

Dec 21 2015 08:44:15                              2155461159    Life                Page 005

we have that are relevant to your claim and identify any medical or vocational expert(s) whose advice was obtained in connection with your claim.

MetLife will evaluate all the information and advise you of our determination of your appeal within 45 days after we receive your written request for appeal. If there are special circumstances requiring additional time to complete our review, we may take up to an additional 45 days, but only after notifying you of the special circumstances in writing.

In the event your appeal is denied in whole or in part, you will have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974. The plan may limit the period of time you may have in which to file a civil action. Please refer to your plan document for information on the limitation period.

If you have questions, you can reach me directly at 1-888-294-1996 ext. 54423. Our Customer Response Center has extended business hours Monday through Friday from 8:00 A.M. to 11:00 P.M. Eastern Time at 1-888-294-1996 and can assist you with many claim questions if I am unavailable.

Sincerely,

*Naomi Diaz*

Naomi Diaz
**MetLife Disability**

Please include the claim number on all correspondence with MetLife.

01/05/2016 17:21 FAX 2155461159    ALAN H CASPER ESQ                    ☒008/019
Case 1:09-cv-06865-RKE   Document 105   Filed 01/06/16   Page 7 of 18

# ALAN H. CASPER, ESQUIRE

## ATTORNEY AT LAW

1845 WALNUT STREET – SUITE 1500
PHILADELPHIA, PENNSYLVANIA 19103
215-546-1124
FAX 215-546-1159
EMAIL: ACASPER@ALANHCASPERESQ.COM
WEBSITE: WWW.ALANHCASPERESQ.COM

600 S. WHITE HORSE PIKE
AUDUBON, NJ 08106
856-608-7900
FAX 856-310-9710

*PLEASE REPLY TO PHILADELPHIA*

May 27, 2014

**BY FEDERAL EXPRESS**

Michael H. Bernstein, Esquire
Sedgwick LLP
225 Liberty Street - 28th Floor
New York, NY 10281-1008

      Re:    *Karen Novick v. Metropolitan Life Insurance Company and MetLife Options and Choices Plan No. 512*
            S.D.N.Y. No. 09-CV-6865(RKE)
            2nd Circuit No. 13-492-CV

Dear Mr. Bernstein:

      Please find enclosed copies of the following documents for inclusion in Metropolitan Life's Long Term Disability [LTD] Claim File for Karen Novick and for consideration by MetLife in reviewing her LTD claim on remand:

- Dr. Richard I. Horowitz's May 16, 2015 Report and Attachments (Report: 10 Pages; Attachments: 51 Pages);
- Dr. Richard I. Horowitz's Curriculum Vitae (7 Pages);
- Msgr. John J. Sempa's February 23, 2015 Letter (2 Pages);
- Neuropsychological Consultation dated July 2, 2013 of Michael J. Raymond, Ph.D. (13 Pages);
- Dr. Horowitz's Chart Records from January 24, 2012 through April 21, 2015 (47 Pages);
- Radiology/Imaging Records from September 13, 2011 through March 17, 2015 (51 Pages);
- Laboratory Records from January 20, 2012 through February 3, 2015 (159 Pages);
- Wilkes-Barre General Hospital Records from June, 2012; December, 2013; August through October, 2014 (57 Pages);
- Wyoming Valley Health Care System Record from July 17, 2012 through December 26, 2013 (39 Pages);
- Dr. Raymond Khoudary's Chart Records from May 8, 2014 through July 21, 2014 (7 Pages); and,

COPY

ALAN H. CASPER, ESQUIRE
Michael H. Bernstein, Esquire
May 27, 2015
Page 2

- ECG, Echocardiogram, Stress Tests, Surgical Pathology and Electromyography Reports from time period March 21, 2011 through April 7, 2014 (39 Pages).

Thanking you for your attention in this matter and with kind regards, I am

Very truly yours,

Alan H. Casper

AHC/ahc
Enclosures
cc:  Scott M. Riemer, Esq. (w/o encl.)

Metropolitan Life Insurance Company
MetLife Disability, P.O Box 14590, Lexington, KY 40511-4590
Phone: 1-888-294-1996    Fax: 1-1-859-248-1670



December 2, 2015

Alan H. Casper, Esquire
600 S. White Horse Pike
Audubon, NJ 08106

Claimant: Karen Novick
Employer: MetLife Group
Claim #: 761510071330
ID Number: 995670

Dear Mr. Casper:

We have important information to share with you regarding Karen Novick's Long Term Disability (LTD) claim under the MetLife Group Disability Plan and request that you carefully review all of the information contained in this letter.

In order to help us complete our review for Long Term Disability, please provide us with the following information:

- Copies of medical records (i.e. office notes, consultation reports, test/lab results, medications, restrictions and limitations, treatment plan, potential return to work date, etc.) from all Healthcare Providers besides Dr. John Prater and Dr. Shirley Albano-Aluquin from February 7, 2007 through August 10, 2007.

- Copies of medical records (i.e. office notes, consultation reports, test/lab results, medications, restrictions and limitations, treatment plan, potential return to work date, etc.) from all treating Healthcare Providers from February 8, 2008 through December 31, 2013, including:

  - Detailed office visit notes from September 30, 2010 through January 23, 2012; and

  - Detailed office visit notes from January 1, 2013 through December 31, 2013.

- Any and all cognitive therapy notes from 2014 through 2015.

- Information regarding any home care aides and/or home health visits of any type.

Also, please provide us with detailed information regarding Ms. Novick's volunteering activities, including:

- Type of activities
- Duration and frequency, etc.

Please provide this information to us no later than December 9, 2015. If we do not receive this information by this date, we will proceed with our review of the information already contained in the claim file.

Any reasonable cost associated with providing this information is MetLife's responsibility.

If you have questions or need additional information regarding this claim, you can reach me directly at 1-888-294-1996, ext. 54423. Our Customer Response Center has extended business hours Monday through Friday from 8:00 A.M. to 11:00 P.M. Eastern Time at 1-888-294-1996 and can assist you with many claim questions if I am unavailable.

Sincerely,

*Naomi Diaz*

Naomi Diaz
**MetLife Disability**

# ALAN H. CASPER, ESQUIRE

*ATTORNEY AT LAW*

1845 WALNUT STREET – SUITE 1500
PHILADELPHIA, PENNSYLVANIA 19103
215-546-1124
FAX 215-546-1159
EMAIL: ACASPER@ALANHCASPER.COM
WEBSITE: WWW.ALANHCASPER.COM

600 S. WHITE HORSE PIKE
AUDUBON, NJ 08106
856-608-7900
FAX 856-310-9710

*PLEASE REPLY TO PHILADELPHIA*

December 7, 2015

**BY FAX AND CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Ms. Naomi Diaz
Metropolitan Life Insurance Company
P.O. Box 14590
Lexington, KY 40511-4590

    Re:    *Karen Novick v. Metropolitan Life Insurance Company and MetLife Options and Choices Plan No. 512*
            S.D.N.Y. No. 09-CV-6865(RKE)
            2nd Circuit No. 13-492-CV

Dear Ms. Diaz:

    I am writing in response to your letter dated December 2, 2015.

    First, I note that MetLife has inexplicably sent its letter by Federal Express to my New Jersey office address only, even though MetLife is well aware that I have always handled and continue to handle Ms. Novick's case out of my Philadelphia office. Please be sure direct all further communications to my Philadelphia office.

    Second, MetLife's present request for Ms. Novick to obtain and submit additional medical records, as well as provide additional information, is untimely in the context of the Court-ordered remand of her Long Term Disability [LTD] claim. The ERISA Regulations relevant to appeals – which are also applicable to this remand – only permit an insurer to request additional documents and information from a claimant within the first forty-five (45) days after receipt of the appeal. The ERISA Regulations further provide that an insurer's decision must be rendered within ninety (90) days of receipt of the appeal. Ms. Novick's remand information was submitted to MetLife by letter dated May 27, 2015 to its counsel and was received by them on May 28, 2015. Forty-five days from May 28, 2015 is July 13, 2015; ninety days from May 28, 2015 is August 26, 2015.

    Nevertheless, we will endeavor to obtain the requested medical records – to the extent that they have not already been provided previously to MetLife – in an as

**ALAN H. CASPER, ESQUIRE**
Ms. Naomi Diaz
December 7, 2015
Page Two

expeditious a manner as practicable. MetLife would be entitled to request such additional documents if Ms. Novick were placed on claim for LTD benefits. Since we maintain that Ms. Novick **is** entitled to be on claim for LTD benefits – whether she is put there by MetLife or by the Court – we will undertake the task. MetLife must recognize, however, that we are in the middle of the Thanksgiving to Christmas holiday season. Getting medical providers to focus on providing copies of historical medical records from many years ago is difficult enough even under normal circumstances. MetLife's declared expectation that these records could be forthcoming by December 9, 2015 is patently ridiculous. We anticipate that it will take us at least until early 2016 to obtain these historical medical records. As for MetLife's request that Ms. Novick provide "detailed information" regarding her "volunteering activities, including: Type of activities [and] duration and frequency," your letter does not provide any requested time frame or provide a particular format for the provision of such information. We would appreciate MetLife's written clarification on this issue. MetLife should keep in mind, however, that to the extent it requests such information over a period of years, it can hardly expect much detail from Ms. Novick at this point in time.

Third, MetLife's inexplicable 11th hour request for supplemental information shall not interfere with the Court-ordered deadline for it to render a written decision on her LTD claim by December 21, 2015. If this supplemental information was not pertinent to MetLife during the six (6) months after its receipt of Ms. Novick's remand packet on May 28, 2015, then it can hardly be deemed pertinent now. Nothing in the foregoing paragraph should be construed as constituting an agreement by Ms. Novick for MetLife to delay or to postpone its LTD claim decision. Even before Ms. Novick's May, 2015 remand submissions, MetLife already had substantial documentation supporting her LTD claim, including a neuropsychological evaluation by Dr. Raymond, a vocational evaluation by Dr. Lukas, a narrative report by Dr. Horowitz, as well as copies of the Social Security Administration's February 9, 2010 Decision – Fully Favorable and the March 25, 2010 Notice of Award of Social Security Disability Insurance benefits to Ms. Novick. Among the remand documentation provided by Ms. Novick are two more neuropsychological evaluations by Dr. Raymond and a further narrative report by Dr. Horowitz. MetLife therefore already has more than sufficient information in Ms. Novick's Claim File to make an informed decision on her LTD claim.

ALAN H. CASPER, ESQUIRE
Ms. Naomi Diaz
December 7, 2015
Page Three

      Looking forward to receiving MetLife's timely LTD claim decision in the near future and with kind regards, I am

          Very truly yours,

          Alan H. Casper

AHC/ahc
cc:   Michael H. Bernstein, Esq.
      Scott M. Riemer, Esq.

01/05/2016 17:23 FAX 2155461159    ALAN H CASPER ESQ                                    ☒015/019
Case 1:09-cv-06865-RKE   Document 105   Filed 01/06/16   Page 14 of 18

Dec 15 2015 09:07:07                →        2155461159        tLife              Page 002

Metropolitan Life Insurance Company
MetLife Disability, PO Box 14590, Lexington KY 40511-4590
Phone: local office toll-free number    Fax: 1-1-859-246-1670

**MetLife**

December 15, 2015

Alan H. Casper, Esquire
1845 Walnut Street, Suite 1500
Philadelphia, PA 19103

Claimant: Karen Novick
Employer: MetLife Group
Claim #: 761510071330
ID Number: 995670

Dear Mr. Casper:

We have important information to share with you regarding Karen Novick's Long Term Disability (LTD) claim under the MetLife Group Disability Plan and request that you carefully review all of the information contained in this letter.

This is in response to your letter dated December 7, 2015. We requested the additional medical information indicated in our letter to you dated December 2, 2015 as there is significant gaps of time in the information received in the claim file. Given the December 21, 2015 deadline to make our determination, we cannot wait for records until 2016. Therefore, if we do not obtain the additional medical information we requested, we will make the LTD determination based on the information currently in our possession.

Additionally, the information describing Ms. Novick's volunteering activities is needed as it may shed light on her functional abilities during the relevant time period. Therefore, a description of these activities should be provided.

Any reasonable cost associated with providing this information is MetLife's responsibility.

If you have questions or need additional information regarding this claim, you can reach me directly at 1-888-294-1996, ext 54423. Our Customer Response Center has extended business hours Monday through Friday from 8:00 A.M. to 11:00 P.M. Eastern Time at 1-888-294-1996 and can assist you with many claim questions if I am unavailable.

Sincerely,

*Naomi Diaz*

Naomi Diaz
**MetLife Disability**

# ALAN H. CASPER, ESQUIRE

### ATTORNEY AT LAW

1845 WALNUT STREET – SUITE 1500
PHILADELPHIA, PENNSYLVANIA 19103
215-546-1124
FAX 215-546-1159
EMAIL: ACASPER@ALANHCASPERESQ.COM
WEBSITE: WWW.ALANHCASPERESQ.COM

600 S. WHITE HORSE PIKE
AUDUBON, NJ 08106
856-608-7900
FAX 856-310-9710

PLEASE REPLY TO PHILADELPHIA

December 18, 2015

**BY FAX AND CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Ms. Naomi Diaz
Metropolitan Life Insurance Company
P.O. Box 14590
Lexington, KY 40511-4590

      Re:   *Karen Novick v. Metropolitan Life Insurance Company and
            MetLife Options and Choices Plan No. 512*
            S.D.N.Y. No. 09-CV-6865(RKE)
            2nd Circuit No. 13-492-CV

Dear Ms. Diaz:

      I am writing in response to your letter dated December 15, 2015.

      First, we reaffirm our position regarding MetLife's inexplicable 11th hour request for supplemental information that is discussed at length in our December 7, 2015 letter.

      Second, we are providing MetLife as a courtesy at this time with the enclosed letter of Ms. Novick that describes in general terms the types of volunteering activities she has performed over the years for her church. We request that MetLife place it into its Claim File.

      Third, we wish to reiterate that MetLife already had – before the present remand – substantial documentation supporting her LTD claim, including a neuropsychological evaluation by Dr. Raymond, a vocational evaluation by Dr. Lukas, a narrative report by Dr. Horowitz, as well as copies of the Social Security Administration's February 9, 2010 Decision – Fully Favorable and the March 25, 2010 Notice of Award of Social Security Disability Insurance benefits to Ms. Novick. Among the remand documentation provided by Ms. Novick are two more neuropsychological evaluations by Dr. Raymond and a further narrative report by Dr. Horowitz. MetLife therefore already has more than sufficient information in Ms. Novick's Claim File to make an informed decision on her LTD claim.

**ALAN H. CASPER, ESQUIRE**
Ms. Naomi Diaz
December 18, 2015
Page Two

      Looking forward to receiving MetLife's timely LTD claim decision in the near future and with kind regards, I am

                      Very truly yours,

                      Alan H. Casper

AHC/ahc
Enclosure
cc:  Michael H. Bernstein, Esq. (w/encl.) By Fax Only
     Scott M. Riemer, Esq. (w/encl.) By Fax Only

2 Meadowbrook Court
Wilkes-Barre, PA 18702
December 18, 2015

Ms. Naomi Diaz, MetLife Disability
Metropolitan Life Insurance Company
P.O. Box 14590
Lexington, KY 40511-4590

Re: *Karen Nemlich v. Metropolitan Life Insurance Company and MetLife Options and Choices Plan No. 512*
S.D.N.Y. No. 09-CV-6865(RKE)
2nd Circuit No. 13-492-CV

Dear Ms. Diaz:

I am writing this letter in response to MetLife's recent request for information about my volunteering activities for my church.

I have volunteered for my church periodically over the past few years. I have wanted to pay forward the kindness and support I have received from our Monsignor, who knows of my condition and has witnessed flare-ups of my disease. Despite my limitations I have wanted to remain a part of society and have some meaning. It has always been understood, however, that I may or may not be able to help or may not be able to show up when I may have wanted. The following is a general description of the types of volunteer activities I have performed at various times over the years.

I have folded programs, handed out bulletins, filled candy bags, filled baskets with food for families, welcomed people to the church, wrote out tags for the children's Christmas gifts, handed out cups of coffee, scooped out some eggs, and handed out gift bags to the kids. I have tried to show "community" by being present for those mourning the death of loved ones, honoring of veterans, kids receiving communion. I occasionally visit people in the nursing home and deliver small gifts to the homebound. There was one man whose legs had been amputated and who was confined to his bed in a basement. I visited him periodically from about August, 2014 through his death in February 2015.

At all times at church, I have had and still have unlimited access to the couch in the Rectory. There have been many occasions over the years when I have been carried to or led to that couch and have remained there for rests, which have sometimes lasted more than an hour. Friends at the church have also been "assigned" to whisk me away to a "safe" place if needed. I have full access to the Sacristy. I am also able to rest in pews as needed, and have access to nearby restrooms.

I have never kept any records of my volunteer activities nor has MetLife ever requested me to do so. I am unable to remember specific dates or times of my volunteer activities except for the visits to the amputee.

*Karen Novick* (signature)

Karen Novick